IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, LINDA CUADROS, AMERICAN CONSERVATIVE UNION, RAFAEL BARBOZA, DOMINICK LATELLA, WAYNE ALLEN ROOT AND NAOMI WOLF, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>       Plaintiffs,<br><br>       v.<br><br>TWITTER, INC. and JACK DORSEY,<br><br>       Defendants. | Civil Action No. 1:21-cv-22441-RNS |

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER**

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER**

This sur-reply is respectfully submitted pursuant to the Order of October 13, 2021 permitting Plaintiffs to file a sur-reply limited to distinguishing Judge Moore's YouTube Order from the instant matter.

## ARGUMENT

### I. Defendants Mistakenly Rely on *YouTube*'s Holding that Transfer Would Not Violate Florida Public Policy

Twitter's forum-selection provision is unenforceable if it violates Florida public policy by depriving Plaintiffs of an important Florida statutory remedy. *Gordon v. Sandals Resorts Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1139 (S.D. Fla. 2019) (Scola, J.) (contract's choice of forum is unenforceable where a state has a clear public policy "against attempt[s] to skirt the laws of [that state] by use of forum selection clauses") (quoting *Davis v. Oasis Legal Finance Operating Company, LLC*, 936 F.3d 1174, 1179 (11th Cir. 2019) (citation omitted)). That is exactly what Twitter's forum selection provision does. In their Reply, attempting to rebut this point, Defendants quote and rely on *YouTube*, which in turn quoted and relied on this Court's opinion in *Gordon*. But Defendants' reliance on *YouTube* is mistaken because, respectfully, *YouTube* misapplies *Gordon*.

*YouTube* wholly fails to address the complete erasure of Florida's Social Media Platforms Act (SMPA) that Defendants seek to bring about. Under Twitter's forum-selection provision, this case would be decided not only *in* California, but under the "*laws* of the state of California, excluding its choice of law provisions." In other words, under this provision, Florida statutory law simply *will not apply*, and Plaintiffs will be completely deprived of their SMPA remedy.[1]

---

[1] There is no California statute remotely similar to the SMPA, nor any California cause of action against a social media company for censoring or deplatforming a user; Defendants make no claim to the contrary.

1

This result would clearly contravene Florida public policy.  Florida's legislature and governor did not believe they were passing a statute with zero operative effect when they enacted the SMPA.  The public policy behind that Act was expressed by Florida's governor: "This session, we took action to ensure that 'We the People' — real Floridians across the Sunshine State — are guaranteed protection against the Silicon Valley elites. Many in our state have experienced censorship . . . firsthand in Cuba and Venezuela. If Big Tech censors enforce rules inconsistently, to discriminate in favor of the dominant Silicon Valley ideology, they will now be held accountable." Ron DeSantis, 46th Gov. of Florida, https://www.flgov.com/2021/05/24/governor-ron-desantis-signs-bill-to-stop-the-censorship-of-floridians-by-big-tech.  But this clear public policy will be obliterated if the "Big Tech censors" can use their forum selection provisions to make the SMPA inapplicable.  As this Court explained in *Gordon*, that is a patently unenforceable result, enabling Defendants to "skirt the laws" of Florida "by use of [a] forum selection clause[]." *Gordon*, 418 F. Supp. 3d at 1139 (quoting *Davis*, 936 F.3d at 1179) (citation omitted).  "In sum, the choice clauses work together not only to deprive Plaintiff of a remedy . . . but also to violate the strong public policy of the forum state.  Accordingly, . . . both the forum-selection clause and the choice-of-law clause are unenforceable." *Wingard v. Lansforsakringar AB*, No. 2:11-CV-45-WKW, 2013 U.S. Dist. LEXIS 141572 at *33 (M.D. Ala. Sept. 30, 2013).

Defendants may argue that Twitter's choice-of-law clause can be severed from its choice-of-forum clause and the transferee court will therefore apply Florida law, including the SMPA, just as this Court would.  This argument is specious and should be rejected for two reasons.

