FILED BY ___ D.C.

OCT 15 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Trump v. Twitter, Inc (1:21-cv-22441) District Court, S.D. Florida Judge Robert Nichols Scola
Friend of Court Brief filed by David Andrew Christenson October 7th, 2021

Friend of Court Brief **7**

Judge Scola,                    **NAZI GERMANY**

You have criminal experience. Review my arrest. I communicated via email (only email) to official
addresses that are owned by the American People.

Attachment 1: DNC v. Trump and the Russians. I had no idea the future Attorney General of the United
States and ex U.S. Attorney was representing me when I was arrested on a Louisiana Warrant, never
charged with a crime, for cyberstalking an FBI Agent.

Attachment 2: News Release by DOJ about my arrest.

Attachment 3: Memorandum about my defense attorney, U.S. Attorney Billy Gibbens, and his attempt
to get me committed so that I would be silenced.

Attachment 4: Docket. They original asked for a $500,000.00 bond and settled on $300,000.00. The
arrest was a misdemeanor. Rape and murder suspects were given lower bonds. The FBI Agent came into
my life in October of 2010 and ordered me to send him emails. The District Attorney refused to put the
emails into the court record, so I did. It took significant effort on my part to get U.S. Attorney Billy
Gibbens removed. Look at how many court pleadings I filed. I was on bond 21 days longer than the law
allowed.

Attachment 5: Non-Domestic Stay Away Order. Look carefully at the names and email addresses. 74
people and not one Federal Judge but there were clerks. A Bishop, my friends, my attorneys, the
Ozanam Inn (so I could not go home), FBI Director Mueller, two U.S. Senators, etc.

Attachment 6: Bond Order and Conditions of Bail. I cannot invent this. Item 2: I was to leave Louisiana to
seek treatment in Florida for an unspecified illness. Item 3: No Internet. Item 9: My Rights were waived
for a year, which is not a cause for Bond.

Godspeed
Sincerely,
David Andrew Christenson
Box 9063
Miramar Beach, Florida 32550
504-715-3086
davidandrewchristenson@gmail.com.
dchristenson6@hotmail.com.

# Attachment 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Movant David Andrew Christenson

Civil Action No. 1:18-cv-03501

DEMOCRATIC NATIONAL COMMITTEE,

Racketeer Influenced and
Corrupt Organization Act (RICO)

Plaintiff,

v.

Judge John G. Koeltl

RUSSIAN FEDERATION, et al;
Defendants.

One Hundred Seventeenth (117th) Emergency Motion for Reconsideration

Yesterday morning I walked away from my quest to save Mankind. I quit. I told God I was through and that if he wanted me to continue, he needed to give me a real sign. Guess what? God gave me a sign via a baseball bat to the head.

Matthew Whitaker is the acting Attorney General

This factual story is unbelievable and there is no way to tell it in a coherent manner.

**US Attorney Matthew Whitaker from Iowa is my father's attorney and the person that had US Attorney Billy Gibbens represent me in my arrest for cyber stalking an FBI Agent in New Orleans. Yes, a US Attorney represented me and gave away all of my rights.**

I am directly connected to Attorney General Matthew Whitaker, Assistant Attorney General for the Environment and Natural Resources Division Jeffery Bossert Clark and Special Prosecutor Robert Mueller. Each of these individuals irreparable harmed me and thus irreparable harmed all Americans. They are responsible for the Genocide of Mankind. (Clark represented BP Oil in my appeal with the 5th Circuit. You must review the extensive docket. 5th Circuit Case: 16-30918 IN RE: DEEPWATER HORIZON LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL, Plaintiffs v. BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C., Defendants – Appellees.)

I am from Iowa. My father is from Iowa, he is a Republican and he donates to the Republican Party. Matthew Whitaker is from Iowa and he is a Republican. My father retained him as an attorney and donated money to his campaign. Matthew Whitaker was the US Attorney for the Southern District of Iowa.

I have been estranged from my father for most of my adult life but when I was falsely arrested on a Louisiana Warrant (misdemeanor) for Cyber Stalking an FBI Agent my wife called him. I was never charged with a crime. My father left New Orleans and left me in jail because of Matthew Whitaker. My

# Attachment 1

father is a real sunarcissist. The DOJ put (my own father) me in isolation for 11 days and medicated me against my will. They did the same thing to Coast Guard Commander William Goetzee four months later and he died. The DOJ murdered him. When he was in Federal Court, they had him strapped to a wheelchair and they would tase him when he tried to speak. Read the family's complaint.
Reference: Democratic National Committee v. The Russian Federation (1:18-cv-03501) District Court, S.D. New York John George Koeltl
Christenson v. Democratic National Committee (1:18-cv-05769) District Court, S.D. New York Judge Colleen McMahon

The information I am sharing with you has been filed in 30 plus cases in four Appeals Courts and three District Courts. It also has been filed with the Supreme Court in the four Writs that I filed. Search Pacer and the Supreme Court for: David Andrew Christenson.

Docket for 1:18-cv-03501 SDNY 113 pages - Motion for Leave to File: Motion to Intervene and Motion to Join filed by David Andrew Christenson on April 24th, 2018. Judge Koeltl docketed over fifty of my pleadings.
Docket 25
Pages 24 – 27 Non-Domestic Stay Away Order FBI Director Robert Mueller is on it. 74 people are listed and I did not know 66 of them. A third of them are court clerks. Two US Senators, a Bishop and a building. They even listed my friends and attorneys.
Page 56 - A press release about my arrest that was a gross mistake on the part of the DOJ.
Pages 57 & 58 - Bond Order and Conditions of Bail. They original asked for $500,000.00 bail for a misdemeanor. Order 3 is no internet so I could not do research. Order 9 waives my rights for a year and is not a requirement for bond. They put an electronic monitoring device on my ankle.
Page 59 Memorandum about US Attorney Billy Gibbens representing me in my arrest and waiving all of my rights. Look at his bill. His job was to keep me in jail or confined to a psychiatric prison.

