ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd. #290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Facsimile: (650) 530-9990
Email: andrei@apatent.com
Email: marie@apatent.com

FRANK C. DUDENHEFER , JR.
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

*[Additional Counsel on Signature Page]*

JOHN P. COALE *(pro hac vice pending)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY
THE KELLY GROUP, P.C.
516 Fifth Avenue
New York, NY 10036
Telephone: (212) 704-0500
Email: jqkelly@ibolaw.com

Attorneys for Plaintiffs
DONALD J. TRUMP, the Forty-Fifth President
of the United States, LINDA CUADROS,
AMERICAN CONSERVATIVE UNION,
INDIVIDUALLY, AND ON BEHALF OF
THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, LINDA CUADROS, AMERICAN CONSERVATIVE UNION, INDIVIDUALLY, AND ON BEHALF OF THOSE SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER INC. and JACK DORSEY,<br><br>Defendants. | Case No: 3:21-cv-08378-JD<br><br>**COPIES OF LR 4-2 MATERIALS**<br><br>Hon. James Donato |

1    Served herewith are Hon. James Donato's pertinent Standing Orders: Standing Order for

2   Civil Cases Before Judge James Donato, Standing Order for Discovery in Civil Cases Before

3   Judge Donato, Standing Order for Civil Jury Trials Before Judge James Donato (LR 4-2(b)).

4

5

6   Dated: November 3, 2021                    Respectfully submitted,

7                                             LAW OFFICE OF ANDREI D. POPOVICI, P.C.

8
                                              By:   /s/ Andrei D. Popovici
9                                                   Andrei D. Popovici (234820)
                                                    andrei@apatent.com
10

11

12                                            MICHAEL J. JONES
                                              RYAN TOUGIAS
13                                            ROLAND A. PAUL
                                              SEAN M. HAMILL
14                                            IVEY, BARNUM & O'MARA
                                              170 Mason Street
15                                            Greenwich, CT 06830
                                              Telephone: (203) 661-6000
16
                                              RICHARD POLK LAWSON
17                                            GARDNER BREWER MARTINEZ
                                              MONFORT
18                                            400 North Ashley Drive
                                              Suite 1100
19                                            Tampa, FL 33602
                                              Telephone: (813) 221-9600
20                                            Facsimile: (813) 221-9611
                                              Email: rlawson@gbmmlaw.com
21

22                                            MATTHEW LEE BALDWIN
                                              VARGAS GONZALEZ HEVIA BALDWIN,
23                                            LLP
                                              815 Ponce de Leon Blvd.
24                                            Third Floor
                                              Coral Gables, FL 33134
25                                            Telephone: (305) 631-2528
                                              Facsimile: (305) 631-2741
26                                            Email: MBaldwin@VargasGonzalez.com
27
                                              *Attorneys for Plaintiffs*
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


**STANDING ORDER FOR CIVIL CASES BEFORE JUDGE JAMES DONATO**


**INTRODUCTION**

This Standing Order is a guide to counsel and parties on pretrial practices in civil cases before Judge Donato.  Counsel are required to read and comply with this order, this Court's Standing Orders for Discovery in Civil Cases and Civil Jury Trials, and the Northern District's Civil Local Rules.

**SERVICE OF THIS ORDER**

1.      The parties are reminded that this Standing Order is included in the "Supplementary Material" that must be served in accordance with Civil Local Rules 4-2 and 16-2.

**CASE MANAGEMENT CONFERENCES**

2.      Civil case management conferences are held on Thursdays at 10:00 a.m. in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

3.      The parties must file a joint case management statement addressing the standardized items required by the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statements.  The joint statement must be filed **at least seven calendar days** prior to the case management conference.  Failure to file a joint statement must be accompanied by a signed declaration explaining the grounds for that failure. Absent good cause, the parties may be subject to sanctions.  If either party is not represented by

COPIES OF LR 4-2 MATERIALS                    Case No. 3:21-cv-08378-JD

United States District Court
Northern District of California

1   counsel, separate statements may be filed, but only after the parties have made a good faith effort

2   to prepare a joint statement.

3         4.     In proposing a case schedule, the parties should agree on a trial date and work

4   backward from that date to ensure adequate time for dispositive and *Daubert* motions, class

5   certification motions, expert discovery and other events.  As a general rule, counsel should budget

6   no more than 18 months between the initial case management conference and trial.  Counsel

7   requesting longer pretrial periods must be prepared to justify that request at the initial case

8   management conference.  A trial date typically will be assigned at the initial case management

9   conference.  Once assigned, the trial date will not be changed or continued absent good cause in

10  the interest of justice.  Counsel and parties should assume that the trial date will not be moved.

11        5.     For parties with counsel, each party must be represented at the case management

12  conference by **lead counsel** prepared to address all pertinent matters and with authority to enter

13  stipulations and make admissions.  Failure of lead counsel to appear may result in sanctions.  For

14  parties without counsel, the party is expected to appear.

15        **6.     Telephonic appearances are rarely permitted at case management conferences**

16  **or motion hearings, except in exceptional circumstances and with the Court's prior approval**

17  **issued at least three court days before the appearance date.**  A conflict with another court date

18  scheduled after a date set by this Court is not an exceptional circumstance.  If a party or counsel

19  has a good-faith basis for making a request to appear by telephone, it should file the request on the

20  docket.  Do not call the Court's Courtroom Deputy with those requests.

