JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
THE KELLY GROUP, P.C.
516 Fifth Avenue
New York, NY 10036
Telephone: (212) 704-0500
Email: jqkelly@ibolaw.com

FRANK C. DUDENHEFER , JR. *(pro hac vice pending)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd. #290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Facsimile: (650) 530-9990
Email: andrei@apatent.com
Email: marie@apatent.com

MARIA CRISTINA ARMENTA (177403)
CREDENCE ELIZABETH SOL (219784)
ARMENTA & SOL, PC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Tel.: 858-753-1724
Fax: 310-695-2560
Email: cris@crisarmenta.com
Email: credence@crisarmenta.com

*[Additional Counsel on Signature Page]*

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DONALD J. TRUMP, the Forty-Fifth President of the United States, LINDA CUADROS, AMERICAN CONSERVATIVE UNION, INDIVIDUALLY, AND ON BEHALF OF THOSE SIMILARLY SITUATED

Plaintiffs,

v.

TWITTER INC. and JACK DORSEY,

Defendants.

Civ. No: 3:21-cv-08378-JD

**PLAINTIFFS' UNOPPOSED ADMINISTRATIVE MOTION TO ENLARGE TIME, SET BRIEFING SCHEDULE, AND MODIFY PAGE LIMITS; STATEMENT OF NON-OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION [LOCAL RULES 6-3 AND 7-11]**

Hon. James Donato

## I. INTRODUCTION

Plaintiffs bring this administrative motion pursuant to Local Rules 6-3 and 7-11 to request an enlargement of time for Defendants to respond to the Amended Complaint on file in this action, set a briefing schedule for Plaintiff's pending Motion for Preliminary Injunction and Defendants' anticipated Motion to Dismiss, and modify the page limits for briefing such motions, as more specifically set forth below. Defendants do not oppose the relief sought herein. *See* Declaration of M. Cris Armenta in Support of Unopposed Motion to Enlarge Time, Set Briefing Schedule, and Modify Page Limits ("Armenta Decl.") ¶ 6.

## II. BACKGROUND

Plaintiffs do not disagree with the factual statements describing the procedural background of this case as set forth in Defendants' Motion to Enlarge Time, etc., filed in this matter on November 4, 2021. Dkt. 121. After Defendants filed that motion, asking for a one-week extension of their time to respond to the Amended Complaint and expanded page limits, the parties met and conferred further and were able to reach agreement on the proposed briefing schedule and page limit modifications set forth below. Plaintiffs do not oppose the more limited relief sought by Defendant's Motion to Enlarge Time as an interim measure to allow more time for the Court to consider this motion, if necessary. Armenta Decl. ¶ 6.

## III. ARGUMENT

Another class action that may be related to or subject to a motion for consolidation with this case is currently pending in this district. *Trump, et al. v. YouTube, et al.*, Civ. No. 21-cv-08009-JSW, was previously transferred to this district and assigned to the Hon. Jeffrey S. White. The parties in this case and in the *YouTube* class action will be briefing substantially the same motions for preliminary injunction and anticipated motions to dismiss. *Id.* ¶ 4. These claims arose out of substantially the same transactions and events, including the conduct of government officials to coerce, encourage, and participate in the social media defendants' censorship of Plaintiffs' speech. The core legal issues in both cases are substantially the same: (a) whether

Section 230 of the Communications Decency Act, as applied, is constitutional; (b) whether the government's coercion and encouragement of, and participation in, censorship by the social media defendants subjects the defendants to the constraints imposed by the First Amendment by virtue of the state action doctrine; and (c) whether the social media defendants, therefore, violated the First Amendment, when they deplatformed or banned the Plaintiffs.

