JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com
Email: mjones@ibolaw.com

FRANK C. DUDENHEFER , JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI,
P.C.
2121 North California Blvd. #290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Facsimile: (650) 530-9990
Email: andrei@apatent.com
Email: marie@apatent.com

M. CRIS ARMENTA (177403)
CREDENCE ELIZABETH SOL (219784)
ARMENTA & SOL, PC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
Tel.: 858-753-1724
Fax: 310-695-2560
Email: cris@crisarmenta.com
Email: credence@crisarmenta.com

*[Additional Counsel on Signature Page]*
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, KELLY VICTORY, AUSTEN FLETCHER, AMERICAN CONSERVATIVE UNION, ANDRES BIAGGIANI, MARYSE VERONICA JEAN-LOIUS, NAOMI WOLF, AND FRANK VALENTINE, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC, and SUNDAR PICHAI, Defendants. | Case No: 4:21-CV-08009-JSW<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE; MEMORANDUM OF POINTS AND AUTHORITIES [FED.R.CIV.PROC. 42(a)]**<br><br>Hearing Information:<br>Date:     January 21, 2022<br>Time:     9:00 a.m.<br>Place:     Submitted, or if the Court sets an oral argument, https://cand-uscourts.zoomgov.com/j/1606745157?pwd=Q1FSb2lwcitwS1BYUDc0L2VXekR0UT09<br>(Webinar ID 160 674 5157, Password 271988)<br><br>Complaint Filed:    October 13, 2021<br>Transferred:       November 4, 2021 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 21, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Jeffrey S. White, Courtroom 2, 17th floor of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will and hereby do move for an order consolidating the following three cases: (1) *Donald J. Trump, et al., v. YouTube, LLC, et al.*, Civ. No: 4:21-cv-08009-JSW ("*YouTube*"); (2) *Donald J. Trump, et al., v. Twitter Inc., et al.*, Civ. No: 3:21-cv-08378-JD ("*Twitter*"); (3) *Donald J. Trump, et al., v. Facebook Inc, et al.*, Civ. 4:21-cv-09044-JSW ("*Facebook*").

This Motion will be based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of M. Cris Armenta in Support of Plaintiffs' Motion to Consolidate; any additional evidence or argument presented at or before the hearing on this matter; and all pleadings on file in this action and in the *Twitter* and *Facebook* actions.

Pursuant to The Hon. Jeffrey S. White's Scheduling Notes, take notice that "[p]ending further order of the Court, all civil law and motion matters will be submitted on the papers. *See* General Orders 72, 73." "If the Court determines a hearing is required, the hearing will be conducted by ZOOM or AT&T Teleconference during the Court's normal law and motion calendar at 9:00 a.m. The Court will follow its usual procedure by posting a Notice of Tentative Ruling and/or Questions for Hearing before the hearing date."

In accordance with Local Rule 1.5(n), counsel have met and conferred both electronically and via direct telephone contact.

Case No: 4:21-cv-08009-JSW

TABLE OF AUTHORITIES

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ i

I.      INTRODUCTION ....................................................................................................... 1

II.     BACKGROUND .......................................................................................................... 2

        A.      Relevant Procedural History ............................................................................ 2

        B.      The Three Cases Share Common Parties. ........................................................ 3

        C.      The Three Cases Plead Identical Claims........................................................... 4

        D.      Defendants Have Admitted That the Facts, Law, and Cases Are
                Substantially Similar, Identical, or Nearly Identical. ...................................... 6

                1.      The *YouTube* Defendants' admissions re similarity, judicial efficiency...... 6

                2.      The *Twitter* Defendants' admissions that the cases are "identical" ............. 6

                3.      Facebook's admissions that the *Facebook* and *YouTube* cases are "nearly
                        identical" ............................................................................................ 6

III.    ARGUMENT ................................................................................................................ 7

        A.      Legal Standard .................................................................................................. 7

                1.      Common issues of law and/or fact ................................................................ 7

                2.      Saving of judicial time and effort .................................................................. 8

        B.      The Three Cases Should Be Consolidated for Pretrial Proceedings. ................... 10

                1.      The three cases have common issues of law and/or fact................ 10

                2.      Parallel procedural posture of the cases ......................................... 12

        C.      Consolidation Will Not Prejudice the Defendants. ................................................ 14

IV.     CONCLUSION.............................................................................................................. 14

Case No: 4:21-cv-08009-JSW

# TABLE OF AUTHORITIES

**UNITES STATES CONSTITUTION**

U.S. Const., amd. 1 ................................................................................................ 2, 5, 11

**FEDERAL CASES**

*Backe v. Novatel Wireless, Inc.,*

      2008 WL 5214262, (S.D. Cal. Dec. 10, 2008) .................................................... 7

*Basconcello v. Experian Info. Solutions, Inc.,*

      Case No. 16-cv-06307-PJH (N.D. Cal. Jan. 20, 2017) ...................................... 8

*Dependable Component Supply Corp. v. Murata Manufacturing Co. Ltd.,*

      2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) .................................................... 9

