# EXHIBIT H

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP et al.,

      Plaintiffs,

vs.

YOUTUBE, LLC and SUNDAR PICHAI,

      Defendants.

Case No. 1:21-cv-22445-KMM-LFL

## DEFENDANTS' NOTICE OF
## PENDING, REFILED, RELATED, OR SIMILAR ACTIONS

Pursuant to Local Rule 3.8 and Section 2.15.00 of this Court's Internal Operating Procedures ("IOP"), Defendants YouTube, LLC and Sundar Pichai (collectively, "YouTube"), by and through undersigned counsel, notify this Court of two similar and lower-numbered actions filed in this district: *Trump et al. v. Facebook, Inc. et al.*, No. 1:21-cv-22440 ("*Trump v. Facebook*"), pending before The Honorable Kathleen M. Williams; and *Trump et al. v. Twitter, Inc. et al.*, No. 1:21-cv-22441 ("*Trump v. Twitter*"), pending before The Honorable Robert N. Scola, Jr.

The Complaints in *Trump v. Facebook*, *Trump v. Twitter*, and this action were filed nearly two months ago on July 7, 2021, and amended on July 27, 2021. Following that, Plaintiffs filed multiple other motions with the Court, including a motion for a preliminary injunction in this action on August 23, 2021 (Dkt. 43). Plaintiffs did all this without serving YouTube with process or otherwise notifying it about either the Complaint or any of their subsequent filings.[1] Moreover,

---

[1] On August 30, 2021, YouTube's counsel notified Plaintiffs' counsel that Defendants were willing to waive service of process under Federal Rule of Civil Procedure 4(d). Plaintiffs agreed to a Rule 4(d) service waiver, which Defendants signed and returned on August 31, 2021.

and notwithstanding "the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures" (Local Rule 3.8), Plaintiffs have failed to notify the Court that they filed substantially similar lawsuits in the *Trump v. Facebook* and *Trump v. Twitter* cases. As described below, these cases "involve[] subject matter which is a material part of the subject matter" of this action, and "would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge[.]" IOP 2.15.00.

Accordingly, and without waiving any defenses (including lack of personal jurisdiction and the existence of a binding forum-selection clause that requires Plaintiffs to litigate this case in the Northern District of California),[2] YouTube files this Notice pursuant to Local Rule 3.8 and Section 2.15.00 of the Court's Internal Operating Procedures.

## STATEMENT

1.     On July 7, 2021, former President Donald J. Trump ("Former President Trump") and two different sets of co-plaintiffs (represented by the same counsel for Plaintiffs in this case) filed in this District the *Trump v. Facebook* and *Trump v. Twitter* class action complaints. The *Trump v. Facebook* case names Facebook, Inc. and its CEO Mark Zuckerberg as defendants; the

---

[2] Plaintiffs agreed to YouTube's Terms of Service, including a forum-selection clause designating the Northern District of California as the proper forum for this lawsuit. *See* https://www.youtube.com/t/terms ("All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts."). Accordingly, YouTube intends to move pursuant to 28 U.S.C. § 1404(a) to transfer the case to the parties' agreed-upon federal forum. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013) ("When a defendant files . . . a motion [to transfer based on a forum-selection clause] a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.").

*Trump v. Twitter* case names Twitter, Inc. and its CEO Jack Dorsey as defendants. Each of those cases has a lower case number than the instant case.

2.    The same day, Former President Trump, Kelly Victory, and Austen Fletcher filed this case, a putative class action complaint against YouTube. Compl. (Dkt. 1). The complaint alleges "censorship . . . [that] violates the First Amendment," *id.* ¶ 136, and "seeks a declaration that Section 230(c)(1) and (c)(2) [*i.e.*, 47 U.S.C. § 230(c)(1), (2)] are unconstitutional," *id.* ¶ 151. Plaintiffs' primary grievance concerns actions allegedly taken by YouTube with regard to Former President Trump's YouTube channel in January 2021. *See id.* ¶¶ 100-05. Plaintiffs seek to represent a nationwide class of YouTube users who, *inter alia*, "had their access to their social media accounts wrongly restricted or curtailed[.]" *Id.* ¶ 152. The matter was assigned to this Court under Case No. 1:21-cv-22445.