First, Twitter's Terms of Service (TOS) severability provision does not refer to *clauses*; it says that the "*provisions*" of its TOS are severable, and Twitter's choice-of-forum and choice-of-law clauses are part of a single unitary provision, clearly separated in the TOS from other

2

provisions[2]. Thus, the TOS is at best ambiguous, and because such ambiguities must be read in Plaintiffs' favor, this Court should hold that Twitter's choice-of-forum and choice-of-law clauses are part of a single, non-severable, unenforceable package. *See, e.g.*, *Wingard*, 2013 U.S. Dist. LEXIS 141572 at *33 (reading choice-of-law and choice-of-forum clause in tandem and holding both unenforceable because, "work[ing] together," they denied plaintiff a state statutory remedy). Second, regardless of severability, if this case is transferred, Twitter will instantly argue that the federal district court in California is bound to decide the public policy issue *as a matter of California law* and that, as a result, Twitter's choice-of-California-law clause is perfectly enforceable (because it does not offend any *California* public policy), knocking Florida law out of this case and rendering the SMPA a nullity. This is the playbook always pursued the big social media platforms, with great success[3].

      Defendants suffer no prejudice from a Florida forum; indeed, before this case was filed, Twitter (acting through a "trade association") had availed itself of a Florida forum in the *Netchoice* litigation to challenge the SMPA. Defendants seek transfer because they intend—but have conveniently neglected to mention this fact to the Court—the transfer to California to result in California law being applied, rendering the SMPA a nullity. That's their litigation strategy, clearly violating the principles laid out by this Court in *Gordon* because it seeks through Twitter's forum selection clause to obliterate Florida's policy of giving Florida residents protection against Big Tech censorship under the SMPA. Twitter's goal is to wholly deprive Plaintiffs of "their day in

---

[2] To be clear, it is Plaintiffs' position that Florida law should and does govern all state law issues in this case.
[3] *See, e.g., Rojas Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1109, 1112 (N.D. Cal. 2016) ("Although this case was originally file[d] in the District of Massachusetts, because it was tranferre3d here due to a contractual forum selection clause, California is [now] considered the forum…Plaintiff has not cited any case in which a California court refused to apply California law pursuant to a valid contractual choice of law provision because California law offered fewer protections than another state's law. The choice of law provision is thus enforceable and Plaintiffs claim under [a Massachusetts statute] must be dismissed."); *Williams v. Facebook, Inc.,* 384 F. Supp. 3d 1043, 1047 (N.D. Cal. 2013) (plaintiffs' N.Y. statutory claim was "barred by Facebook's enforceable choice of law provision")

3

court," nullifying their SMPA remedy, and transfer should therefore be denied under *Gordon* and Eleventh Circuit case law. *Gordon*, 418 F. Supp. 3d at 1138; *see, e.g.*, *Davis*, 936 F.3d at 1132.[4]

## II. *You-Tube* Is Distinguishable Because, Unlike You-Tube, Twitter Deplatformed Plaintiff Trump While He Was President

Judge Moore grounded his Order on Plaintiff Trump's allegation that Defendant YouTube had permanently, and unconstitutionally, restrained Plaintiff's speech on January 26, 2021 *after* Plaintiff had left office and, therefore, the government entity exception for the forum-selection clause contained in YouTube's TOS did not apply to the former President. However, unlike YouTube, Defendant Twitter unconstitutionally restrained the then President's speech on January 7, 2021, while Plaintiff was still in office, a prior restraint that remained in place as President Trump transitioned to citizen Trump on January 20, 2021, and which continues to this day. Further, it was settled law that Plaintiff's Twitter account while President was "not a private one." *Knight v. Trump*, 928 F.3d 226, 231 (2nd Cir. 2019).

While the government entity exclusion ("If you are a government entity…, then those clauses do not apply to you.") was not included in Twitter's TOS when Plaintiff created his account in 2009, Plaintiff's continued use of his account after the government entity exclusion was added in later 2009 constituted Plaintiff's acceptance of the added terms, even after being sworn in as President in January 2017. As a result, Defendant's forum selection clause was replaced with our long-standing, traditional Federal laws governing jurisdiction, venue and choice of law, as applied to then President Trump on January 7, 2021. This case has been filed within that statute of limitations by the one who was, and continues to be, harmed since January 7, 2021.

An entire regime of federal contracting law applies when social media companies are

---

[4] Nor can Defendants argue that Plaintiffs' claims other than their SMPA claims should be transferred to California even if their SMPA claims are not. Florida does not enforce forum selection clauses when the result would be "simultaneous interstate litigation." *Am. Safety Cas. Ins. Co. v. Mijares Holding Co.*, 76 So. 3d 1089, 1092 (Fla. App. 3d Dist. 2011); *McWane, Inc. v. Water Mgmt. Servs., Inc.*, 967 So. 2d 1006 (Fla. App. 1st Dist. 2007).

4

contracting with a federal government entity, ranging from the Contract Disputes Act to the Anti-Deficiency Act, among others,[5] which cannot be imposed upon a federal government entity.