**I was ordered to leave Louisiana and go to Florida to receive treatment for an unspecified mental illness. They wanted me out of New Orleans while the Danziger Trial was taking place.**

**During Hurricane Katrina the US Military murdered Americans and the Katrina Virus was released because of negligence.**

Read the 50 plus pleadings for the rest of the story.

Godspeed

Sincerely,
David Andrew Christenson
Box 9063
Miramar Beach, Florida 32550
504-715-3086
davidandrewchristenson@gmail.com;
dchristenson6@hotmail.com;

# Attachment 2



Everything New Orleans

## New Orleans man booked on two counts of cyberstalking, TV station reports

**Times-Picayune Staff** By **Times-Picayune Staff**
**Follow on Twitter**
on March 17, 2011 at 8:26 AM, updated March 17, 2011 at 10:28 AM

A New Orleans man is in jail, booked on two charges of cyberstalking after he allegedly sent threatening e-mails to an FBI agent, **WDSU-TV reports**.



David Christenson, 53, was arrested Tuesday and remains jailed on a $300,000 bond, court records show.

Christenson allegedly sent the e-mails after an FBI agent interviewed him last month about "inappropriate" e-mails Christenson sent to judges and their employees, the station reports.

© 2013 NOLA.com. All rights reserved.

Orleans Parish
Sheriff's Office
David Christenson

Just what are inappropriate emails sent to official email addresses? Are inappropriate emails illegal? The 1st Amendment clearly states that an American has the right to petition the Government. NO CHARGES WERE EVER FILED AGAINST DAVID ANDREW CHRISTENSON. THE EMAILS WRRE NEVER SUBMITTED INTO THE COURT RECORD. THIS PRESS RLEASE WAS A MISTAKE BY THE DOJ AND JIM LETTEN.

# Attachment 3

State of Louisiana                                       Orleans Parish Criminal Court

Vs.

David Christenson                                  Magistrate No. 522-477

Memorandum

Reference: Billy Gibbens, Sara Johnson and Schonekas Evans McGoey and McEachin, LLC.

Question directed to Billy Gibbens on March 19th, 2011 by David Christenson, defendant. **Billy, are you working for the Department of Justice? Silence, dead silence. No response.** The meeting ended. David Christenson never retained Billy Gibbens, Sara Johnson or the Schonekas Evans McGoey and McEachin Law firm (Now known as "The Rogue Attorneys"). There was never a verbal, written or implied agreement. The actions of "The Rogue Attorneys" were criminal. Irreparable, devastating and irreversible harm was caused to David Christenson. Billy Gibbens did everything he could to scare and intimate the defendant's wife, 76 year old father from Iowa (he paid the retainer) and brother.

"The Rogue Attorneys" acted without authority. See attachment 1 (A bill), page 1, line 03/18/2011. (Arrested 03/15/2011) David Christenson never authorized this sadistic course of action. There was no "bond reduction hearing" (Judge Marullo). David Christenson spoke with Billy Gibbens for less than 30 seconds that day. This was their first meeting. David Christenson informed Billy Gibbens that he did not have the authority to act on his behalf. The Department of Justice wanted the "psychiatric treatment" so that David Christenson would be discredited. Billy Gibbens was representing the Department of Justice. No sane person would ever authorize such an incrementing and sadistic plan. The $300,000.00 bond was a record for the Orleans Parish Criminal Court for a non-violent, non-domestic and non-drug misdemeanor for which the defendant had not and has not been charged. The bond should have been $10,000.00 or "own recognizance". "The Rogue Attorneys" put a plan in motion without ever meeting with David Christenson, which is confirmed by the bills.

Why was there a "motion to withdraw" hearing? David Christenson had not retained "The Rogue Attorneys". There was no "motion to withdraw" hearing for Meredith Angelo, the public defender. The case was not at issue since no charges had been filed. Why was the hearing held in front of Magistrate Hansen? This seems very odd since Commissioner Cantrell was the presiding court official.

Billy Gibbens and Sara Johnson never asked about what happened. This needs to be repeated: Billy Gibbens and Sara Johnson never asked about the case or the background. In fact they intentionally stayed away from it. A review of their bills will confirm this fact. Their only goal was to have David Christenson committed for a year. They actually put this in writing in a letter to David Christenson. See the bond as well. **David Christenson did not commit a crime!** Why would "The Rogue Attorneys" not care about this fact? Simple, they represented the Department of Justice. Please review the bond and the non-domestic stay away order. "The Rogue Attorneys" gave away all of David Christenson's Constitutional and Civil Rights. 74 people are listed on the non-domestic stay away order. None of them have filed affidavits as is required by law. David Christenson does not know 66 of them. Senators Vitter and Landrieu are listed. Why? Why no internet? This is a First Amendment Privilege. The DOJ wanted David Christenson to stop his investigation of the Katrina Virus and the resulting Genocide and Murder as well the Federal Cover-Up of the Danziger Bridge Executions.