21        7.     Any request to reschedule a case management conference must be made in writing,

22  by stipulation if possible, not less than 10 calendar days before the conference date.  Good cause

23  must be shown.  The conference date will not be rescheduled unless the Court grants the request.

24  Parties cannot change the date by stipulation.

25        8.     Pursuant to Federal Rule of Civil Procedure 26(d)(1), formal discovery should not

26  be served or initiated by any party until after the parties have conferred as required by FRCP 26(f),

27  except by stipulation or court order, or as provided for in FRCP 26(d)(2) or other rules.  The Court

28  expects that as soon as any party reasonably anticipates or knows of litigation, it will take the

United States District Court
Northern District of California

necessary, affirmative steps to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

## ELECTRONIC CASE FILING − CHAMBERS COPIES

9.      In addition to filing papers electronically, the parties are required to lodge for chambers **one** paper copy of the following:  (a) complaints; (b) notices of removal; (c) case management conference statements; (d) stipulations; (e) all motion papers, including the opening, opposition, and reply briefs, as well as any supporting declarations and exhibits; and (f) discovery dispute letters that are filed pursuant to this Court's Standing Order for Discovery in Civil Cases. Counsel should not submit chambers copies of any other documents that are electronically filed.

10.      All chambers copies must be **double-sided**, three-hole punched at the left margin and marked with the ECF stamp (case number, document number, date and page number).  These printed copies should be marked "Chambers Copy -- Do Not File" and placed in an envelope clearly labeled with the judge's name and case number.  The copies must be delivered in accordance with Civil Local Rule 5-1(e)(7).  For voluminous filings, chambers would appreciate the use of binder clips rather than staples, or submission in three-ring binders.  For documents with multiple attachments (*e.g.,* declarations with exhibits, requests for judicial notice and so on), please use side tabs that clearly separate each attached document.  For pretrial materials, please follow this Court's Standing Order for Civil Jury Trials.

## SETTING MOTIONS FOR HEARING

11.      The civil law and motion calendar is called on Thursdays at 10:00 a.m. in Courtroom 11.  Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (excepting holidays) at 10:00 a.m. consistent with the 35-day notice period in Civil Local Rule 7-2(a) or other appropriate timeline.  The Court may vacate the hearing and rule on the papers, or reset the hearing date as its calendar requires.

12.      Counsel typically will have up to 15 minutes of oral argument time per side.  The Court generally uses argument to ask questions and counsel are expected to be fully prepared to

1    discuss applicable law and the facts in the case.  Argument time will likely be extended for more

2    complex cases and motions.

3         13.    The Court has a strong commitment to supporting the development of our next

4    generation of trial lawyers.  Parties and senior counsel are encouraged to give newer practitioners

5    the opportunity to argue in court.  To that end, the Court will typically guarantee oral argument on

6    any motion handled by a lawyer with 6 or fewer years of experience.  The Court should be advised

7    that a newer lawyer is doing the argument well in advance of the hearing date.

8                                    **FORM OF SUBMISSIONS**

9         14.    On summary judgment motions, joint statements of undisputed facts are not

10   required but are helpful if completely agreed upon.  Separate statements of "undisputed facts" may

11   **not** be filed.  *See* Civil L.R. 56-2.

12        15.    Reply papers should not raise new points that could have been addressed in the

13   opening motion or brief.  Sur-replies are not permitted.  *See* Civil L.R. 7-3(d).

14        16.    The title of a submission must be sufficiently descriptive to alert the Court to the

15   relief sought; for example, please do not bury a request for continuance in the body of a

16   memorandum.

17        17.    All submissions filed with the Court must include the date and time of the hearing

18   or conference on the cover sheet.

19        18.    **Except for summary judgment and class certification motions, opening and**

20   **opposition briefs may not exceed 15 pages, and reply briefs may not exceed 10 pages.**  For

21   summary judgment and class certification motions, opening and opposition briefs may not exceed

22   25 pages, and reply briefs may not exceed 15 pages.

23        19.    The parties should not ask the Court for an order where one is not needed, *e.g.,*

24   stipulations of dismissal under FRCP 41(a)(1).  Those requests will be disregarded.

25        20.    The parties are reminded that they must inform the Court of any potentially related

26   actions pending in this District or any other federal or state court in accordance with Civil Local

27   Rules 3-12 and 3-13.

28

United States District Court
Northern District of California

1

### MOTION ADVICE

21.     Counsel should use their best judgment in deciding whether and when to bring a motion.  Not every case warrants a motion to dismiss or summary judgment.  For summary judgment in particular, counsel should carefully evaluate the extent to which fact disputes are genuine and material.  Summary judgment motions that involve disputed material facts will usually be denied promptly in a short order.

22.     As effective lawyers know, persuasive written advocacy is focused, plainly stated and supported by accurate and reliable authority.  Counsel should spare no effort to ensure that their papers are succinct and clear, and should present their arguments in descending order of strength.  Arguments buried in footnotes or raised with little authority or discussion will generally not be considered by the Court.  For example, an argument that the Court lacks personal jurisdiction over a defendant or that a party lacks standing should not be raised in a footnote or a short paragraph at the end of a brief.  If counsel believes a serious question or issue should be decided by the Court, counsel should argue it appropriately.