Judge White has already entered a stipulated scheduling order for briefing on the motion for preliminary injunction and motion to dismiss in the *YouTube* case that is very similar to the briefing schedule proposed below for this case. *Id.* ¶ 4. Plaintiffs shortly will bring an administrative motion under Local Rule 3-12(b) to determine whether the *YouTube* class action and this case should be related. In the alternative, Plaintiffs will bring a motion to consolidate the cases under Fed. R. Civ. Proc. 42(a). *Id.* Relating or consolidating the cases would conserve judicial resources and avoid the risk that two different courts might make inconsistent rulings affecting the rights and interests of class members. In the event the cases are related or consolidated and this case is re-assigned to Judge White, it would be logical and efficient to enter parallel briefing schedules.[1]

In addition, Plaintiffs respectfully submit that they need the requested additional time and pages for briefing on the Motion for Preliminary Injunction and Motion to Dismiss in order to adequately address the complex arguments and issues presented by those motions. Increasing the page limits to 25 pages per brief also will allow the parties to more comprehensively discuss the issues, thus assisting the Court in rendering its decision. Plaintiffs will suffer substantial prejudice if the Court does not grant the requested relief. *Id.* ¶ 5.

Finally, Plaintiffs request that the Fed. R. Civ. P. 26 requirements re Initial Disclosures be deferred until after the Motion for Preliminary Injunction and Motion to Dismiss have been ruled

[1] A third class action, *Trump, et al., v. Facebook, et al.*, Civ. No. 1:21-cv-22440-KMW, is presently pending in the U.S. District Court for the Southern District of Florida. Defendants have moved to transfer that action to this Court. In the event the motion to transfer is granted, Plaintiffs also will seek a determination that the *Facebook* case should be related to or consolidated with the *YouTube* and *Twitter* actions.

upon by this Court. *Id.* ¶ 2. This request is made because the issues to be resolved by the Court in those motions will have a significant effect on the trajectory of the case.

**IV. RELIEF REQUESTED**

For the reasons stated above, Plaintiffs respectfully request that the Court enter the accompanying proposed order providing that:

1. Plaintiffs' Motion for Preliminary Injunction (Dkt. 62), filed in the Southern District of Florida prior to the transfer of this action to this district, shall constitute the moving papers in support of Plaintiffs' Motion for Preliminary Injunction before this Court;

2. The time for Defendants to file their Motion to Dismiss the Amended Complaint is extended from November 11, 2021 to December 9, 2021;

3. Defendants' Opposition to the Motion for Preliminary Injunction shall be filed no later than December 9, 2021;

4. Plaintiffs' Reply in support of the Motion for Preliminary Injunction shall be filed no later than January 13, 2022;

5. Plaintiffs' Opposition to the Motion to Dismiss shall be filed no later than January 13, 2022;

6. Plaintiffs' Reply in support of the Motion to Dismiss shall be filed no later than February 4, 2022;

7. The hearing on the Motion to Dismiss and the Motion for Preliminary Injunction shall be set on the first available date on or after February 18, 2022;

8. The page limits for all of the above briefs shall be extended to 25 pages (exclusive of title page, index of cases, table of contents, exhibits, and affidavits or declarations); and

//

//

//

//

PLAINTIFFS' UNOPPOSED ADMIN. MOTION TO ENLARGE TIME, SET BRIEFING SCHEDULE, AND MODIFY PAGE LIMITS

Civ. No: 3:21-cv-08378-JD

3

9. The parties' obligations to make initial disclosures pursuant to Fed. R. Civ. P. 26 shall be deferred until after the Motion for Preliminary Injunction and Motion to Dismiss have been ruled upon by this Court.

Dated: November 6, 2021         Respectfully submitted,

ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.

By:   */s/ Marie L. Fiala*
        Marie L. Fiala (79676)

JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
THE KELLY GROUP, P.C.
516 Fifth Avenue
New York, NY 10036
Telephone: (212) 704-0500
Email: jqkelly@ibolaw.com

FRANK C. DUDENHEFER , JR. *(pro hac vice pending)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

MARIA CRISTINA ARMENTA (177403)
CREDENCE ELIZABETH SOL (219784)
ARMENTA & SOL, PC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Tel.: 858-753-1724
Fax: 310-695-2560
Email: cris@crisarmenta.com
Email: credence@crisarmenta.com

MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000

RICHARD POLK LAWSON *(pro hac vice pending)*
GARDNER BREWER MARTINEZ MONFORT
400 North Ashley Drive
Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
Email: rlawson@gbmmlaw.com

*Attorneys for Plaintiffs*