*Donald J. Trump, et al., v. Twitter Inc., et al.,*

      Civ. No: 3:21-cv-08378-JD (filed July 7, 2021) ......................................... passim

*Donald J. Trump, et al., v. YouTube, LLC, et al.,*

      Civ. No: 4:21-cv-08009-JSW (filed July 7, 2021) ...................................... passim

*Donald J. Trump, et al., v. Facebook Inc, et al.,*

      Civ. No. 1:21-cv-22445 (filed July 7, 2021) ............................................... passim

*Firefighter, Local 1908 v. Clark,*

      2012 WL 1986590 (D. Nev. Dec. 10, 2013) ...................................................... 7

*Hadel v. Willis Roof Consulting, Inc.,*

      2011 WL 484289 (D. Nev. Feb. 7, 2011) .......................................................... 9

*Hall v. Hall,*

    138 S. Ct. 1118 (2018) ........................................................................................... 9

*Huene v. U.S.,*

    743 F.2d 703, 704 (9th Cir. 1984) .......................................................................... 8

*In Re Facebook Biometric Privacy Litigation ("Facebook BIPA"),*

    185 F.Supp.3d 1155 (N.D. Cal. 2016) ................................................................. 12

*In Re Facebook Privacy Litig.,*

    2010 WL 5387616,  (N.D. Cal. Dec. 21, 2010). .................................................. 14

*In re Nat'l Football Leagues Sunday Ticket Antitrust Litigation,*

    2016 WL 6768841, (C.D. Cal. May 23, 2016) ...................................................... 7

*In re Repetitive Stress Injury Litig.,*

    11 F.3d 368, 373 (2d Cir. 1993) ............................................................................ 7

*Investors Research Co. v. U.S. District for C.D. Cal.,*

    877 F.2d 777 (9th Cir. 1989) ............................................................................. 1, 7

*Jackson v. City and County of San Francisco,*

    2010 WL 11582918, (N.D. Cal. Dec. 16, 2010) .................................................. 1

*Knight First Amendment Inst. et al v. Trump, et al.,*

    928 F.3d 226, (2d Cir. 2019) .......................................................................... 5, 10

*Kowalski v. Mommy Gina Tuna Resources,*

    2008 WL 4753282, (D. Haw. Oct. 28, 2008) ................................................. 8, 12

*Moore v. New York Cotton Exch.,*

Case No: 4:21-cv-08009-JSW

270 U.S. 593, 610 (1926) ................................................................................................... 10

*Paxonet Communications, Inc. v. TranSwitch Corp.*,

    303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003) ...................................................... 8

*Pepper v. Apple Inc.*, 2019 WL 4783951, at *1

    (N.D. Cal. Aug. 22, 2019) ................................................................................ 10

*Pinkowitz v. Elan*, PLC,

    2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) ........................................... 8

*Pochiro v. Prudential Ins. Co. of America*,

    827 F.2d 1246, 1249 (9th Cir. 1987) ............................................................... 13

*Single Chip Sys. Corp. v. Intermec IP Corp.*,

    495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007) ..................................................... 7

*Sousa v. Walmart Inc.*,

    2021 WL 1890745, at*1 (E.D. Cal. May 11, 2021) ........................................... 9

*Townsley v. Hydro Intern LLC*,

    2010 WL 3070387, at *2 (C.D. Cal. Aug. 2, 2010) ........................................... 9

*Toyo Tire & Rubber Co., Ltd v. Wheel Grp. Holdings, LLC*,

    2016 WL 11525318, at *1 (C.D. Cal. Oct. 26, 2016) ........................................ 7

*Waldman v. Electrospace Corp.*,

    68 F.R.D. 281, 284 (S.D.N.Y. 1975) ................................................................ 8

**FEDERAL AND STATE STATUTES**

28 U.S.C. § 1404(a) .......................................................................................................... 2

28 U.S.C. § 2701 ................................................................................................. 8

42 U.S.C. § 230 ................................................................................... 4, 10, 11, 13

47 U.S.C. § 230(c) ........................................................................................... 2, 5

Cal. Bus & Prof. Code § 17200 ........................................................................... 5

Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.201 *et seq* .............................. 5, 12

Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.211(1) ....................................... 12

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. Proc. 42(a) .......................................................................... 1, 7, 8, 14

Fed. R. Civ. P. 83 ................................................................................................. 8

**LOCAL RULES**

Local Rule 1-2 ..................................................................................................... 8

Local Rule 3-12 ................................................................................................. 1, 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiffs bring this motion for consolidation pursuant to Rule 42 of the Federal Rules of Civil Procedure and request that the following cases pending in this district be consolidated: (1) *Donald J. Trump, et al., v. YouTube, LLC, et al.*, Civ. No: 4:21-cv-08009-JSW ("*YouTube*"); (2) *Donald J. Trump, et al., v. Twitter Inc., et al.*, Civ. No: 3:21-cv-08378-JD ("*Twitter*"); (3) *Donald J. Trump, et al., v. Facebook Inc et al.,* Civ. 4:21-cv-09044-JSW  ("*Facebook")*.  All three of these cases were transferred from the Southern District of Florida.  *YouTube,* Dkt. 70; *Twitter*, Dkt. 88; *Facebook*, Dkt. 108.