3.    The complaints in *Trump v. Facebook*, *Trump v. Twitter*, and this case all contain substantially similar factual allegations and proposed class definitions, coupled with ***identical*** causes of action and theories of liability. In each action, Plaintiffs also allege "censorship . . . [that] violates the First Amendment" and "seek[] a declaration that Section 230(c)(1) and (c)(2) are unconstitutional[.]" *Trump v. Facebook*, Compl. (Dkt. 1) ¶¶ 156, 171; *Trump v. Twitter*, Compl. (Dkt. 1) ¶¶ 120, 135. The complaints all mount essentially the same attacks on how each of the Defendants have moderated content on their online services. And in all three actions, Plaintiffs seek to represent a nationwide class of users who "had their access to their social media accounts wrongly restricted or curtailed[.]" Compl. ¶ 152; *Trump v. Facebook*, Compl. ¶ 172; *Trump v. Twitter*, Compl. ¶ 136.

4.    Despite filing these mirror-image actions against YouTube, Facebook, and Twitter on the same day, Former President Trump and his co-plaintiffs did not identify any related cases

on their civil cover sheets. *See* Civil Cover Sheet (Dkt. 1-1) at 1; *Trump v. Facebook*, Civil Cover Sheet (Dkt. 1-1) at 1; *Trump v. Twitter*, Civil Cover Sheet (Dkt. 1-1) at 1. Nor did they file any Notice of Pending, Refiled, Related or Similar Actions. *See Green Dev. Corp. S.A. de C.V. v. Zamora*, 2016 WL 2745844, at *3 (S.D. Fla. May 10, 2016) ("There is no question that there is a 'continuing duty' to 'bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures, as well as the existence of any similar actions or proceedings then pending before another court or administrative agency.'") (quoting Local Rule 3.8) (emphasis omitted); *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, 2009 WL 837652, at *1 (S.D. Fla. Mar. 27, 2009) ("Local Rule 3.8 of this Court puts a 'continuing duty' upon the Parties to 'promptly' bring to the attention of the Court the fact that a closely related case has been filed.").

5. On July 21, 2021, Freedom Watch, Inc. ("Freedom Watch") filed a complaint against YouTube in this District alleging a violation of the First Amendment based on "censoring . . . speech . . . and suspending Plaintiff" from YouTube, and seeking a declaratory judgment that Section 230 is unconstitutional. *Freedom Watch, Inc. v. YouTube, LLC et al.*, No. 1:21-cv-22614 ("*Freedom Watch v. YouTube*"), Compl. (Dkt. 1) ¶¶ 70, 89. That case was originally assigned to The Honorable Beth Bloom. Freedom Watch filed a Notice of Related Case, stating that "[t]his case involves identical facts to *Trump* [*v. YouTube, LLC*], the same Defendants as *Trump* [*v. YouTube, LLC*], and alleges the exact same counts . . . as *Trump* [*v. YouTube, LLC*]." *Freedom Watch v. YouTube*, Notice (Dkt. 4) at 1. On July 26, 2021, the *Freedom Watch* action was transferred to this Court. *Freedom Watch v. YouTube*, Order (Dkt. 5). YouTube has not been served with the complaint in *Freedom Watch*; when service is made, YouTube intends to file a similar Notice (as well as a motion to transfer under Section 1404(a)).

6.      On July 27, 2021, Plaintiffs simultaneously filed amended complaints in this action

and in the *Facebook* and *Twitter* actions. Like the original complaints, the Amended Complaints

were mirror images of one another, each adding one new count under the general provisions of the

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and one new count under Florida

S.B. 7072, 2021 Leg. (Fla. 2021), a law enacted in May 2021 that seeks to regulate how online

service providers moderate content posted by third parties. *See* Am. Compl. (Dkt. 21) ¶¶ 267-301;

*Trump v. Facebook*, Am. Compl. (Dkt. 16) ¶¶ 217-45; *Trump v. Twitter*, Am. Compl. (Dkt. 21) ¶¶

200-33.[3] The three amended complaints also add more named plaintiffs but otherwise retain the

same factual allegations, which remain substantially similar across the three actions. Plaintiffs'

counsel did not file any notices of related cases at the time of filing the amended complaints.