Magically—and quite bizarrely—Defendants want this Court to believe Plaintiff's private account, set up 12 years ago, was automatically reactivated, absent the ability to tweet, when he became a private citizen again. However, Plaintiff Trump never had an opportunity to reactivate that earlier account and have a "meeting of the minds" under Defendants' TOS because he was banned. Therefore, by virtue of Defendant's clear language in its TOS excluding government entities from its forum-selection clause, and distinct from Judge Moore's YouTube Order, Plaintiff properly filed this action in the Southern District of Florida.

III. ***YouTube* Did Not Address Florida Law Holding that a Forum Selection Clause Does Not Survive Repudiation**

Defendants' Reply also relies on *YouTube* to support their claim that Twitter's forum selection clause survived Twitter's deplatforming of President Trump. But *YouTube* never recognizes that under Florida law a forum selection clause does not survive where, as here, one party has repudiated and "'unequivocally terminated' the entire agreement." *Aberdeen Golf & Country Club v. Bliss Constr.*, 932 So. 2d 235, 240 (Fla. App. 4th Dist. 2005). Twitter repudiated and "unequivocally terminated" its "entire agreement" with President Trump when it deplatformed him on January 7, 2001 and thereafter refused to recognize any obligations thereunder. Just as in *Aberdeen Golf*, Twitter cannot be permitted to wholly terminate a contract, repudiate its duty to perform its own obligations, and then take advantage of that contract's forum selection clause.

---

[5] For example, 41 U.S.C. § 7102 states that the procurement of "property" or "services" is governed by this federal contracting law. An entire regime of federal procurement law exists to handle, process, and dispose of litigation matters with multiple layers of review. This includes provisions for judicial review of government contracts. Another example of how regular, private contracts cannot be imposed upon federal entities is the Anti-deficiencies act (ADA), 31 USC § 1341. Twitter's normal terms of service include indemnity provisions, yet those are illegal under the ADA. This is likely why Twitter's counterparts, Facebook and YouTube have separate agreements explicitly exempting choice of forum and indemnity provisions.

5

Respectfully submitted,

/s/ Matthew Lee Baldwin
Matthew L. Baldwin, Esq.
Florida Bar No. 27463
VARGAS GONZALEZ
BALDWIN DELOMBARD, LLP
815 Ponce De Leon Blvd., Third Floor
Coral Gables, FL  33134
Telephone: 305.631.2528
Email: Matthew@VargasGonzalez.com
E-service: Service8@VargasGonzalez.com

JOHN P. COALE (Pro Hac Vice)
2901 Fessenden St. NW
Washington, D.C. 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY (Pro Hac Vice)
E-mail: jqkelly@ibolaw.com
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9461

MICHAEL J. JONES (Pro Hac Vice)
E-mail: mjones@ibolaw.com
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
RYAN S. TOUGIAS (Pro Hac Vice)
E-mail: rtougias@ibolaw.com
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9461

/s/ Carlos Trujillo
Carlos Trujillo, Esq.
Florida Bar No. 42697
VARGAS GONZALEZ
BALDWIN DELOMBARD, LLP
815 Ponce De Leon Blvd., Third Floor
Coral Gables, FL  33134
Telephone: 305.631.2528
Email: Ctrujillo@VargasGonzalez.com
E-service: Service8@VargasGonzalez.com
*Of Counsel*

RICHARD P. LAWSON, ESQ.
Florida Bar No. 165085
Gardner Brewer Martinez-Monfort P.A.
400 North Ashley Drive, Ste. 1100
Tampa, Florida 33602
(813) 221-9600 Telephone
(813) 221-9611 Fax
Primary Email: rlawson@gbmmlaw.com
Secondary
Email:  litigation@gbmmlaw.com

LUIS MARTINEZ-MONFORT, ESQ.
Florida Bar No. 0132713
Gardner Brewer Martinez-Monfort P.A.
400 North Ashley Drive, Ste. 1100
Tampa, Florida 33602
(813) 221-9600 Telephone
(813) 221-9611 Fax
Primary Email: lmmonfort@gbmmlaw.com
Secondary
Email:  litigation@gbmmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and electronically provided to all Counsel of Record registered for service of same.

By:   /s/ *Matthew Lee Baldwin*
Fla. Bar No.: 27463
Email: Matthew@VargasGonzalez.com
Vargas Gonzalez Baldwin Delombard, LLP
815 Ponce De Leon Blvd., Third Floor
Coral Gables, Florida 3313