Sincerely Filed Pro Se by,

David Christenson

842 Camp Street

Unit 4

New Orleans, La. 70130

504-715-3086

# Attachment 3

SCHONEKAS, EVANS, McGOEY & McEACHIN, L.L.C.
650 Poydras Street, Suite 2105
New Orleans, LA  70130
Telephone:  504/680-6050
Telecopier:  504/680-6051
Tax ID No. 72-1435549

David Christenson
842 Camp Street
New Orleans  LA  70130

Page: 1
04/08/2011
OUR FILE NO:   1013-1971M
Statement No:            1

State of Louisiana v. Christenson

### FEES

| | | HOURS | |
|---|---|---|---|
| 03/17/2011 | | | |
| WPG | telephone conference with Mr. Washington; telephone conference with Mr. Andrew Christenson; research regarding case status; review articles; meet with Mr. Andrew Christenson and Mr. Chris Christenson; meet with Mrs. Christenson; | 3.00 | 720.00 |
| 03/18/2011 | | | |
| WPG | meet with Mr. Andrew Christenson, Mr. Chris Christenson and Mrs. Christenson; attend hearing at Criminal District Court; conference with Ms. Mills regarding obtaining psychiatric treatment; travel to Orleans Parish Prison to meet with Mr. David Christenson; locate Mr. David Christenson in court; attend bond reduction hearing; meet with Mr. David Christenson; telephone conference with Mr. Chris Christenson; meet with Mr. Andrew Christenson, Mr. Chris Christenson and Mrs. Christenson; | 5.00 | 1,200.00 |
| SAJ | locate Mr. Christenson; telephone conference with District Attorney's office; leave message for Assistant District Attorney Bourgeois; | 0.50 | 80.00 |
| ECM | conference with Mr. Gibbens; locate in-patient treatment center; telephone conference with West Jefferson representative; telephone conference with Ochsner; telephone conference with Oceans Specialty Hospital; telephone conference with River Oaks; telephone conference with Palmetto; telephone conference with Twelve Oaks; further telephone conference with Ms. | | |

# Attachment 4

```
MAG#: 522477            D O C K E T   M A S T E R        DATE:  7/05/2011
                                                         TIME:  15:40:25

                    ORLEANS PARISH MAGISTRATE COURT

=========================================================================
    DEFENDANT(S):          CNTS CHARGE(S):
=========================================================================

    CHRISTENSON, DAVID A
                           2  RS 14 40.3         BOND:      20,000.00
                              CYBERSTALKING

=========================================================================
    DATE    PROCEEDINGS
=========================================================================

3/15/2011                                                    FALCONEA  *
        FIRST APPEARANCE HEARING IN MAGISTRATE COURT SECTION M3
        BOND SET FOR $300,000.00
        RESULT-RULE TO SHOW CAUSE ON 4/29/2011 AT  3:00 PM
        SCHEDULED -RULE TO SHOW CAUSE ON 4/29/2011 AT  3:00 PM, SECT M4
        DEFENSE FILED MOTION FOR PROTECTIVE CUSTODY AND
        STATE AND FEDERAL CONST RIGHTS AGAINST UNCOUNSELED INTEROGATION
        NON DOMESTIC STAY AWAY SIGNED AND FILED
        STATE FILED MOTION AND ORDER FOR NON DOMESTIC STAY AWAY
        DEFENDANT IS TO HAVE NO INTERNET ACCESS WHILE IN CUSTODY

3/22/2011                                                    DURELD    *
        STATUS HEARING IN MAGISTRATE COURT SECTION M1
        SCHEDULED -BOND HEARING ON 3/25/2011 AT  3:00 PM, SECT M3
        MOTION FILED BY ATTORNEY SARA A. JOHNSON.
        PLACE DEFENDANT ON JAIL LIST.

3/25/2011                                                    FALCONEA  *
        BOND HEARING IN MAGISTRATE COURT SECTION M3
        BOND REDUCED TO $20,000.00
        SCHEDULED -STATUS HEARING ON 3/29/2011 AT  3:00 PM, SECT M3
        JUDGE AND DEFENDANT SIGNED BOND ORDER AND CONDITIONS OF BAIL

3/29/2011                                                    FALCONEA  *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
        SCHEDULED -STATUS HEARING ON 4/05/2011 AT  3:00 PM, SECT M3
        DNOC THRU ATTY
        SEND NOTICES

4/05/2011                                                    CUTRERM   *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
        DEFENDANT PLACED ON EMP - MUST REPORT BY 4/6/11
        STAY AWAY ORDER AMENDED - ALLOW DEFENDANT TO RETURN TO HIS HOME
        DEFENDANT STILL PROHIBITED FROM ENTERING OZANAM INN PREMISES

4/06/2011                                                    DURELD    *
        STATUS HEARING IN MAGISTRATE COURT SECTION M1
        COURT GRANTED PERMISSION TO LEAVE JURISDICTION.

4/20/2011                                                    CRUTHIRDS *
        HEARING ON MOTIONS IN MAGISTRATE COURT SECTION M1
        SCHEDULED -HEARING ON MOTIONS ON 4/26/2011 AT 10:00 AM, SECT M1
        SARA JOHNSON, ESQ. FILED A MOTION TO WITHDRAW AS COUNSEL OF
        RECORD.

4/26/2011                                                    DURELO    *
        HEARING ON MOTIONS IN MAGISTRATE COURT SECTION M1
        RESULT-HELD
        SCHEDULED -RULE TO SHOW CAUSE ON 4/29/2011 AT  3:00 PM, SECT M4
        COURT GRANTED MOTION TO WITHDRAW AS ATTORNEY OF RECORD BY SARAH
        JOHNSON, AT THE REQUEST OF THE DEFENDANT.

4/29/2011                                                    TAMBORELL *
        RULE TO SHOW CAUSE IN MAGISTRATE COURT SECTION M4
        SCHEDULED -RULE TO SHOW CAUSE ON 5/15/2011 AT  3:00 PM, SECT M2
        CONTINUED DUE PART OF BAIL RESTRICTIONS, AS PER THE STATE ATTY.
        MARK BURTON.

5/03/2011                                                    FALCONEA  *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3
        SCHEDULED -STATUS HEARING ON 5/10/2011 AT  3:00 PM, SECT M3
        SEND NOTICES TO DEFENDANT, TO STATE, AND DEFENSE COUNSEL

5/10/2011                                                    FALCONEA  *
        STATUS HEARING IN MAGISTRATE COURT SECTION M3

                            CONTINUED
```