23.     All case citations and factual statements must be completely accurate.  A citation to a case, statute or other authority is counsel's representation to the Court that the authority stands for the proposition asserted and is good law.  A quotation of a case or other authority is counsel's representation that the quoted language is complete and present in the authority cited.  Counsel must ensure that use of ellipses or elisions in quotes does not mislead the Court or misrepresent the substance of the holding or other authority.  Counsel's representations of facts are subject to the same requirements of completeness and accuracy.  Misrepresentations of law or fact, however subtle, may result in sanctions and a referral to the District's Standing Committee on Professional Conduct.

### DISCLOSURES

24.     FRCP 26 requires certain automatic disclosures and requires them to be made in a timely manner.  Under FRCP 37(c), materials that are undisclosed or disclosed late will likely be excluded from use at trial or summary judgment unless permitted otherwise by the Court.

## SEALED DOCUMENTS

25. Any party seeking to file a document under seal must carefully review and comply with Civil Local Rule 79-5, except as that Rule is modified here for civil cases before Judge Donato.

26. The declaration and proposed order required by Civil Local Rule 79-5(d)(1) must establish, with reference to appropriate authority, that each of the following requirements is met:

a. The document or document portion is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). (Note that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).)

b. The "strong presumption of access to judicial records" may be rebutted under the appropriate legal standard, *i.e.*, the "good cause" or "compelling reasons" standard. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006) (discussing "good cause" and "compelling reasons" standards with respect to dispositive and non-dispositive motions). The declaration and proposed order must identify the appropriate standard and articulate why the materials to be sealed satisfy that standard. The reasons provided must be specific to the portions of the document sought to be sealed; "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184. Generic, non-specific reasons are not sufficient under either standard. *See id.* at 1180.

27. Any proposed order under Civil Local Rule 79-5(d)(1)(B) must include in the table for each item sought to be sealed the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations.

28. Any declaration by a Designating Party under Civil Local Rule 79-5(e)(1) must include a **new proposed order in the tabular format required by Civil Local Rule 79-5(d)(1)(B)** that includes the Designating Party's reasons for sealing the material. In addition, any declaration by a Designating Party under Civil Local Rule 79-5(e)(1) that seeks less extensive

sealing than its associated administrative motions to seal must be accompanied by **revised redacted and unredacted versions of the documents sought to be sealed** that comply with the requirements of Civil Local Rule 79-5(d)(1)(C) and (D), including the requirement that the portions sought to be sealed must be clearly marked on the unredacted version.

29.     Any declaration, whether under Civil Local Rule 79-5(d)(1)(A) or (e)(1), that claims confidentiality obligations to a non-party as a basis for sealing a document or a portion of a document must be served on the non-party as set forth in Civil Local Rule 79-5(e).  The non-party must also be notified that it must comply with the procedures set forth in that rule for Designating Parties, except that the non-party will have four days from service of the declaration -- rather than four days from the filing of the administrative motion to seal -- to file a declaration under Civil Local Rule 79-5(e)(1).

30.     All portions of documents sought to be sealed must be clearly marked on the unredacted versions of documents submitted to the Court, as required by Civil Local Rule 79-5(d)(1)(D).  The Court emphasizes this requirement, because it is usually ignored.

31.     For cases where voluminous or multiple administrative motions to seal would be filed if normal procedures were followed, parties (and any non-parties with potentially sealable information) must, upon the completion of briefing, jointly file a new, combined administrative motion to seal for all requests where sealing is unopposed.  If any requests to seal are opposed, each party or non-party making an opposed request should file a single combined administrative motion to seal covering all of their opposed requests.  If the parties anticipate that this paragraph will apply to a round of briefing, they may indicate in the initial motion to file under seal that accompanies a brief or other document as it is lodged under seal on the docket, that a more fulsome and revised motion to seal will be forthcoming after the completion of briefing pursuant to this paragraph of the Standing Order.  The later combined motion to seal that is filed should clearly identify the docket numbers of the prior motions to seal that are superseded by the combined motion.  If the Court determines that the parties should have followed this procedure but did not, it will deny the motions to seal without prejudice.

1

## COMMUNICATIONS WITH CHAMBERS

2    32.    Please do not send any letters to the Court except for discovery disputes as detailed

3    in the Court's Standing Order for Discovery in Civil Cases.  When corresponding with the Court

4    by letter, always identify the party you represent.  **Do not messenger anything directly to**

5    **chambers.**  Deliveries must be directed to the Clerk's office and are never accepted by chambers

6    personnel.

7    33.    You may contact the Courtroom Deputy, Lisa Clark, at (415) 522-2066 with

8    appropriate inquiries.  Except for the letters described above, please do not attempt to make

9    contact by telephone or any other ex parte means with chambers staff.

10

## COURTROOM CONDUCT

11    34.    Counsel and parties are required to conduct themselves with the highest level of

12    decorum and respect for each other and Court and chambers personnel while in the courtroom.

13    Cell phones and all other electronic devices must be turned off; no texting, e-mailing, or other

14    electronic communications are permitted.  While sitting in the gallery, counsel and parties should

15    avoid conversation unless absolutely necessary for the appearance.  Once a case is called and

16    counsel appear, all communications must be directed only to the Court.  Counsel shall not address

17    each other directly unless the Court expressly permits them to do so.  All statements and citations

18    made to the Court during oral argument will be held to the same standards stated above in

19    Paragraph 23.

20

## CROSS REFERENCE TO OTHER STANDING ORDERS

21    35.    The Court has separate standing orders for civil jury trials, discovery in civil cases,

22    and patent cases.  They are available for review at the website for the United States District Court

23    for the Northern District of California at www.cand.uscourts.gov/jdorders.