This Court has authority to consolidate these cases regardless of the fact that *Twitter* currently is assigned to a different judge.  *See Investors Research Company*, *v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989) ("The district court has broad discretion under [Rule 42] to consolidate cases pending *in the same district*.") (emphasis added).  The Court previously denied Plaintiffs' Administrative Motion to relate the *YouTube* and *Twitter* cases.  Dkt. 123.  That fact has no bearing on disposition of this motion.  As Chief Judge Richard Seeborg has held in the same context,

> A motion to relate [a second case] to this action pursuant to Civil Local Rule 3-12 was previously denied. … *[D]enial of a motion to relate under Rule 3-12 does not automatically preclude consolidation under Fed. R. Civ. P. 42.*  Indeed, the Court is obligated to exercise its discretion in considering the merits of a consolidation motion under Rule 42 even where a prior motion to relate under the local rules has been denied.

*Jackson v. City and County of San Francisco*, 2010 WL 11582918, at * 1 (N.D. Cal. Dec. 16, 2010) (emphasis added).

These three cases should be consolidated because they involve predominantly common issues of law and/or fact:  indeed, as Defendants previously have asserted, the cases are "identical" or "nearly identical."  Consolidation would promote judicial efficiency and avoid redundant or conflicting rulings on the key common issues in all three cases.  While there will be some issues that are peculiar to each Defendant under the terms of their individual contractual

Case No: 4:21-cv-08009-JSW

PLAINTIFFS' MOTION TO
CONSOLIDATE                                     1

Terms of Service with the Plaintiffs, these issues do not predominate.  The Court could consolidate the cases and treat separately any issues that are distinct to individual Defendants such that the merits of any such issues can be adjudicated properly.  All three cases already have nearly identical motions for preliminary injunction on file, with closely tracking briefing schedules in place in two of the cases.  All three Defendants will file motions to dismiss, which will raise identical legal issues.  All three cases call for the Court to determine the constitutionality of a federal statute as applied; whether the Defendants acted in concert with government actors, were coerced, or collaborated with government officials to violate the class members' First Amendment rights; and whether Florida's deceptive practices statute should be applied.  Given that the claims brought are identical, only one judge need devote the resources to rule on the motions to dismiss and the motions for preliminary injunction.

## II.    BACKGROUND

### A.    Relevant Procedural History

All three of these cases were filed on July 7, 2021, in the Southern District of Florida. First Amended Complaints were filed in all three cases on July 27, 2021.  In all three cases, Plaintiffs, who seek to represent nationwide classes, request injunctions and damages against Defendants for alleged violations of the First Amendment  and declaratory judgments that 47 U.S.C. § 230(c) of the Communications Decency Act is unconstitutional as applied.  *See YouTube* First Am. Cmplt., Dkt. 21; *Twitter* First Am. Cmplt., Dkt. 21; *Facebook* First Am. Cmplt., Dkt. 16, Declaration of M. Cris Armenta in Support of Motion to Consolidate ("Armenta Decl.") Exhs. A, B & C.  Plaintiff Trump filed motions for preliminary injunctions on August 25, 2021 (*YouTube*), October 2, 2021 (*Twitter*), and October 7, 2021 (*Facebook*).  Armenta Decl., Exhs. D, E & F.  Neither opposition nor reply briefs have been filed in connection with the preliminary injunction motions.  Defendants in all cases filed motions under 28 U.S.C. § 1404(a) to transfer the actions to this district.  The cases were transferred on October 6, 2021 (*YouTube*), October 26, 2021 (*Twitter*), and November 22, 2021 (*Facebook*).  Defendants have not yet pleaded or moved in response to the First Amended Complaints.  *Id*. ¶ 7.

Case No: 4:21-cv-08009-JSW

PLAINTIFFS' MOTION TO
CONSOLIDATE                                    2

Motions to dismiss are expected in all three cases, with the briefing schedules already set in the Northern District of California in *YouTube* and *Twitter*. *Id*. ¶ 8. No briefing schedule has been set in the Northern District of California for the *Facebook* case because this case was only recently transferred. *Id*. The briefing schedules are as follows in the Northern District, with the *Facebook* schedule trailing based on the pre-transfer orders of the Southern District of Florida (*Facebook*, Dkt. 85; Armenta Decl. Exh. G):

|  | *YouTube* | *Twitter* | *Facebook* |
|---|---|---|---|
| Defendants' Motion to Dismiss | December 2, 2021 | December 9, 2021 | December 20, 2021 |
| Defendants' Opposition to Motion for Preliminary Injunction | December 2, 2021 | December 9, 2021 | December 20, 2021 |
| Plaintiffs' Reply re Motion for Preliminary Injunction | January 12, 2021 | January 10, 2022 | December 27, 2021 |
| Plaintiffs' Opposition to Motion to Dismiss | January 12, 2022 | January 10, 2022 | December 27, 2021 |
| Defendants' Reply re Motion to Dismiss | February 4, 2022 | January 24, 2022 | January 3, 2022 |
| Hearing Date | TBA | February 24, 2022 | None Set |