7.      On August 13, 2021, Plaintiffs filed identical motions for leave to file excess pages

in planned motions for preliminary injunction in all three actions. *See* Mot. (Dkt. 32); *Trump v.

Facebook*, Mot. (Dkt. 30); *Trump v. Twitter*, Mot. (Dkt. 30). On August 16, 2021, Judge Scola

denied the motion for leave to file excess pages without prejudice in the *Twitter* action, observing

that "[t]he motion for leave fails to specify how many additional pages the Plaintiff requests for

his forthcoming motion for preliminary injunction. Additionally, the motion lacks a certificate of

conferral as required by Local Rule 7.1(a)(3)." *Trump v. Twitter*, Paperless Order (Dkt. 31). Judge

---

[3] A constitutional challenge against S.B. 7072 is currently pending in the Northern District of
Florida. In that case, two trade associations (NetChoice and CCIA) assert that Florida's new law
violates the First Amendment, the Due Process Clause, the Equal Protection Clause, and the
Commerce Clause, and that the law is expressly preempted by Section 230 of the Communications
Decency Act. *See NetChoice, LLC et al. v. Moody et al.*, No. 4:21-cv-00220-RH-MAF (N.D. Fla.
filed May 27, 2021). On June 30, 2021—the day before the new law was scheduled to take effect—
The Honorable Robert L. Hinkle of the Northern District entered a preliminary injunction against
enforcement of S.B. 7072. *NetChoice, LLC*, 2021 WL 2690876; *see also id.* at Dkt. 113. The Court
found that Plaintiffs were likely to succeed on their arguments that the law violates the First
Amendment and is preempted by Section 230. *Id.* The order granting the preliminary injunction is
now under consideration by the Eleventh Circuit. *Id.* at Dkt. 115 (notice of appeal).

Scola explained that a motion for leave to file excess pages (unlike a preliminary injunction motion itself) requires a certificate of conferral, and that Plaintiffs could refile their motion only "after meaningful conferral" with Defendants. *Id.*

8.      Three days later, Plaintiffs filed amended motions for leave "to file a motion of approximately seventy-five (75) pages in length" in both this action and the *Facebook* action. Am. Mot. (Dkt. 33) at 1; *Trump v. Facebook*, Am. Mot. (Dkt. 31) at 1. Yet, contrary to Judge Scola's order, Plaintiffs' amended motions still claimed that they were not required to confer with Defendants prior to filing their motions for excess pages. Am. Mot. (Dkt. 33) at 3; *Trump v. Facebook*, Am. Mot. (Dkt. 31) at 3. On July 17, 2021, this Court and Judge Williams granted leave to Plaintiffs to file motions for preliminary injunction of up to 30 pages. Paperless Order (Dkt. 35); *Trump v. Facebook*, Paperless Order (Dkt. 32).

9.      On August 19, 2021, the Department of Justice filed the same motion in all three cases to stay the deadline for its intervention to address the constitutional question raised by Plaintiffs' claims. Mot. (Dkt. 37); *Trump v. Facebook*, Mot. (Dkt. 40); *Trump v. Twitter*, Mot. (Dkt. 33). The Government requested an "opportunity . . . to confer with counsel for all parties on their anticipated schedule for . . . briefing" related to the constitutional question, noting that "the docket does not reflect that service . . . has been effectuated as to any defendant[.]" Dkt. 37 at 1-2. This Court granted the motion on August 20 and stayed the deadline for the Government to intervene because, at the time of that order, "Plaintiffs [had] yet to file any motion raising the constitutional issues that were certified to the U.S. Attorney General." Paperless Order (Dkt. 41). Judge Scola followed suit on August 27. *Trump v. Twitter*, Paperless Order (Dkt. 36). Judge Williams, by contrast, declined to stay the Government's deadline and instead extended it to November 22, 2021. *Trump v. Facebook*, Paperless Order (Dkt. 45).