# Attachment 4

```
MAG#: 522477          D O C K E T   M A S T E R          DATE:  7/05/2011
                      ===============================      TIME:  15:40:25

                      ORLEANS PARISH MAGISTRATE COURT

==================================================================================
     DEFENDANT(S)::      CNTS CHARGE(S)::
==================================================================================

5/10/2011                                                 FALCONEA *
            SCHEDULED -STATUS HEARING ON 5/24/2011 AT  3:00 PM, SECT M3
            DEFENDANT WAS ADVISED TO HIRE COUNSEL
            STATH RESET 2 WEEKS    .

5/15/2011                                                 CUTRERM  *
            RULE TO SHOW CAUSE IN MAGISTRATE COURT SECTION M2
            SCHEDULED -RULE TO SHOW CAUSE ON 3/15/2012 AT  3:00 PM, SECT M5
            CONTINUED PURSUANT TO CONDITIONS OF BAIL IN RECORD

5/23/2011                                                 CRUTHIRDS*
            HEARING ON MOTIONS IN MAGISTRATE COURT SECTION M1 ✓
            SCHEDULED -HEARING ON MOTIONS ON 5/24/2011 AT  3:00 PM, SECT M3
            THE DEFENDANT, PRO SE, FILED A MOTION TO RECUSE COMMISSIONER
            CANTRELL.  THE DEFENDANT ALSO FILED VARIOUS MEMORANDUM.

5/24/2011                                                 FALCONEA *
            STATUS HEARING IN MAGISTRATE COURT SECTION M3
            SCHEDULED -STATUS HEARING ON 5/31/2011 AT  3:00 PM, SECT M3
            DNOC
            HEARING TO DETERMINE COURT SECTION

5/26/2011                                                 CRUTHIRDS*
            MOTIONS FILED IN MAGISTRATE COURT SECTION M1
            SCHEDULED -MOTIONS FILED ON 5/26/2011 AT 10:00 AM, SECT M1
            THE DEFENDANT, DAVID CHRISTENSON, FILED A MEMORANDUM WITH THE
            COURT.

5/31/2011                                                 CUTRERM  *
            STATUS HEARING IN MAGISTRATE COURT SECTION M3
            RESULT-RESET
            SCHEDULED -STATUS HEARING ON 6/07/2011 AT  3:00 PM, SECT M3
            DEFENDANT APPEARED
            HEARING ON MOTION TO RECUSE CONTINUED FOR DEFENDANT TO SHOW CAUSE
            DEFENDANT WAS ADVISED TO HIRE A LAWYER
            DNOC
            STATUS HEARING IN MAGISTRATE COURT SECTION M3
            SCHEDULED -STATUS HEARING ON 6/07/2011 AT  3:00 PM, SECT M3

6/07/2011                                                 FALCONEA *
            STATUS HEARING IN MAGISTRATE COURT SECTION M3
            SCHEDULED -STATUS HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
            JUDGE DID NOT FIND ANY REASON FOR RECUSAL
            DEFENDANT TO REPORT BACK ON 7/05/2011
            DNOC

6/14/2011                                                 FALCONEA *
            FILING(S) IN OPEN COURT IN MAGISTRATE COURT SECTION M3
            SCHEDULED -STATUS HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
            SCHEDULED -HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
            DEFENDANT FILED:
            EMERGENCY MOTION FOR CONTRADICTORY HEARING
            EMERGENCY MOTION FOR BOND REDUCTION HEARING
            EMERGENCY MOTION TO ALLOW DEFENDANT TO RETURN TO FL FOR TREATMENT
            EMERGENCY MOTION FOR REMOVAL OF MONITORING DEVICE
            EMERGENCY MOTION TO APPOINT A PUBLIC DEFENDER
            THREE MEMORANDUMS
            AND ONE MOTION

6/21/2011                                                 FALCONEA *
            FILING(S) IN OPEN COURT IN MAGISTRATE COURT SECTION M3
            SCHEDULED -HEARING ON 7/05/2011 AT  3:00 PM, SECT M3
            DEFENDANT MAILED IN:MEMOS

7/05/2011                                                 FALCONEA *
            HEARING IN MAGISTRATE COURT SECTION M3
            RESULT-DA TO REFUSE CHARGE(S:
            DA REFUSED BOTH CHARGES
            ELECTRONIC MONITORING DEVICE TO BE REMOVED

=================================================================================
                             END OF DOCKET MASTER
=================================================================================
```

# Attachment 4

ASSAULT AND BATTERY                    R.S. 14:40.3

[...]sed the child in reasonable fear of death or bodily [inju]ry, or in reasonable fear of the death or bodily [inju]ry of a family member of the child shall be pun[ish]ed by imprisonment with or without hard labor for [no]t less than one year and not more than three years [and] fined not less than fifteen hundred dollars and not [mo]re than five thousand dollars, or both.

[b)] Lack of knowledge of the child's age shall not be [a] defense.

[C]. For the purposes of this Section, the following [wo]rds shall have the following meanings:

[1)] "Harassing" means the repeated pattern of ver[bal] communications or nonverbal behavior without in[ten]tion which includes but is not limited to making [te]lephone calls, transmitting electronic mail, sending [me]ssages via a third party, or sending letters or pic[tu]res.

[2)] "Pattern of conduct" means a series of acts over [a] period of time, however short, evidencing an intent [to] inflict a continuity of emotional distress upon the [pe]rson. Constitutionally protected activity is not in[clu]ded within the meaning of pattern of conduct.

3) Repealed by Acts 1993, No. 125, § 2.