24    **IT IS SO ORDERED.**

25    Dated:  January 5, 2017

26

27    _____
      JAMES DONATO
      United States District Judge

28

United States District Court
Northern District of California

1
2
3
4        UNITED STATES DISTRICT COURT
5        NORTHERN DISTRICT OF CALIFORNIA
6
7  **STANDING ORDER FOR DISCOVERY IN CIVIL CASES BEFORE JUDGE DONATO**
8
9               **INTRODUCTION**
10        The purpose of this Standing Order is to address recurring practical questions that arise
11  during discovery, and provide parties with the views of this Court so that they can plan discovery
12  accordingly.  This order is designed to supplement this Court's Standing Order for Civil Cases,
13  and applies only to cases in which discovery is supervised by this Court rather than a magistrate
14  judge or a special master.
15        For good cause, the parties may propose modifications to the provisions of this Standing
16  Order in their joint case management conference statement.  Unless and until modified, however,
17  the following provisions shall supplement the requirements of the Federal Rules of Civil
18  Procedure and the Civil Local Rules in all civil cases before this Court.
19               **DISCOVERY CUT-OFFS**
20        1.        Stipulations for extensions of discovery cut-offs set by the Court are not permitted.
21  Cut-offs can be extended only by order of the Court.
22        **RESPONDING TO REQUESTS FOR DOCUMENTS AND MATERIALS**
23        2.        In responding to requests for documents and materials under FRCP 34, all parties
24  shall affirmatively state in a written response the full extent to which they will produce materials,
25  and shall, promptly after the production, confirm in writing that they have produced all such
26  materials so described that are locatable after a diligent search of all locations at which such
27  materials might plausibly exist.  It is not sufficient to state that "responsive" materials will be or
28

United States District Court
Northern District of California

have been produced.  Such a response leaves open the distinct possibility that other responsive materials have not been produced.

3.      In searching for responsive materials in connection with FRCP 34 requests or for materials required to be disclosed under FRCP 26(a)(1), parties must search computer or electronic files, e-mails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources where materials of the type to be produced might plausibly be expected to be found.

4.      At the time of production, the producing party shall also provide the following information as if it were a response to a standing interrogatory:  the specific custodian, source and location for each produced item, using unique identifying numbers to specify documents or ranges.  Produced materials should bear unique identifying Bates numbers on each page.

5.      To the maximum extent feasible, all parties' files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

6.      Except for good cause, no item shall be received as case-in-chief evidence if the proponent failed to produce it in response to a reasonable and proper discovery request covering the item, regardless of whether the other party moved to compel production.  A burden, overbreadth or similar objection shall not be a valid reason for withholding requested, responsive materials actually known to counsel or the party.

7.      Privilege logs shall promptly be provided and must be sufficiently detailed and informative to justify the privilege.  *See* FRCP 26(b)(5).  No generalized claims of privilege or work product protection are permitted.  With respect to each communication for which a claim of privilege or work product is made, the asserting party must, at the time of assertion, identify:

      a.    all persons, by name, title and/or job position, making or receiving the privileged or protected communication;

      b.    the date of the communication; and

      c.    the subject matter of the communication.

United States District Court
Northern District of California

1    Failure to furnish this information at the time of the assertion may be deemed a waiver of the

2    privilege or protection.

3                                          **DEPOSITIONS**

4          8.      In scheduling depositions, counsel are expected to cooperate with and be courteous

5    to each other and the witness.  Absent extraordinary circumstances, counsel shall consult in

6    advance with opposing counsel and unrepresented proposed deponents to schedule depositions at

7    mutually convenient times and places.  Unavailability of counsel shall not be grounds for deferring

8    or postponing a deposition if another attorney from the same firm or who represents a party with

9    similar interests to that witness is able to attend.  Ordinarily, if one side desires a prompt

10   deposition, the other side is expected to agree to dates falling within 30 days of the request.

11   Parties should typically provide at least 7 calendar days between the request and the deposition.

12         9.      Witnesses subpoenaed to also produce documents should ordinarily be served at

13   least 30 days before the scheduled deposition, and arrangements should be made to permit

14   inspection of the documents before the deposition commences.  Extra copies of documents used

15   during the deposition should ordinarily be provided to opposing counsel and the deponent.

16   Deponents should be shown a document before being examined about it, except when counsel

17   seek to impeach or test the deponent's recollection.

18         10.     Reasonable breaks shall be excluded from calculation of deposition time under

19   FRCP 30(d)(1).  Unless the parties agree otherwise, a day-long deposition should have a 15-

20   minute morning break, a lunch break of reasonable duration (for example, 45 minutes), and a 15-

21   minute afternoon break.

22         11.     A deponent's time spent reviewing a document tendered for the examination will

23   count against the FRCP 30(d)(1) limits.  However, a deponent may not eat up the clock by

24   insisting on reviewing the entirety of a lengthy document when only a small portion of it is subject

25   to questioning.  For example, if asked about a page or two in a 50-page document, the deponent is

26   free to review as much as he or she believes is necessary -- off the clock.  Only a reasonable

27   amount of review time shall be counted toward the FRCP 30(d)(1) examination day.