**B.      The Three Cases Share Common Parties.**

Former President Donald J. Trump, the American Conservative Union, and journalist and author Dr. Naomi Wolf are plaintiffs common to the *YouTube* and *Twitter* cases. The *YouTube* Plaintiffs include five additional individual putative class members. Defendants are YouTube and Sundar Pichai, the CEO of YouTube's corporate parent. The *Twitter* Plaintiffs include four additional individual putative class members. Defendants are Twitter and Jack Dorsey, Twitter's CEO. The *Facebook* Plaintiffs include seven additional individual putative class members. Defendants are Facebook and Mark Zuckerberg, Facebook's CEO. Plaintiffs in all three cases seek to represent classes of social media users whose postings have been censored by Defendants because they express conservative views or question the policies and/or practices of government

Case No: 4:21-cv-08009-JSW

officials.  Although Plaintiffs expect that the *YouTube, Twitter, and Facebook* class members

overlap, it is currently impossible to determine the extent of that overlap.  Armenta Decl. ¶ 9.  All

three motions for preliminary injunction were brought by one Plaintiff, Donald J. Trump.  All

Plaintiffs are represented by the same counsel and anticipate filing near-identical motions for the

appointment of class counsel and certification of the various classes.  *Id*.

### C.    The Three Cases Plead Identical Claims.

Plaintiffs' claims arose out of substantially the same operative facts in all three cases.

Plaintiffs allege that Defendants acted in concert with the government, that the government

coerced the Defendants, and/or that government officials and Defendants collaborated to censor

Plaintiffs' speech.  *See, e.g.*, *YouTube* First Am. Cmplt. ¶¶ 29-234; *Twitter* First Am. Cmplt.

¶¶ 27-167; *Facebook* First Am. Cmplt. ¶¶ 28-186; Armenta Decl. ¶ 10.

The First Amended Complaints detail a litany of events in which members of Congress

and the current Executive Branch exercised coercive pressure on Defendants to censor disfavored

speech on pain of catastrophic legal and/or regulatory consequences.  For example, legislators

publicly threatened to take punitive measures against Defendants if they continued to provide

platforms for the expression of views and content contrary to the legislators' agendas.  In

particular, they made it very clear that they wanted then-sitting President Trump banned from

these social media platforms.  *YouTube* First Am. Cmplt. ¶¶ 63-77; *Twitter* First Am. Cmplt.

¶¶ 51-64; *Facebook*, First Am. Cmplt. ¶¶ 67-80.  The threatened sanctions for Defendants'

noncompliance included increased regulation, antitrust scrutiny, and revocation of the Section

230 immunity that Defendants enjoy against claims based on their publication or censorship of

objectionable content.  *Id*.  Legislators also convened public hearings at which Defendants' CEOs

were required to appear and subjected to aggressive questioning, while legislators reinforced their

ability to impose regulations and strip Defendants of their Section 230 immunity.  *YouTube* First

Am. Cmplt. ¶ 71; *Twitter* First Am. Cmplt. ¶ 58; *Facebook* First Am. Cmplt. ¶ 74.  Facebook and

Twitter banned President Trump from their platforms on January 7, 2021, and Twitter banned

him on January 12, 2021.  Due to sustained government pressure, all three bans continue to this

day.  *YouTube* First Am. Cmplt. ¶ 6; *Twitter* First Am. Cmplt. ¶ 6; *Facebook* First Am Cmplt. ¶ 6. Officials in the Executive Branch, including the current President and leaders of federal agencies, have publicly stated that they have partnered with Defendants and other social media platforms to promote views that the government prefers and censor speech that the government regards as undesirable.  *YouTube* First Am. Cmplt. ¶¶ 110, 111, 120, 142-145; *Twitter* First Am. Cmplt. ¶¶ 78-79; *Facebook* First Am. Cmplt. ¶ 92-104.  In effect, the government has acted as a "Ministry of Truth" and has conscripted and/or enlisted Defendants to act as its agents in blocking disfavored speech.  In summary, the same factual allegations are made in all three cases:  that Defendants acted in concert with the government, that the government coerced the Defendants, and/or that the government officials and Defendants collaborated to censor Plaintiffs' speech with impunity.

The common legal issues in all three cases include:  (a) whether, as a result of these alleged facts, Defendants' censorship is subject to First Amendment constraints by virtue of the state action doctrine; (b) whether Defendants therefore violated the First Amendment when they censored or banned Plaintiffs; (c) whether Section 230(c) of the Communications Decency Act is unconstitutional as applied;[1] (d) a choice of law issue—i.e., whether the public policy of Florida is such that the Florida Deceptive and Unfair Trade Practices Act applies, or whether the complaints should be amended to assert claims under California's Unfair Competition Law, Section 17200 of the Business and Professions Code; (e) whether the social media account of a sitting President is to be treated as a "public forum," as the Second Circuit held in *Knight First Amendment Inst. et al v. Trump, et al.*, 928 F.3d 226 (2d Cir. 2019), *vacated as moot*, 141 S.Ct. 1220 (2021); and (f) whether the "governmental exemption" from provisions such as choice of law in the Defendants' various Terms of Service, which applies to government officials acting in their official capacity, affects the choice of law analysis with respect to Mr. Trump.