10.     On August 23, 2021, still without having served the Complaint, Former President Trump filed a Motion for Preliminary Injunction seeking an order compelling YouTube to restore his channel and videos to the platform and to declare Section 230(c) unconstitutional. Mot. (Dkt. 43) at 29-30. The next day, this Court declined to set a briefing schedule for Plaintiffs' preliminary injunction motion until there is a "showing that Defendants are on notice as to the Motion . . . or, upon Defendants['] appearance in the above-captioned case." Paperless Notice (Dkt. 44).

11.     YouTube believes it is self-evident that the instant case "involves subject matter which is a material part of the subject matter" of the *Facebook* and *Twitter* actions, and that having these cases all heard by different judges would "entail the unnecessary duplication of judicial labor"—as well as the risk of inconsistent rulings. IOP 2.15.00. Each of the actions involves: (1) substantially similar factual allegations, including assertions by Former President Trump about the suspension of his online social media accounts, supposedly based on public statements by politicians and members of Congress; (2) identical causes of action, theories of liability, and issues of law; and (3) substantially similar proposed class definitions. Among other things:

●      All three actions ask the Court to find, based on similar factual allegations and identical legal theories, that content moderation by private companies amounted to state action in violation of the First Amendment. *See* Am. Compl. ¶ 241; *Trump v. Facebook*, Am. Compl. ¶ 193; *Trump v. Twitter*, Am. Compl. ¶ 174.

●      All three actions mount the same constitutional challenge to a federal statute enacted 25 years ago: 47 U.S.C. § 230(c). *See* Am. Compl. ¶¶ 255-66; *Trump v. Facebook*, Am. Compl. ¶¶ 205-16; *Trump v. Twitter*, Am. Compl. ¶¶ 188-99.

●      All three actions include identical counts under the general provisions of FDUTPA (based on the same legal theory) as well as a count under Florida's S.B. 7072, which invites

the Court to interpret a new state statute that has been held unconstitutional and preliminarily enjoined by Judge Hinkle of the Northern District of Florida. Am. Compl. ¶¶ 283-301; *Trump v. Facebook*, Am. Compl. ¶¶ 233-45; *Trump v. Twitter*, Am. Compl. ¶¶ 221-33; *see supra* n.3.

12.     Accordingly, pursuant to Local Rule 3.8, YouTube notifies the Court that the present case (as well as the *Freedom Watch* case) is similar to the lower-numbered *Facebook* and *Twitter* actions under IOP 2.15.00.

DATED: August 31, 2021

Respectfully submitted,

**STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A**.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-2664

By:    */s/ Jay B. Shapiro*
      Jay B. Shapiro, Esq.
      Florida Bar No. 776361
      jshapiro@stearnsweaver.com
      Douglas L. Kilby, Esq.
      Florida Bar No. 73407
      dkilby@stearnsweaver.com
      Abigail G. Corbett, Esq.
      Florida Bar No. 31332
      acorbett@stearnsweaver.com

**WILSON SONSINI GOODRICH &
ROSATI, P.C.**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801

      Brian M. Willen, Esq.
      (*pro hac vice* pending)
      bwillen@wsgr.com
      Benjamin D. Margo, Esq.
      (*pro hac vice* pending)
      bmargo@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899

    Steffen N. Johnson, Esq.
    (*pro hac vice* pending)
    sjohnson@wsgr.com
    Meng Jia Yang, Esq.
    (*pro hac vice* pending)
    mjyang@wsgr.com

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

    Amit Q. Gressel, Esq.
    (*pro hac vice* pending)
    agressel@wsgr.com

*Counsel for Defendants YouTube, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of August, 2021, I electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which sent a notice of electronic filing to all counsel of record.


By: _/s/ Jay B. Shapiro_ _____

Jay B. Shapiro