[D]. As used in this Section, when the victim of the [sta]lking is a child twelve years old or younger:

[1)] "Pattern of conduct" includes repeated acts of [no]nconsensual contact involving the victim or a family [me]mber.

[2)] "Family member" includes:

[a)] A child, parent, grandparent, sibling, uncle, aunt, [ne]phew, or niece of the victim, whether related by [blo]od, marriage, or adoption.

[b)] A person who lives in the same household as the [vi]ctim.

[3)(a)] "Nonconsensual contact" means any contact [wi]th a child twelve years old or younger that is initiated [or] continued without that child's consent, that is be[yo]nd the scope of the consent provided by that child, [or] that is in disregard of that child's expressed desire [th]at the contact be avoided or discontinued.

[b)] "Nonconsensual contact" includes:

i) Following or appearing within the sight of that [chi]ld.

ii) Approaching or confronting that child in a pub[lic] place or on private property.

iii) Appearing at the residence of that child.

iv) Entering onto or remaining on property occu[pi]ed by that child.

[v)] Contacting that child by telephone.

[vi)] Sending mail or electronic communications to [th]at child.

[vii)] Placing an object on, or delivering an object to, [pr]operty occupied by that child.

(c) "Nonconsensual contact" does not include any otherwise lawful act by a parent, tutor, caretaker, mandatory reporter, or other person having legal custody of the child as those terms are defined in the Louisiana Children's Code.

(4) "Victim" means the child who is the target of the stalking.

E.  Whenever it is deemed appropriate for the protection of the victim, the court may send written notice to any employer of a person convicted for a violation of the provisions of this Section describing the conduct on which the conviction was based.

F.  The provisions of this Section shall not apply to a private investigator licensed pursuant to the provisions of Chapter 56 of Title 37 of the Louisiana Revised Statutes of 1950, acting during the course and scope of his employment and performing his duties relative to the conducting of an investigation.

G.  The provisions of this Section shall not apply to an investigator employed by an authorized insurer regulated pursuant to the provisions of Title 22 of the Louisiana Revised Statutes of 1950, acting during the course and scope of his employment and performing his duties relative to the conducting of an insurance investigation.

H.  The provisions of this Section shall not apply to an investigator employed by an authorized self-insurance group or entity regulated pursuant to the provisions of Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, acting during the course and scope of his employment and performing his duties relative to the conducting of an insurance investigation.

I.  A conviction for stalking shall not be subject to expungement as provided for by R.S. 44:9.

Added by Acts 1992, No. 80, § 1.  Amended by Acts 1993, No. 125, § 1;  Acts 1994, 3rd Ex.Sess., No. 30, § 1;  Acts 1995, No. 416, § 1;  Acts 1995, No. 645, § 1; Acts 1997, No. 1231, § 1, eff. July 15, 1997;  Acts 1999, No. 957, § 1;  Acts 1999, No. 963, § 1;  Acts 2001, No. 1141, § 1;  Acts 2003, No. 1089, § 1;  Acts 2005, No. 161, § 1;  Acts 2007, No. 62, § 1;  Acts 2007, No. 226, § 1.

## § 40.3.  Cyberstalking

A.  For the purposes of this Section, the following words shall have the following meanings:

(1) "Electronic communication" means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature, transmitted in whole or in part by wire, radio, computer, electromagnetic, photoelectric, or photo-optical system.

(2) "Electronic mail" means the transmission of information or communication by the use of the Internet, a computer, a facsimile machine, a pager, a cellular telephone, a video recorder, or other electronic means

# Attachment 4

sent to a person identified by a unique address or address number and received by that person.

B. Cyberstalking is action of any person to accomplish any of the following:

(1) Use in electronic mail or electronic communication of any words or language threatening to inflict bodily harm to any person or to such person's child, sibling, spouse, or dependent, or physical injury to the property of any person, or for the purpose of extorting money or other things of value from any person.

(2) Electronically mail or electronically communicate to another repeatedly, whether or not conversation ensues, for the purpose of threatening, terrifying, or harassing any person.

(3) Electronically mail or electronically communicate to another and to knowingly make any false statement concerning death, injury, illness, disfigurement, indecent conduct, or criminal conduct of the person electronically mailed or of any member of the person's family or household with the intent to threaten, terrify, or harass.

(4) Knowingly permit an electronic communication device under the person's control to be used for the taking of an action in Paragraph (1), (2), or (3) of this Subsection.

C. (1) Whoever commits the crime of cyberstalking shall be fined not more than two thousand dollars, or imprisoned for not more than one year, or both.

(2) Upon a second conviction occurring within seven years of the prior conviction for cyberstalking, the offender shall be imprisoned for not less than one hundred and eighty days and not more than three years, and may be fined not more than five thousand dollars, or both.

(3) Upon a third or subsequent conviction occurring within seven years of a prior conviction for stalking, the offender shall be imprisoned for not less than two years and not more than five years and may be fined not more than five thousand dollars, or both.

(4)(a) In addition, the court shall order that the personal property used in the commission of the offense shall be seized and impounded, and after conviction, sold at public sale or public auction by the district attorney in accordance with R.S. 15:539.1.

(b) The personal property made subject to seizure and sale pursuant to Subparagraph (a) of this Paragraph may include, but shall not be limited to, electronic communication devices, computers, computer related equipment, motor vehicles, photographic equipment used to record or create still or moving visual images of the victim that are recorded on paper, film, video tape, disc, or any other type of digital recording media.

D. Any offense under this Section committed by the use of electronic mail or electronic communication may be deemed to have been committed where the electronic mail or electronic communication was originally sent, originally received, or originally viewed by any person.

E. This Section does not apply to any peaceable, nonviolent, or nonthreatening activity intended to express political views or to provide lawful information to others.