28

United States District Court
Northern District of California

12.     If any objection to a request for materials is overruled, and if the disputed request was due and pending at the time of a deposition, the withholding party or counsel must, at the request of any other party, re-produce all deponents under its control or represented by them for further deposition examination as to any new materials produced in response that are germane to that deponent.  The withholding party or counsel must also bear the expense of the other parties in attending the corrective depositions.  A party objecting to producing requested materials may not use the existence of its own objections as a basis for postponing any deposition unless such party promptly meets and confers with the other side and then, if failing to reach an agreement, brings a prompt motion for a protective order or advises the Court of the dispute pursuant to Paragraph 18 below.

13.     Counsel and parties shall comply with FRCP 30(c)(2).  Deposition objections must be as to privilege or form only.  Speaking objections are prohibited.  Under no circumstances should any counsel interject, "if you know," "if you understand," or otherwise coach a deponent or comment on a question.  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.  Private conferences between deponents and attorneys about the substance of the testimony while the witness is under oath are improper and prohibited, including on breaks during the deposition, except for the sole purpose of determining whether a privilege should be asserted.  Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.  Counsel will be subject to sanctions if they consistently impede or otherwise unreasonably delay the fair examination of the deponent.

14.     Deponents and their counsel must make a good faith effort to prepare for depositions and to refresh witnesses' memories on important matters in the suit about which the witness reasonably should be expected to have knowledge.  Deponents who claim to lack recollection during their deposition but who later claim at trial to have had their memories refreshed in the interim, may be, among other things, impeached with their previous failures of

United States District Court
Northern District of California

1    recollection during their depositions or be subject to preclusion.  In preparing a deponent,

2    defending counsel shall segregate and retain all materials used to refresh the deponent's memory

3    and provide them to examining counsel at the outset of the deposition.

4        15.    To the maximum extent feasible, deposition exhibits shall be numbered in a simple

5    manner that will allow the same numbering at trial.  In discovery, counsel shall agree on blocks of

6    exhibit numbers to be used by the respective parties.  Identical exhibits should not be re-marked,

7    but various versions of the same document, such as copies with handwritten notes added, should

8    be separately marked if used.  *See* Civil L.R. 30-2(b).

9    **30(b)(6) DEPOSITIONS**

10       16.    With respect to depositions under FRCP 30(b)(6), the fundamental purpose is to

11   allow a party to notice a deposition by subject matter, thereby requiring the respondent to

12   designate and to produce one or more organization witnesses knowledgeable on the designated

13   topic, a useful procedure when the roles of percipient witnesses controlled by an adverse party are

14   unknown.  In some cases, however, counsel routinely appear to notice Rule 30(b)(6) depositions

15   on numerous and wide-ranging topics, including even the basis for "contentions" made by adverse

16   parties.  To obviate disputes and to give guidance, these rules will be enforced:

17       a.    Without a prior order increasing the limit, a party may seek Rule 30(b)(6)

18   depositions from another party on up to a total of 10 subject matters (for the entire case) described

19   with reasonable particularity.  In framing the subjects, it is normally improper to ask for Rule

20   30(b)(6) deponents to testify concerning the entire basis of a claim or defense.  On the other hand,

21   proper subjects, which would require the respondent to find and to produce knowledgeable

22   deponents, would include topics such as "the time line of research and development leading to the

23   invention in question" or "the efforts undertaken by defendant to locate documents responsive to

24   plaintiff's document request."  If a 30(b)(6) notice includes an overbroad topic, the overbroad

25   topic shall be unenforceable and may not later be replaced with a proper topic.  In other words, an

26   overbroad topic burns one of the 10 subject matters and cannot be replaced with a substitute unless

27   the Court so orders.

28

United States District Court
Northern District of California

b. Each witness-designee deposed for one half-day or more in a Rule 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit under FRCP 30 or under any case management order setting a limit on the number of depositions.  A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity.  Both such sessions shall count together as a single deposition so long as the total time does not exceed 7 hours as proscribed by FRCP 30(d)(1) (although the sessions should be separately transcribed).  If two designees are deposed, each for one half-day or more, then they count as two depositions.

c. Rule 30(b)(6) testimony is never an irrebuttable judicial admission.  It will normally, however, be evidence admissible against the organization producing the witness.  The jury may, upon request, be instructed on the significance of the testimony under Rule 30(b)(6).

## EXPERTS

17. FRCP 26(a)(2)(B) requires disclosure of all opinions, bases, reasons and other information considered by an expert.  Unless otherwise agreed to by the parties and ordered by the Court, counsel shall preserve all drafts of expert reports (partial or complete), notes and other evidence of communications with experts (or with any intermediaries between counsel and the experts) on the subject of the expert's actual or potential testimony, and shall instruct their experts and any intermediaries to do likewise.  These materials, however, need not be produced absent the showing required by FRCP 26(b)(3) and (4).

## DISCOVERY DISPUTES

18. The Court typically will retain all discovery disputes for resolution.  All requests for discovery relief, other than those that arise during a deposition, must first be summarized in a letter no longer than three pages from the party seeking relief after having met and conferred as follows:  (a) the parties shall meet and confer in person, or, if counsel are located more than 50 miles apart, by telephone, to attempt to resolve their dispute informally, and (b) a mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.  The party filing the letter must certify in the first paragraph of the letter that it has met and conferred with the other side pursuant to this Order and the Civil Local Rules.

United States District Court
Northern District of California

19.     The letter to the Court must attach an <u>excerpt</u> of the disputed discovery request and the corresponding, served response.  No other documents shall be attached or provided pending further order by the Court.