---

[1]   Section 230 of the Communications Decency Act shields Defendants from civil liability for removing "objectionable" content from their platforms, "whether or not such material is constitutionally protected."  47 U.S.C. § 230(c)(2)(A).

**D.      Defendants Have Admitted That the Facts, Law, and Cases Are Substantially Similar, Identical, or Nearly Identical.**

Prior to transfer to this district, each of the Defendants made clear admissions about the similarity of the cases:

1.      The *YouTube* Defendants' admissions re similarity, judicial efficiency

On August 31, 2021, the *YouTube* Defendants filed "Defendant's Notice of Pending, Refiled, Related, or Similar Actions" in Florida. *YouTube,* Dkt. 53; Armenta Decl. Exh. H.  In it, the *YouTube* Defendants represented to the Court that "These cases 'involve[ ] subject matter which is a material part of the subject matter' of this action, and 'would appear to entail the unnecessary duplication of judicial of judicial labor if heard by a different Judge[.]'" (brackets in original).  The *YouTube* Defendants complained that the Plaintiffs had not immediately filed a Notice of Related Cases in the Southern District of Florida:  "Despite filing these *mirror-image actions* against YouTube, Facebook, and Twitter on the same day, Former President Trump and his co-plaintiffs did not identify any related cases on their civil cover sheets."  *YouTube*, Dkt. 53 at 4 (emphasis added).  Those Defendants also agreed that, despite the addition of plaintiffs, the factual allegations were substantially similar: "The three amended complaints also add more named plaintiffs but otherwise retain the same factual allegations, which remain substantially similar across the three actions."

2.      The *Twitter* Defendants' admissions that the cases are "identical"

The *Twitter* Defendants' reply brief in support of their Motion to Transfer Venue filed in the Southern District of Florida advised the judge assigned to the *Twitter* case that another judge in the district had already "transferr[ed] Plaintiff's nearly identical case against YouTube."  *Twitter*, Dkt. 65; Armenta Decl. Exh. I.  Judge Scola granted the motion, characterizing the *YouTube* case, which had already been the subject of a successful motion to transfer, as "related."  *Twitter*, Dkt. 88 (Order Granting Motion to Transfer); Armenta Decl. Exh. J.

3.      Facebook's admissions that the *Facebook* and *YouTube* cases are "nearly identical"

Case No: 4:21-cv-08009-JSW

In connection with briefing their Motion to Transfer Venue in the Southern District

Florida, the *Facebook* Defendants submitted the transfer order in the *YouTube* case, which they

characterized as follows:

> On October 6, 2021, another court in this District agreed to transfer a near-
> identical lawsuit brought by Mr. Trump and other plaintiffs against YouTube,
> LLC and Sundar Pichai to the Northern District of California, rejecting the exact
> arguments that Plaintiffs make here.  *See* Order on Mot. to Transfer, Trump, et al.
> v. YouTube, LLC, et al., Case No.  21-22445-CIV-MOORE (D.E. 70) (attached
> as Ex. A).

*Facebook*, Dkt. 79; Armenta Decl. Exh. K.

## III.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 42**Error! Bookmark not defined.**(a) permits the court to

consolidate cases that "involve a common question of law *or* fact."  Fed. R. Civ. Proc. 42(a)

(emphasis added).  The district court has "broad discretion under this rule to consolidate cases"

pending in the same district.  *Investors Research Co. v. U.S. District for C.D. Cal*., 877 F.2d 777

(9th Cir. 1989).  The moving party bears the burden of showing that consolidation is appropriate.

*See In re Nat'l Football Leagues Sunday Ticket Antitrust Litigation*, 2016 WL 6768841, at *2

(C.D. Cal. May 23, 2016) (citing *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir.

1993)); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

When separate actions before the court involve a common question of law or fact, the court may:

- join the separate actions for hearing or trial of any or all matters at issue in the actions;

- consolidate the actions; or

- make any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).

#### 1.    Common issues of law and/or fact

The threshold question in a motion to consolidate is "whether the two proceedings involve

a common party and common issues of fact or law."  *Toyo Tire & Rubber Co., Ltd v. Wheel Grp.*

*Holdings, LLC*, 2016 WL 11525318, at *1 (C.D. Cal. Oct. 26, 2016); *see also, Firefighter, Local*