Added by Acts 2001, No. 737, § 1. Amended by Acts 2010, No. 763, § 1.

## § 40.4. Burning cross on property of another or public place; intent to intimidate

A. It shall be unlawful for any person, with the intent of intimidating any person or group of persons to burn, or cause to be burned, a cross on the property of another, a highway, or other public place.

B. Whoever commits the crime of burning a cross with the intent of intimidating shall be fined not more than fifteen thousand dollars or imprisoned with or without hard labor for not more than fifteen years, or both.

Added by Acts 2003, No. 843, § 1.

## § 40.5. Public display of a noose on property of another or public place; intent to intimidate

A. It shall be unlawful for any person, with the intent to intimidate any person or group of persons, to etch, paint, draw, or otherwise place or display a hangman's noose on the property of another, a highway, or other public place.

B. As used in this Section, "noose" means a rope tied in a slip knot, which binds closer the more it is drawn, which historically has been used in execution by hanging, and which symbolizes racism and intimidation.

C. Whoever commits the crime of public display of a noose with the intent to intimidate shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than one year, or both.

Added by Acts 2008, No. 643, § 1.

## § 40.6. Unlawful disruption of the operation of a school; penalties

A. Unlawful disruption of the operation of a school is the commission of any of the following acts by a person, who is not authorized to be on school premises, which would foreseeably cause any of the following:

(1) Intimidation or harassment of any student or teacher by threat of force or force.

(2) Placing teachers or students in sustained fear for their health, safety, or welfare.

(3) Disrupting, obstructing, or interfering with the operation of the school.

B. For the purposes of this Section:

# Attachment 5

STATE OF LOUISIANA

VERSUS

*David A. Christenson*
*AKA David Christian*

CRIMINAL DISTRICT COURT

PARISH OF ORLEANS

MAG. NO. *B-22-444*

### NON-DOMESTIC STAY AWAY ORDER

NOW INTO COURT comes the State of Louisiana, through the undersigned Assistant District Attorney for the Parish of Orleans, respectfully moves the Court to issue a Non-Domestic Stay Away Order and Notice to Appear. This Order prohibits the defendant, *David A. Christenson AKA Christian* date of birth *02-21-58* from communicating, directly or indirectly, with the victim, *As listed in Order* date of birth _____ or the victim's family. Additionally, during the pendency of this Stay Away Order the defendant cannot own or possess a firearm. If the defendant violates this Stay Away Order or any of its provisions, the defendant may be arrested, bond may be revoked, a new bond required, and will be held in contempt of court, facing additional charges. If the Court requires the defendant to make a personal appearance concerning this Order, the defendant will do so promptly. If the defendant does not appear, an Order for Arrest will be issued.

This Stay Away Order remains in effect during the pendency of this case or unless and until lifted by the Judge and a minute entry indicating any such action.

### BY ORDER OF THE COURT

IT IS HEREBY ORDERED that the defendant immediately cease any and all communication with the victim and the victim's family during the pendency of this action and abide by all other terms of this Non-Domestic Stay Away Order.

_____
MAGISTRATE COMMISSIONER

NEW ORLEANS, LOUISIANA, THIS _15_ DAY OF _March_, 20_11_.

### DEFENDANT'S ACKNOWLEDGEMENT OF ORDER AND TERMS

UPON MY RELEASE from the Orleans Parish Criminal Sheriff's Office, I *David Christenson AKA Christian* do hereby agree to the terms of this Non-Domestic Stay Away Order. I understand that if I fail to abide by the terms of this order, a warrant will be issued for my arrest. I have read and understand the above agreement and terms of my release.

_____
DEFENDANT

NEW ORLEANS, LOUISIANA, THIS _15_ DAY OF _March_, 20_11_.

NAME: _____

ADDRESS: _____

CITY, STATE, ZIP: _____

CELL PHONE: _____

DATE OF BIRTH: _____

SOCIAL SECURITY NO. _____

# Attachment 5

| | |
|---|---|
| STATE OF LOUISIANA | CRIMINAL DISTRICT COURT |
| VERSUS | PARISH OF ORLEANS |
| DAVID CHRISTIAN,<br>Aka DAVID CHRISTENSON | MAG. NO. _____ |

## O R D E R

**IT IS ORDERED** that the defendant stay away from the protected persons listed below until all charges in this matter are concluded by refusal, plea of guilty, trial or dismissal.

Specifically, the defendant is ordered:

- NOT to abuse, harass, stalk, follow or threaten the protected persons listed below,

- NOT to contact the protected persons personally, electronically, by phone, in writing, by email, by text message or through a third party or go within 100 feet of the protected persons,

- NOT to contact the protected persons' families personally, electronically, by phone, in writing, by email, by text message or through a third party,

- NOT to go to the residence or household of the protected persons, the protected persons' schools or the protected persons' place of employment,

**Protected Persons:**

| | |
|---|---|
| Amanda J Ballay | amanda_ballay@laed.uscourts.gov |
| Andrew Chow | andrew_chow@laed.uscourts.gov |
| Ann Virgadamo | ann_virgadamo@laeb.uscourts.gov |
| Anna Christman | usalae |
| Archbishop Aymond | Catholic 2, Catholic 1 |
| Bobbi Bernstein | Main DOJ |
| Brad Chauvin | |
| Brad Humpheys | brad_humpheys@laed.uscourts.gov |
| Brian Fair (USMS) | |
| Danielle Moore | danielle_moore@laed.uscourts.gov |
| David Vitter | david_vitter@vitter.senate.gov |
| David W Welker | david.welker@ic.fbi.gov |
| Dewayne J Horner | |
| Diana Surprenant | diana_surprenant@laed.uscourts.gov |
| Erin Arnold | erin_arnold@laeb.uscourts.gov |
| Forrest Christian | |
| Gail Chauvin | gail_chauvin@laed.uscourts.gov |
| Gary Schwabe | gary_schwabe@fd.org |
| Genny May | genny.may@usdoj.gov |