20.     The signature block of the letter should identify which party counsel represents. The letter should be electronically filed, as should a timely letter cancelling any conference or hearing scheduled by the Court if settlement is reached.  (Please note that the filing party <u>must submit chambers copies</u> of these letters as explained in this Court's Standing Order for Civil Cases.)  The Court will then advise the parties whether a response, written motion, a telephone conference or court hearing will be required.  The Court may also order <u>lead counsel</u> to appear for a meet-and-confer in person at the court.  After the telephone conference or hearing, if any, counsel should submit their proposed order (agreed as to form) by e-filing it.  This paragraph applies only to cases wherein discovery is being supervised by the Court rather than by a magistrate judge or special master.

21.     If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege or the work product doctrine, counsel may attempt to arrange a telephone conference with the Court through the Courtroom Deputy, Lisa Clark, at (415) 522-2066.  Any such conference should be attended by the same court reporter recording the deposition.

**IT IS SO ORDERED.**

Dated:  April 25, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL JURY TRIALS BEFORE JUDGE JAMES DONATO**

These requirements and guidelines apply to all civil cases to be tried to a jury before Judge Donato, unless the parties have specifically been ordered otherwise in their case.

## INVITATION TO COUNSEL AND PARTIES

The Court encourages parties and their lawyers to use juries to resolve disputes subject to trial. Counsel and their clients are invited to think creatively about ways to minimize trial costs, enhance jury comprehension and deliberations, and maximize trial efficiency. Counsel should include discussion of ideas along these lines in the communications leading up to the pretrial filings and conference. The Court will consider all reasonable proposals, particularly ones made jointly by the parties.

## SCHEDULING OF PRETRIAL CONFERENCE AND MEETING

1. The Court will schedule a final pretrial conference 19 days before the start of trial. Pretrial conferences are held on Thursdays at 1:30 p.m. in Courtroom 11, 19th Floor, United States Courthouse, San Francisco, California. The pretrial materials detailed here must be filed 14 days before the final pretrial conference. Lead trial counsel must meet and confer about the preparation of the joint pretrial materials no later than 30 days before they are due. Lead trial counsel and a primary party representative must also personally attend the final pretrial conference.

## PRETRIAL FILINGS

2. The parties must file these pretrial documents no later than 14 days before the final pretrial conference (this date will be referred to as "the pretrial filings due date"). Two three-hole punched, double-sided chambers copies of these materials must be delivered to the Clerk's office

by noon the day after filing.  Failure to file a required document may result in sanctions, including a finding that an argument or request has been waived, and failure to conform to page limitations and filing deadlines may result in a filing being disregarded or stricken.

3. **Joint Pretrial Statement**.  The parties will file a **joint** pretrial statement, signed and vetted by all lead trial counsel, that contains the following information:

    i. *Substance of the Action*:  A brief description of the substance of the claims and defenses which remain to be decided.

    ii. *Relief Requested*:  A statement of all relief sought, itemizing all elements of damages claimed.

    iii. *Undisputed Facts*:  A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    iv. *Disputed Factual Issues*:  A statement of all relevant disputed facts that remain to be decided.

    v. *Disputed Legal Issues*:  Without extended legal argument, a brief statement of disputed points of law concerning liability and relief.

    vi. *Stipulations*:  A statement of stipulations requested or proposed.

    vii. *Bifurcation*:  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

    viii. *Settlement*:  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    ix. *Estimate of trial length*:  An estimate of the total length of the trial.

4. **Trial Brief**.  Each party will serve and file a trial brief, not to exceed 10 pages, specifying each cause of action and defense remaining to be tried along with a statement of the applicable legal standard.

5. **Motions In Limine**.  The parties are expected to work together in good faith to resolve evidentiary issues before the pretrial conference.  If disputes remain, the Court will allow up to 8 motions in limine per *side*, each addressing a single specific evidentiary issue, to be served and filed as follows:

    i. At least 14 days before the pretrial filings due date, counsel must serve, but not file, the moving papers.

United States District Court
Northern District of California

ii.   At least 4 days before the pretrial filings due date, the responding party must serve, but not file, the oppositions.

iii.   The moving party should then collate each motion and opposition together and file the paired sets along with that party's other pretrial materials on the pretrial filings due date.

iv.   No brief in support or opposition of a motion in limine may exceed **3 pages** in length, and proposed orders need not be prepared.  Reply briefs are not permitted.

6.   Motions in limine should be used for evidentiary issues that require a ruling in advance of trial.  They are not substitutes for summary judgment or other dispositive motions, or motions to exclude expert testimony.  Motions in limine may not be used to request summary judgment or raise *Daubert* challenges unless the Court has specifically granted prior approval.

7.   **Proposed Jury Instructions And Verdict Forms**.  The parties must file a joint set of proposed jury instructions, arranged in the order the parties propose the Court give the instructions.  The parties should use the Ninth Circuit Model Jury Instructions to the fullest extent possible.  Modifications and "custom" proposed instructions are discouraged.  If offered, they should be clearly identified as such.

8.   Undisputed instructions must be identified as "Stipulated Instruction No. __ Re _____," with the blanks filled in as appropriate.  For disputed instructions, each party's proposed version must be provided and identified as, "Disputed Instruction No. __ Re _____ Offered by _____," with the blanks filled in as appropriate.  All proposed versions of the same instruction should bear the same number.