Case No: 4:21-cv-08009-JSW

*1908 v. Clark*, 2012 WL 1986590, at *2 (D. Nev. Dec. 10, 2013) ("Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues."). Consolidation is appropriate where, as here, the complaints "present virtually identical factual and legal issues." *Backe v. Novatel Wireless, Inc.,* 2008 WL 5214262, at *2, *5 (S.D. Cal. Dec. 10, 2008) (consolidating class action complaints "based on the same facts and involve the same subject matter"; also noting that "some discovery will be relevant to both lawsuits" such that "consolidation is appropriate to save time and effort.) Differences in the named defendants do not necessarily bar consolidation of actions. *See Pinkowitz v. Elan*, PLC, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002). The standard is satisfied where there are "[e]nough common and related issues … that it would needlessly waste both time and manpower to require separate" proceedings." *Waldman v. Electrospace Corp.*, 68 F.R.D. 281, 284 (S.D.N.Y. 1975) (consolidating three actions, one of which had different named defendants). For instance, in *Kowalski v. Mommy Gina Tuna Resources*, 2008 WL 4753282, at *1 (D. Haw. Oct. 28, 2008), the court consolidated three patent infringement cases brought against both overlapping and non-overlapping defendants. Over the defendants' objections, the court consolidated, noting that the cases "revolve around the same general nucleus of facts." *Id.*, at *1. The court further noted that the defendants had "proceeded in virtual lockstep in their litigation of the case to this point." *Id.*, at *3. Additionally, all three defendants are social media platforms providing services to a broad spectrum of the general public.[2]

        2.      Saving of judicial time and effort

---

[2] In opposing Plaintiffs' motion to relate the *Twitter* case, YouTube cited *Basconcello v. Experian Info. Solutions, Inc.*, Case No. 16-cv-06307-PJH (N.D. Cal. Jan. 20, 2017), for the proposition that cases cannot be consolidated under Fed. R. Civ. Proc. 42 unless they also meet the narrower standards of Local Rule 3-12. The court's decision to deny consolidation in that case was based on its erroneous application of the more restrictive Rule 3-12 standard in deciding the Rule 42 issue. Nothing in Rule 42 suggests that cases must involve "substantially the same parties, property, transactions, or events," as required under Local Rule 3-12, in order to be consolidated. A local rule cannot modify substantive elements of Fed. R. Civ. Proc. 42. The district courts' local rules are subsidiary to and must be interpreted consistently with the Rules of Civil Procedure. *See* 28 U.S.C. § 2701; Fed. R. Civ. P. 83; Local Rule 1-2(b).

Case No: 4:21-cv-08009-JSW

PLAINTIFFS' MOTION TO
CONSOLIDATE        8

In determining whether to consolidate, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F.Supp.2d 1027, 1028 (N.D. Cal. 2003) ("To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.").  "If the court determines that common questions are present it must then balance the saving of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Hadel v. Willis Roof Consulting, Inc.*, 2011 WL 484289. at *1 (D. Nev. Feb. 7, 2011) (citation omitted). Accordingly, where the court finds that the actions involve the same or similar parties, claims, and questions of fact and/or law, consolidation "will avoid unnecessary costs and duplication of proceedings." *See Sousa v. Walmart Inc.*, 2021 WL 1890745, at *1 (E.D. Cal. May 11, 2021).

A relevant factor in making the judicial efficiency determination is the procedural posture of the cases to be consolidated.  *See, e.g., Dependable Component Supply Corp. v. Murata Manufacturing Co. Ltd.*, 2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) (consolidating cases where actions in same procedural posture, defendants had not yet filed an answer or responsive motion, and cases arose from same set or similar set of circumstances).  As a result, consolidation would not cause inconvenience, delay or expense.  *Id.* at *1.

One additional consideration in the judicial efficiency determination is the Court's power to remain flexible in managing consolidated cases.  Plaintiffs note that consolidation does not merge the separate lawsuits into a single action; i.e., the consolidated actions retain their separate character and the substantive rights of the parties to claims or defenses are preserved.  *Hall v. Hall*, 138 S. Ct. 1118 (2018).  The Court may manage consolidation in such a manner that only logically connected motions and hearings need be joined—i.e., motions to dismiss, discovery, and motions for preliminary injunction—to maximize efficiency and allow for any differences between the defendants to be properly explored.  *See, e.g., Townsley v. Hydro Intern LLC*, 2010 WL 3070387, at *2 (C.D. Cal. Aug. 2, 2010) (consolidating three cases where statements of facts

Case No: 4:21-cv-08009-JSW

and causes of action were "virtually identical" and noting that the "Court can and will apply available measures to assure that all claims and defenses will be presented and adjudicated on their separate respective merits.").

### B.   The Three Cases Should Be Consolidated for Pretrial Proceedings.

The former President of the United States of America is one putative lead class action plaintiff common to all three cases.  Both the *YouTube* and *Twitter* cases share two additional plaintiffs, Dr. Naomi Wolf and the American Conservative Union.  The balance of the plaintiffs in both cases is similar in that they are class members who have been banned in one form or another by the Defendants from their social media sites.  Having a former President as a Plaintiff and the only movant in the motions for preliminary injunction concerning events that took place while he was in office creates unique issues that will need to be addressed in all of the cases, such as whether his social media accounts were "public forums" during the term of his presidency—as the Second Circuit concluded before its judgment was vacated due to a change in administration, *Knight First Amendment Inst.*, 77928 F.3d 226—and whether the government exemption, including the choice of law provisions in the Defendants' Terms of Service, applies to him.