# Attachment 5

| | |
|---|---|
| Geraldine Williams | geraldine_williams@laed.uscourts.gov |
| Glenda Hassan | glenda_hassan@txs.uscourts.gov |
| Glenn Williams | williamsgl@adr.org |
| Gwen Hunter | gwen_hunter@laed.uscourts.gov |
| Joel Gheesling | jgheesling@kepplerspeakers.com |
| Jadon Bigelow | |
| James Crull | james_crull@laed.uscourts.gov |
| James Letten | james.letten@usdoj.gov |
| Jan Mann | jan.mann@usdoj.gov |
| Jason Bigelow | |
| Jennifer Rogers | jennifer_rogers@laed.uscourts.gov |
| John Clark | john.clark@usdoj.gov |
| Jonathan Zweig | jonathan_zweig@laed.uscourts.gov |
| Joseph Downing | |
| Joseph Escandon | joseph_escandon@laed.uscourts.gov |
| Joseph Lavigne | |
| Julia Evans | USALAE |
| Kelly Bryson | |
| Kelly Swenney | kelly_sweeney@cob.uscourts.gov |
| Mary Landrieu | senator@landrieu.senate.gov |
| Lexy Butler | lexy_butler@laed.uscourts.gov |
| Linda Kimes | linda_kimes@cob.uscourts.gov |
| Maria Soriano | sorianom@adr.org |
| Marilyn Shraberg | mshraberg@archdiocese-no.org |
| Marvin Opotowsky | marvin.opotowsky@usdoj.gov |
| Michael Milby | michael_milby@tx.uscourts.gov |
| Nancy Swan | nswan342@gmail.com |
| Neil Hurley | OPR |
| Ozanam Inn | inno@bellsouth.net |
| Pam Radosta | pam_radosta@laed.uscourts.gov |
| Pamela Angelette | pamela_angelette@laed.uscourts.gov |
| Pat Scherer | pat_scherer@laed.uscourts.gov |
| Pat Vance | pvance@joneswalker.com |
| Paula F McCants | |
| Ramsey Prather | ramsey_prather@laed.uscourts.gov |
| Rick Windhorst | rick_windhorst@laed.uscourts.gov |
| Robby Walsh | |
| Robert Bergeron | bob@crescenttitle.com |
| Robert Lantz | robert_lantz@cob.uscourts.gov |
| Robert S Mueller III | robert.mueller@ic.fbi.gov |
| Gen. Russel Honore | russel.honore@gmail.com |
| Ruth Leard | ruth_leard@laed.uscourts.gov |
| Shelia Ashabranne | shelia_ashabranne@txs.uscourts.gov |
| Steve Woodring | steve.woodring@dps.la.gov |
| Steven Hartmann | steven.hartman@usdoj.gov |
| Steven P Rayes | srayes@leo.gov |
| Susan Adams | susan_adams@laed.uscourts.gov |
| Thomas Porteous | |
| Traci Munster | traci_munster@laed.uscourts.gov |
| Tracie L Washington | tlwesq@cox.net |
| Victorian Wu | victorian_wu@laed.uscourts.gov |

# Attachment 5

Virginia Schlueter
Walter Martin
William Alford          alford@law.harvard.edu
Scott Johnson

**NEW ORLEANS, LOUISIANA,** this the ____ day of _____ 20 __.

Commissioner Harry Cantrell
Criminal District Court, Sec. "M-3"
Parish of Orleans

Page 6 of 6

Attachment 6

STATE OF LOUISIANA                    ORLEANS PARISH CRIMINAL COURT

VS                                    MAGISTRATE NO 522-477

DAVID CHRISTENSON

BOND ORDER AND CONDITIONS OF BAIL

This matter came upon hearing this date, before this Honorable Court, for a Bond Reduction Hearing. After hearing arguments and evidence the Court hereby orders bond to be reduced to _____920,000.00_____, and that the Defendant, David Christenson is hereby ordered to, and Defendant, David Christenson, hereby agrees and accepts the following Additional Conditions of Release:

1.  Defendant is hereby ordered and hereby agrees to follow the orders of the Non-Domestic Stay Away Order signed by this Court and acknowledged and agreed to by Defendant on March 15, 20 (a Copy of which is attached hereto);

2.  Defendant is hereby ordered and hereby agrees to present himself to an in-patient facility for evaluation, and treatment as recommended by said facility on or before March 29, 2011;

3.  Defendant is hereby ordered to not have access to the Internet;

4.  Defendant is hereby ordered to cause the treatment facility to report Defendant's status and progress to the Court and the District Attorney every two (2) weeks and upon release of Defendant;

5.  The Defendant is hereby ordered to cause the treatment facility to immediately report to the Court and the District Attorney should Defendant leave the facility;

6.  The Defendant is hereby ordered to cause the treatment facility to give 48 hour advance notice of the release of the Defendant to the Court and the District Attorney;

7.  The Defendant is hereby ordered to appear in this Court on the first Tuesday after his release from the treatment facility;

8.  Defendant hereby agrees that should a capias or arrest warrant be issued for Defendant, David Christenson, hereby waives extradition to the State of Louisiana from any jurisdiction in or outside of the United States where he may be found.

# Attachment 6

9. Defendant hereby agrees to waive and does waive the time delays as stated in Louisiana Code of Criminal Procedure (La.CCrP) Article 701, Section B, regarding bond obligations and time limits for institution of prosecution until March 15, 2012.