9.   Following each set of competing versions of a disputed instruction, each party may explain, in no more than two pages, why the Court should give that party's proposed instruction.  Any party taking the position that an instruction should not be given at all may submit a two-page explanation of its position in lieu of a counter-version.

10.   The parties must also file a joint proposed verdict form, using the same process.

11.   The parties must e-mail a Microsoft Word version of the proposed jury instructions and verdict form to jdpo@cand.uscourts.gov by noon the day after the pretrial filings due date.  The parties should not submit proposed preliminary instructions, which the Court will do on its own in a draft to which the parties may propose modifications.

United States District Court
Northern District of California

12.     **Voir Dire**.  As a general matter, the Court will handle voir dire based on questions proposed by the parties that the Court agrees to ask.  If the parties would like the Court to consider particular voir dire questions, they should file a joint set of proposed questions.  There is no need to include basic background questions such as name, occupation, education and so on.  The Court has standard questions prepared on those topics.  If the parties disagree on any proposed question, the disagreement should be noted and explained, in no more than one page per party.

13.     A Microsoft Word version of the proposed voir dire questions should be e-mailed to jdpo@cand.uscourts.gov by noon the day after the pretrial filings due date.

14.     **Witness List**.  The parties must file by the pretrial filings due date a joint list of all witnesses who are likely to be called at trial (other than solely for impeachment or rebuttal purposes), including a brief statement describing the substance of the testimony to be given by each witness and an estimate of minutes or hours the witness's testimony is expected to take (direct and cross).

15.     **Exhibit Lists**.  The parties must jointly file by the pretrial filings due date two separate charts of proposed documentary exhibits, with one chart summarizing those exhibits that the parties agree are admissible and another chart summarizing those exhibits for which admissibility is disputed.  The chart of disputed exhibits must identify the objecting party and include succinct summaries of the objection and the response, with authority that supports the parties' respective positions.  Both charts must also include the following information as to all exhibits:  (1) exhibit number; (2) name or brief description of the exhibit; and (3) the exhibit's purpose and sponsoring witness.

## JURY MATERIALS

16.     Counsel should focus intensely on ways of enhancing the jury's comprehension of trial testimony and evidence.  To that end, the parties will jointly prepare by the first day of trial notebooks for the jury's use.  Each notebook will be a 1-inch three-ring black binder with a plastic slip pocket on the cover.  Each binder should have a title page inserted in the slip pocket with the name and case number of the action in large print.  Inside the binder, the parties will provide 50 pages of lined notepaper clipped into the rings.  The parties should consider including a glossary

United States District Court
Northern District of California

of acronyms or specialized terms that they expect to come up during trial.  The glossary needs to be jointly prepared and approved by the Court before it goes to the jury.  For each witness, the sponsoring party will hand out a photograph captioned with the witness's name and printed on a full sheet of paper that is hole-punched for the binder.  The photograph must consist of a head-shot of the witness dressed as he or she appears on the stand.  The photograph will be handed to the jury before the witness's testimony starts.

17.     In most cases, exhibits admitted into the record will be made available to the jury in searchable electronic form on a computer in the jury room.  Please consult with Lisa Clark, the Courtroom Deputy, on the requirements for this system.  More information can also be found on the Court's website at http://www.cand.uscourts.gov/jurypc.

18.     This is a non-exclusive list of jury materials.  The Court is happy to consider other ideas from counsel at the pretrial conference.

19.     The Court has found that juries benefit considerably from the opportunity to ask questions at trial.  Jurors typically will be allowed to submit questions in writing before a witness is excused.  The Court will discuss the questions with counsel before deciding whether to ask them of the witness.

## COURTROOM TECHNOLOGY

20.     Courtroom 11 is fully set up for the electronic display of evidence to the jury, the Court and opposing counsel.  Counsel should plan on using this system.

## EXHIBITS

21.     The parties must provide two sets of all trial exhibits -- double-sided and three-hole-punched in three-ring binders, with each exhibit tagged and separated by a label divider identifying the exhibit number.  These sets must be delivered to the Court on the morning of the first day of trial.

22.     Prior to the final pretrial conference, counsel must meet and confer in person over all exhibit numbers and objections and to weed out duplicate exhibits and confusion over the precise exhibit.  Parties should use numbers only, not letters, for exhibits, and preferably the same

1  numbers as were used in depositions.  The parties should work in good faith to resolve authenticity

2  concerns.

3      23.    Blocks of numbers should be assigned to fit the needs of the case (e.g., Plaintiff has

4  1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.).  A single exhibit should

5  be marked only once.  If the plaintiff has marked an exhibit, then the defendant should not re-mark

6  the exact document with another number.  Different versions of the same document, e.g., a copy

7  with additional handwriting, must be treated as different exhibits with different numbers.

8      24.    To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked

9  and referred to as "Trial Exhibit No. __," and not as "Plaintiff's Exhibit" or "Defendant's

10  Exhibit."  If an exhibit number differs from that used in a deposition transcript, then the deposition

11  transcript must be conformed to the new trial number if and when the deposition testimony is read

12  to the jury (so as to avoid confusion over exhibit numbers).  The jury should always hear any

13  given exhibit referred to by its trial number.  There should be no competing versions of the same

14  exhibit number; any discrepancies must be brought to the Court's attention immediately.