### 1.   The three cases have common issues of law and/or fact.

The complaints in all three cases allege a virtually identical series of governmental actions aimed at coercing Defendants to remove former President Trump and other conservative speakers from Defendants' platforms, including the government's use of Defendants' Section 230 immunity to compel their compliance with government objectives.  *Compare YouTube* First Am. Cmplt. ¶¶ 63-77, 78-85, 107-109 *with Twitter* First Am. Cmplt. ¶¶ 51-64; 65-70, 74-77.  All three complaints further allege that the government actors engaged in joint activities with Defendants to censor Plaintiffs and the putative class members, including numerous admissions to that effect by governmental spokespeople.  Again, these extensive allegations are virtually identical.  *Compare YouTube* First Am. Cmplt. ¶¶ 120, 125, 128, 142-158 *with Twitter* First Am. Cmplt. ¶¶ 89, 94-109, 112.  These "series of many occurrences" are the "essential facts that constitute" in large part each Plaintiff's claims, and thus together constitute common "transactions."  *Moore v. New York*

Case No: 4:21-cv-08009-JSW

*Cotton Exch.,* 270 U.S. 593, 610 (1926).  It is immaterial that not every transaction underlying each case is identical where, as here, the claims arise from substantially the same facts.  *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019).

As set forth above, the *YouTube* Defendants, the *Twitter* Defendants, and the *Facebook* Defendants already have taken the position that these cases are "virtually identical," that they are "nearly identical," or that they raise substantially similar issues of law and fact.  Defendants also have represented that efficiency and judicial economy interests militate towards all three cases being heard by the same judge.  All defense counsel indicated they would oppose consolidation. Armenta Decl., ¶ 14-16.

a.   All three cases allege that the social media companies violated the First Amendment.

The first claim for relief in all three complaints is for violation of the First Amendment. *YouTube* First Am. Cmplt. ¶¶ 235-254; *Twitter* First Am. Cmplt. ¶¶ 168-187; *Facebook* First Am. Cmplt. ¶¶ 187-204.  Plaintiffs allege that, "[p]ursuant to Section 230 of the Communications Decency Act, 47 U.S.C. § 230, Defendants are encouraged and immunized by Congress to censor constitutionally protected speech on the internet," and that the Defendants acted "in concert with federal officials," resulting in a violation of the First Amendment.  The key issues in all three cases are whether Defendants were working in concert with, collaborating with, or capitulating to government coercion.  Analysis of the pleadings and the claims will require judicial analysis of the law on state action resulting from coercion, collaboration, or acting in concert together with the government, all in the context of an asserted First Amendment violation.  Inconsistent decisions on these key issues would be a waste of judicial resources and could result in the possibility of conflicting decisions within the district.

b.   All three cases challenge the constitutionality of Section 230 of the Communications Decency Act as applied.

Case No: 4:21-cv-08009-JSW

PLAINTIFFS' MOTION TO
CONSOLIDATE                                          11

All three operative pleadings challenge the constitutionality of Section 230 of the Communications Decency Act as applied.  *YouTube* First Am. Cmplt. ¶¶ 255-266; *Twitter* First Am. Cmplt. ¶¶ 188-199; *Facebook* First Am. Cmplt. ¶¶ 205-216.  The Court's evaluation of these challenges will require a textual analysis of the statute, a review of the legislative history, and a review of the prior case law interpreting the statute.  Since Section 230 was enacted, there have been 954 court decisions applying, interpreting or citing it.  In short, the analysis of the constitutionality of Section 230 alone will be complex.  Requiring three different judges to perform this labor-intensive work does not promote judicial efficiency.

        c.      All three cases will require a choice of law analysis with respect to Florida's Deceptive and Unfair Trade Practices Act.

Each of the three complaints alleges two claims for relief under Florida's FDUTPA, Florida Statutes §§ 501.211(1)).  Defendants likely will assert that the choice of law provisions in their social media contracts or terms dictate that claims must be brought under California law only.  The Court must consider whether the California choice of law provision should not be enforced because it is contrary to the fundamental policy of Florida.  *See In Re Facebook Biometric Privacy Litigation ("Facebook BIPA"),* 185 F.Supp.3d 1155 (N.D. Cal. 2016) (enforcing Illinois' Biometric Information Privacy Act notwithstanding California choice of law provision in Facebook Terms of Service because to do otherwise would result in a "complete negation" of the biometric privacy protections Illinois had enacted to protect its residents).  Each case will require the same analysis conducted in the *Facebook BIPA* litigation.  Judicial economy would be advanced if this issue were consolidated between the three cases brought by the Plaintiffs.

        2.      Parallel procedural posture of the cases

As set forth in detail above, the *YouTube* and *Twitter* cases already have closely tracked briefing schedules on motions for preliminary injunctions and motions to dismiss.  No briefing schedule has been set yet in the *Facebook* case, other than that previously set by the Southern

Case No: 4:21-cv-08009-JSW

District of Florida.  Plaintiffs are bringing this Motion for Consolidation at the earliest stage for all three cases in which there is still an opportunity to establish closely tracked briefing schedules, coordinated, non-redundant discovery, and the logical organization of common issues of fact and law, before coordinating these matters becomes too unwieldy.  Furthermore, all three cases are in their infancy and, so far, the defendants have proceeded in "virtual lockstep," like the plaintiffs in *Kowalski v. Mommy Gina Tuna Resources*, 2008 WL 4753282 (D. Haw. Oct. 28, 2008).