IT IS FURTHER ORDERED THAT should Defendant meet the obligations of the Bond Order as to amount and sign the Conditions of Bail, he shall be released no earlier than Saturday, March 26, 2011, at a time no later than 12 NOON.

SIGNED IN OPEN COURT ON THIS 25th DAY OF MARCH, 2011 IN NEW ORLEANS, LOUISIANA.

MAGISTRATE, M _ J

UPON MY RELEASE by the Orleans Parish Sheriff, I, DAVID CHRISTENSON, do hereby agree to the terms of the Conditions of Bail as stated above, including the Non-Domestic Stay Away Order previously issued on March 15, 2011. I understand that if I fail to abide by the terms of this order, a warrant will be issued for my arrest. I have read and understand the above agreement and terms of my release.

Signed on March 25, 2011 in New Orleans, Louisiana.

David Christenson

# Attachment 6

CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO. 522-477                                        MAGISTRATE

STATE OF LOUISIANA

VERSUS

DAVID CHRISTENSON

FILED: _____ 4·6·11 _____        _____ DDurel _____
                                          DEPUTY CLERK

## ORDER

Considering the foregoing Motion to Travel Outside of the Jurisdiction;

**IT IS HEREBY ORDERED** that David Christenson is permitted to travel to

Florida and remain there for treatment ████████████████ *in Florida.*

New Orleans, Louisiana this ___6___ day of April, 2011.

_____
JUDGE GERARD HANSEN

*Approved. Chris to Bail Bonds*
*4-5-2011*
*Rayflis Post*
*Gerard Hansen*

# Attachment 6

CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO. 522-477                                          MAGISTRATE

STATE OF LOUISIANA

VERSUS

DAVID CHRISTENSON

FILED: _____*7·6·11*_____        _____*O Durel*_____

DEPUTY CLERK

**\*FILED UNDER SEAL\***

**MOTION AND INCORPORATED MEMORANDUM**
**TO TRAVEL OUTSIDE OF THE JURISDICTION**

**NOW INTO COURT**, comes David Christenson, and through the undersigned

attorneys, respectfully submits the following Motion and Incorporated Memorandum to Travel

Outside of the Jurisdiction, for the reasons more fully detailed below.

**I.**

On March 15, 2011, Mr. Christenson was arrested on two misdemeanor charges of

cyberstalking, in violation of Louisiana Revised Statute § 14:40.3.

**II.**

Mr. Christenson is presently released on a $20,000 bond and electronic monitoring, in

addition to several other terms outlined in the conditions of release filed with the Court on March

25, 2011.

**III.**

Mr. Christenson has appointments scheduled for April ███████ and ██, 2011 with

mental healthcare professionals at the ████████████in ███████, Florida.

It is anticipated that he will continue to have appointments beyond those scheduled.

**IV.**

Accordingly, Mr. Christenson requests permission to travel outside the jurisdiction so

that he can attend these appointments.  It is further suggested to the Court that Mr. Christenson

be permitted to remain in Florida indefinitely in light of the current protective order.

# Attachment 6

**IV.**

Assistant District Attorney George Bourgeois has been contacted, and does not oppose this request.  Deputy U.S. Marshal Walter Martin, IV and F.B.I. Agent Steven Rayes have also been contacted, and do not oppose this request.

**WHEREFORE**, David Christenson, respectfully requests permission to travel outside of Orleans Parish and remain in Florida for his appointments at the ▋▋▋▋▋▋▋▋.

Respectfully submitted,

_____
William P. Gibbens, 27225
Sara A. Johnson, 31207
SCHONEKAS, EVANS, McGOEY &
    McEACHIN, L.L.C.
Poydras Center
650 Poydras Street, Suite 2105
New Orleans, Louisiana 70130
Telephone:  (504) 680-6050
Fax:  (504) 680-6051

Attorney for David Christenson

## CERTIFICATE OF SERVICE

This certifies that I served a copy of the foregoing pleading upon Assistant District Attorney George Bourgeois by fax on April 6, 2011.

_____
SARA A. JOHNSON

2

FOREVER / USA

USA

USA

USA

FOREVER / USA

Judge Robert N. Scola, Jr.
U.S. Courthouse
400 N. Miami Ave.
Room 12-3
Miami, Florida 33128

David Andrew Christenson
P.O. Box 9063
Miramar Beach, Fl. 32550

PRESS FIRMLY TO SEAL

FSC MIX Board FSC® C116916

PAPER POUCH how2recycle.info

PRES

UNITED STATES POSTAL SERVICE®

1007

33128

U.S. POSTAGE PAID
1-Day
SANTA ROSA BEACH, FL
32459
OCT 14, 21
AMOUNT
**$27.10**
R2305K140027-03

# PRIORITY MAIL EXPRESS

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

EJ 203 884 527 US

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT) PHONE ( ) ______

BOX 9063
MIRAMAR BEACH FL
32550

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**

☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT) PHONE ( ) ______

Clerk
US COURTHOUSE
400 N. MIAMI AVE
MIAMI, FL. 33128

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No. |
| --- | --- |
| | |

**ORIGIN (POSTAL SERVICE USE ONLY)**

☒ 1-Day ☐ 2-Day ☐ Military ☐ DPO

| | | | |
| --- | --- | --- | --- |
| PO ZIP Code: 32459 | Scheduled Delivery Date (MM/DD/YY): 10-15-21 | Postage: $ 27.10 | |
| Date Accepted (MM/DD/YY): 10-14-21 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON 6:00 | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 11:57 ☒ AM ☐ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Special Handling/Fragile: $ | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 27.10 | |
| Weight ☒ Flat Rate lbs. ozs. | Acceptance Employee Initials: L | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| --- | --- | --- |
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, MARCH 2019 PSN 7690-02-000-9996

15

INSPECTED BY
UNITED STATES POSTAL SERVICE