15      25. Each exhibit shall be tagged in the following form:

16

17              UNITED STATES DISTRICT COURT
18              NORTHERN DISTRICT OF CALIFORNIA
                **TRIAL EXHIBIT 100**
19              CASE NO. _____
20              DATE ENTERED_____
21              BY _____
22                      DEPUTY CLERK

23  The tag should be placed on or near the lower right-hand corner or, if a photograph, on the back.

24  Counsel should fill in the case number but leave the last two spaces blank.

25      26.    The parties must jointly prepare a single set of all trial exhibits (a copy set of which

26  must be provided as noted above) that will be the official record set to be used with the witnesses,

27  in the jury room, and on appeal.

28

United States District Court
Northern District of California

27.     Counsel should move exhibits into evidence as soon as the foundation is laid. Counsel must consult with each other and with the Courtroom Deputy at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.

28.     Before the closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order. Counsel must jointly provide a revised list of all exhibits actually in evidence (and no others), stating the exhibit number and a brief, non-argumentative description (e.g., letter from A.B. Case to D.E. Frank, dated August 17, 1999). This joint list will go into the jury room to help the jury sort through exhibits in evidence.

## WITNESSES

29.     A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 4 p.m. two calendar days before calling the witness to the stand. For example, a witness that will be called on Wednesday must be disclosed to the other parties by Monday at 4 p.m. Any party that has an objection must alert the Court as soon as possible but no later than the end of the day before any witness is to be called, and the Court will take up the objection outside the presence of the jury.

30.     Only the tagged exhibit should be shown to witnesses. Before the examination begins, counsel must retrieve the tagged exhibits to be used and have them at the ready.

31.     The parties must have all upcoming witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

## DEPOSITION AND DISCOVERY DESIGNATIONS

32.     Unless otherwise ordered, no later than 5 days before trial is set to begin, the parties must jointly file all excerpts of deposition testimony or other discovery responses that will be offered by any party at trial for any reason other than impeachment or rebuttal. The parties must meet and confer about these designations no later than 21 days before trial. By the 5-day-before-trial deadline, each party must also submit any counter-designations or objections it may have to the deposition testimony or discovery designated by any other party. The Court strongly favors use of deposition videos over reading a transcript in court.

United States District Court
Northern District of California

1

## TRIAL SCHEDULE & TIMEKEEPING

2     33.     The Court's usual trial schedule is Monday, Tuesday, Wednesday and Friday from

3     9 a.m. to 2:30 p.m.  There will be two breaks of about 20 minutes each but no lunch break.  Trial

4     usually will not take place on Thursdays, although this might happen depending on the

5     circumstances of the case.  Any matters that need to be heard outside the presence of the jury will

6     usually be addressed at 8:30 a.m. on trial days.

7     34.     Each side must designate an official "timekeeper" who will keep track of the

8     number of minutes and hours of trial time used by each side.  The timekeepers for both sides must

9     check their tracked time against the time noted in the Court's daily report, and must confer with

10    the Courtroom Deputy about any perceived discrepancies on a daily basis.  The Courtroom Deputy

11    has the final word on the time count.

12

## OPENING STATEMENTS

13    35.     Each side will receive a time limit for its opening statement (to be determined at the

14    final pretrial conference).  As a general rule, openings will not exceed 30 minutes per side.

15    Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be

16    used in the opening statements, allowing for time to work out objections and any reasonable

17    revisions.  Counsel must be prepared to proceed with opening statements as soon as the jury is

18    sworn.  Counsel are advised that jury selection is typically completed in a half day and they should

19    assume they will make opening statements later on the same day.

20

## MOTIONS

21    36.     Prior to filing any motions during trial, the moving party must first discuss the

22    proposed motion with the Court.

23

## OBJECTIONS AND SIDEBARS

24    37.     When making objections, counsel should stand and state only the legal grounds for

25    the objection and must withhold all further comment or argument unless elaboration is requested

26    by the Court.

27

28

United States District Court
Northern District of California

38.     The Court does not permit sidebars or other distractions when the jury is present. Counsel should not ask for them.  Any pressing issues can be dealt with on a break or before or after the jury is present for the day.

### **SETTLEMENTS AND CONTINUANCES**

39.     Cases cannot be taken off calendar -- and trial dates will not be moved -- based on settlements "in principle."  Unless and until a stipulated dismissal or judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and/or proceed to trial on the trial date.  Only a continuance in advance expressly approved by the Court will release counsel and the parties from their obligation to proceed.

40.     Counsel should try to resolve or settle cases no later than 24 hours before the jury pool is called to the courthouse and before the close of business on a Friday.  Civil Local Rule 40-1 provides that jury costs may be assessed as sanctions for failure to provide the Court with timely written notice of a settlement.  If a case settles less than 24 hours before the jury pool is scheduled to appear, or over the weekend before a Monday trial call, the parties will be required to pay the Court's jury costs (typically the per diem and mileage for each member of the jury pool) in equal shares in addition to any agreed-upon settlement amounts.

**IT IS SO ORDERED.**

Dated:  January 5, 2017

_____
JAMES DONATO
United States District Judge

1

**CERTIFICATE OF SERVICE**

2         I hereby certify that I filed the foregoing document entitled COPIES OF LR 4-2

3    MATERIALS via CM/ECF and served a copy on counsel of record through CM/ECF on

4    November 3, 2021.

5

6    Dated: November 3, 2021

7

8

9                                  By:    */s/ Andrei D. Popovici*
                                          Andrei D. Popovici
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28