Plaintiff Donald J. Trump has filed a motion for preliminary injunction in each of the cases.  *YouTube*, Dkt. 44; *Twitter*, Dkt 72; *Facebook*, Dkt. 78.  Each motion is supported by declarations and 175, 178 and 196 exhibits, respectively, most of which are identical.  The standard to be applied in deciding these motions, and the pleadings and evidence against which they are measured, are identical.  Having three different judges simultaneously issuing scheduling orders that could well lead to three different approaches to conducting discovery, then conducting hearings, and then ruling on the same complex motions, not only is wasteful of judicial resources but also creates a risk of inconsistent rulings on identical issues.

Counsel in all three cases have indicated that they will file motions to dismiss, which Plaintiffs anticipate will raise identical issues, given Defendants' previous judicial admissions that Plaintiffs' Complaints are "mirror-image, "identical," or "virtually identical."  Armenta Decl. ¶¶ 14-16.  More specifically, the motions to dismiss likely will include common issues with respect to the adequacy of the pleadings and Defendants' claims that they are immune from suit under Section 230 of the Communications Decency Act.  *Id*. ¶ 11.  An additional overlapping issue is novel:  does the fact that the named Plaintiff was at the time a sitting President who spoke in his official capacity and who complains that the Defendants censored his speech, thus preventing the public from hearing his statements, change the analyses?  Given the standard employed when considering a motion to dismiss, each of the three nearly identical complaints should be reviewed by one judge to avoid an intra-district conflict on the issue of the sufficiency of these allegations.  In sum, "the essential facts of the [plaintiffs'] claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be

Case No: 4:21-cv-08009-JSW

resolved" in one Court. *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987).

### C. Consolidation Will Not Prejudice the Defendants.

Defendants will in no way be prejudiced by the consolidation of these cases. Prejudice from consolidation typically results when the cases sought to be consolidated are at very different procedural stages. The Defendants also may claim that they each have unique contracts or terms of service with Plaintiffs, but any issues that are truly unique can easily be managed to avoid prejudice to any party. Further, a similar briefing schedule can be set for the recently transferred *Facebook* case such that the schedules among the three cases are coordinated in an efficient and logical manner.

## IV. CONCLUSION

Plaintiffs respectfully ask the Court to consolidate the *Facebook*, *Twitter*, and *YouTube* cases under Fed. R. Civ. Proc. 42(a) on the ground that they involve multiple common legal and/or factual issues. *In re Facebook Privacy Litig.*, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010).

Dated: December 1, 2021                Respectfully submitted,

                                       ANDREI POPOVICI (234820)
                                       MARIE FIALA (79676)
                                       LAW OFFICE OF ANDREI D. POPOVICI, P.C.

                                       By:   */s/ Marie L. Fiala*
                                             Marie L. Fiala (79676)


                                       JOHN P. COALE *(pro hac vice)*
                                       2901 Fessenden Street NW
                                       Washington, DC 20008
                                       Telephone: (202) 255-2096
                                       Email: johnpcoale@aol.com

1

2 JOHN Q. KELLY *(pro hac vice)*
 MICHAEL J. JONES *(pro hac vice)*

3 RYAN TOUGIAS *(pro hac vice)*
 IVEY, BARNUM & O'MARA, LLC

4 170 Mason Street
 Greenwich, CT 06830

5 Telephone: (203) 661-6000
 Email: jqkelly@ibolaw.com

6 Email: mjones@ibolaw.com

7
 FRANK C. DUDENHEFER, JR. *(pro hac vice)*

8 THE DUDENHEFER LAW FIRM L.L.C.
 2721 Saint Charles Avenue, Suite 2A

9 New Orleans, LA 70130
 Telephone: (504) 616-5226

10 Email: fcdlaw@aol.com

11 M. CRIS ARMENTA (177403)

12 CREDENCE ELIZABETH SOL (219784)
 ARMENTA & SOL, PC

13 11440 West Bernardo Court, Suite 300
 San Diego, CA 92127

14 Tel.: 858-753-1724
 Fax: 310-695-2560

15 Email: cris@crisarmenta.com
 Email: credence@crisarmenta.com

16

17 RICHARD POLK LAWSON *(pro hac vice)*
 GARDNER BREWER MARTINEZ

18 MONFORT
 400 North Ashley Drive

19 Suite 1100
 Tampa, FL 33602

20 Telephone: (813) 221-9600
 Facsimile: (813) 221-9611

21 Email: rlawson@gbmmlaw.com

22
 *Attorneys for Plaintiffs*

23

24

25

26

27
 Case No: 4:21-cv-08009-JSW

28

PLAINTIFFS' MOTION TO
CONSOLIDATE   15