# EXHIBIT 1

PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

FELICIA H. ELLSWORTH (*pro hac vice*)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

THOMAS G. SPRANKLING
CA Bar No. 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6062
Facsimile: (650) 858-6100

*Attorneys for Interested Parties*
  *Twitter, Inc. and Jack Dorsey*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DONALD J. TRUMP, *et al.*,<br><br>  Plaintiffs,<br>  v.<br><br>YOUTUBE, LLC, *et al.*,<br><br>  Defendants. | Case No: 4:21-cv-08009-JSW<br><br>**OPPOSITION OF INTERESTED PARTIES TWITTER, INC. AND JACK DORSEY TO PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Hearing Date: January 21, 2022<br>Courtroom: 2, 17th floor<br>Time: 9:00 am<br>Judge: Hon. Jeffrey S. White |

## INTRODUCTION

Rather than file a single lawsuit, former President Donald Trump, together with varying sets of co-plaintiffs, opted to file three separate lawsuits on the same day against Twitter, Inc., YouTube, LLC, and Facebook, Inc.[1] in the Southern District of Florida. While the cases were pending there before three different federal judges, Mr. Trump and his co-plaintiffs in this case insisted that the three cases were not related. Then, days after the *Twitter* action was assigned to the Honorable James Donato in this District, the plaintiffs in this case filed an administrative motion asking this Court to relate the *YouTube* and *Twitter* cases. This Court denied that motion. The very next day, seeking a second bite at the apple, the plaintiffs in this case moved for consolidation under Federal Rule of Civil Procedure 42(a).

Because this Court has found, and the plaintiffs conceded in Florida, that the cases are not related, it is not appropriate to consolidate them. And even if the cases could be consolidated, they should not be: There are significantly different questions of law and fact at issue in each case, consolidation would not promote judicial efficiency, and consolidation would cause delay and would prejudice all six defendants in the three different cases. The motion for consolidation should be denied.

## BACKGROUND

On July 7, 2021, Mr. Trump and three different sets of co-plaintiffs (all represented by the same counsel) separately sued Twitter, YouTube, and Facebook, along with each company's respective CEO, in three different actions in the Southern District of Florida. *See* Complaint, *Trump, et al. v. Twitter, Inc., et. al.*, No. 21-cv-22441, ECF No. 1 (case and docket transferred to N.D. Cal., No. 21-cv-08378); Complaint, *Trump, et al. v. YouTube, LLC, et al.*, No. 21-cv-22445, ECF No. 1 (case and docket transferred to N.D. Cal., No. 21-cv-08009); Complaint, *Trump, et al. v. Facebook, Inc., et al.*, No. 21-cv-22440, ECF No. 1 (case and docket transferred to N.D. Cal., No. 21-cv-09044).

In these cases, different groups of plaintiffs challenge distinct and independent editorial decisions made by Twitter, YouTube, and Facebook at different times about different content and accounts. Each corporate defendant made its own decisions with respect to each individual plaintiff's distinct usage of its

---

[1] Facebook "changed its name from 'Facebook, Inc.' to 'Meta Platforms, Inc.' effective October 28, 2021." Notice of Name Change, *Trump v. Facebook*, No. 21-cv-9044, ECF No. 123. Because its official name on the docket has not changed, this Opposition uses the name Facebook rather than Meta Platforms. *See* Order Regarding Notice of Name Change, *Facebook*, No. 21-cv-09044, ECF No. 130.

respective online platform, applying its own unique user agreement and editorial policies.

The three cases were assigned to, and for months remained pending before, three different judges of the Southern District of Florida. And from the first day the cases were filed there, Local Rule 3.8 of that district obligated the lawyers representing the plaintiffs, if they believed the cases were "similar" under that district's broad standard of relatedness, to promptly notify the court and opposing counsel of that fact. Plaintiffs' lawyers not only never provided such notice, but they also vociferously argued the opposite.

On August 31, 2021, simultaneously with their first appearance in this case, YouTube and its CEO Sundar Pichai filed a notice in the Southern District of Florida under its Local Rule 3.8, flagging that the three cases were "similar." Defts.' Notice of Pending, Refiled, Related, or Similar Actions 1, *YouTube*, ECF No. 53 (citing S.D. Fla. Local Rule 3.8 and S.D. Fla. Internal Operating Procedures § 2.15.00). YouTube has explained that it did this because it "believed that, given the broad language of the Southern District local rule, it was duty bound" to do so. Opp. To Pltfs.' Admin. Motion to Consider Whether Cases Should Be Related 4, *YouTube*, ECF No. 120. Facebook and its CEO and Twitter also filed notices of similar actions pursuant to that broad local rule. *See Facebook*, ECF No. 50; *Twitter*, ECF No. 43.

In response to YouTube's notice, the plaintiffs told the federal court in Florida that the three cases are not similar and should remain before different judges. They insisted, in particular, that "each of the three matters … involve distinct and detailed factual inquiries, with little commonality between each case," such that "judicial economy[] would not be served by these three cases being brought before one court." Pltfs.' Unopposed Motion for Leave to File Response to Defts.' Notice of Related Action ¶ 6, *YouTube*, ECF No. 57 (Sept. 2, 2021). Ultimately, the court in Florida agreed with the plaintiffs and declined to find the cases related, and the cases continued to proceed separately before three different judges. Order, *YouTube*, ECF No. 56 (Sept. 2, 2021) (paperless order entered on docket).

Next, each set of plaintiffs sought to keep their case in Florida, even though they had all agreed to forum-selection clauses requiring them to litigate their claims in the Northern District of California. *See YouTube*, ECF No. 65; *Twitter*, ECF No. 58; *Facebook*, ECF No. 77. The defendants in each case were put to the task of having to move to transfer, and in each case the respective presiding judge enforced the

forum-selection clauses and transferred the action to this District. *See YouTube*, ECF No. 70 (Oct. 6, 2021); *Twitter*, ECF No. 87 (Oct. 26, 2021); *Facebook*, ECF No. 108 (Nov. 19, 2021).[2]

Although the *Facebook* case was the first-filed of the three cases, and although the *Twitter* case was the first in which a transfer motion was filed, the first of the cases to be transferred here was the *YouTube* case, which was randomly assigned to this Court. Next came the *Twitter* case, which was randomly assigned to Judge Donato on November 3, 2021. *Twitter*, ECF No. 104.

Six days later—and two months after telling the court in Florida that the three cases have "little commonality," "involve distinct and detailed factual inquiries," and should not be related—the plaintiffs in this case filed an administrative motion, pursuant to this District's Local Rules 3-12(b) and 7-11, asking this Court to relate the *YouTube* and *Twitter* cases. *YouTube*, ECF No. 118 (Nov. 9, 2021). (At that point, the plaintiffs in the *Facebook* case were still fighting to keep that case in Florida.) The administrative motion also invited this Court, if it declined to treat the cases as related, to exercise its "discretion to consolidate the cases *sua sponte* under Fed. R. Civ. P. 42(a)." *Id.* at 5. The motion made no reference to what the plaintiffs had recently told the court in Florida about *lack* of relatedness.

YouTube and Twitter both opposed that motion. *See YouTube*, ECF Nos. 120, 121 (Nov. 15, 2021). This Court denied the motion and declined the invitation to consolidate. *See YouTube*, ECF No. 123 (Nov. 30, 2021). The Clerk's Notice appended to the Order denying the motion stated: "The court has reviewed the motion and determined that no cases are related and no reassignments shall occur." *Id.*

The next day, before the ink was dry on that Order, the plaintiffs filed the present motion to consolidate. *See* Pltfs.' Mot. To Consolidate, *YouTube*, ECF No. 125 (Dec. 1, 2021) (hereinafter "Mot."). As with their just-denied administrative motion, they again do not explain why they thought the cases had "little commonality" when they were in Florida (Pltfs.' Unopposed Motion for Leave to File Response to

---

[2] Plaintiffs erroneously characterize statements in Twitter's and Facebook's briefs in support of their motions to transfer venue as admissions that the cases are sufficiently similar to warrant consolidation under Rule 42(a). *See* Mot. at 6-7. In fact, those briefs stated only that the cases were identical in respects relevant to the defendants' respective motions to transfer venue. *See Twitter*, ECF No. 65 at 1 ("In any event, the arguments Plaintiffs advance against transfer are unavailing and were very recently rejected by Judge Moore of this court in his order transferring Plaintiffs' nearly identical case against YouTube."); *Facebook*, ECF No. 79 at 1 ("[A]nother court in this District agreed to transfer a near-identical lawsuit brought by Mr. Trump and other plaintiffs against YouTube, LLC and Sundar Pichai to the Northern District of California, rejecting the exact arguments that Plaintiffs make here.").

1  Defts.' Notice of Related Action ¶ 5, *YouTube*, ECF No. 57) but now "involve predominantly common
2  issues of law and/or fact," Mot. at 1. And the only change in circumstances since the plaintiffs opposed
3  relation in the Southern District of Florida—other than the filing of motions to dismiss and oppositions
4  to motions for preliminary injunctions in two of the cases, which only make relation or consolidation even
5  less appropriate—is the assignment of the cases to judges in this District.[3]

6  Meanwhile, the three cases continue to progress on independent tracks. The defendants in
7  *YouTube* and *Twitter* have filed motions to dismiss the respective amended complaints in those cases, as
8  well as oppositions to the motions for a preliminary injunction that Mr. Trump filed in each action. *See*
9  *YouTube*, ECF No. 129 (Dec. 2, 2021); *Twitter*, ECF Nos. 138, 139 (Dec. 9, 2021). In the *Twitter* case, the
10 motion to dismiss and motion for a preliminary injunction are set for a hearing on February 24, 2022.
11 *Twitter*, ECF No. 126. A hearing on the motions in the *YouTube* case has not been scheduled. And
12 Facebook's motion to dismiss and opposition to Mr. Trump's motion for a preliminary injunction are not
13 due until January 14, 2022. *See Facebook*, ECF No. 147. Facebook's reply in support of its motion to
14 dismiss is due on February 28—four days after the scheduled hearing in the *Twitter* case. *See id.*

**ARGUMENT**

**I.   The Cases Should Not Be Consolidated Because They Are Not Related**

The Court already has decided that "no cases are related and no reassignments shall occur." ECF
No. 123. This should end the inquiry. Cases pending before different judges that are not related under
Local Rule 3-12 should not be consolidated under Federal Rule of Civil Procedure 42(a). "Neither Rule
42(a) nor this Court's Civil Local Rules contemplate consolidation of cases that are assigned to different
judges. Nor do these rules authorize transfer of cases from one judge to another absent a determination
that the cases are related under Civil Local Rule 3-12." *Allan v. Experian Info. Sols., Inc.*, 2017 U.S. Dist.
LEXIS 20906, at *2 (N.D. Cal. 2017); *see also Hughes v. Experian Info. Sols., Inc.*, 2017 WL 975969, at *2
(N.D. Cal. 2017) (court "does not have the power to consolidate cases pending before other judges in this
district" when "the cases have not been related"); *Lugo v. Experian Info. Sols., Inc.*, 2017 WL 11577918, at

---

[3] Any preference the plaintiffs may have for a particular judicial assignment is in and of itself a reason to deny consolidation. *See, e.g.*, *Jayne v. Sprint PCS*, 2009 WL 426117, at *3 (E.D. Cal. 2009) (denying motion to consolidate after explaining that "an effort to proceed with judges of [plaintiff's] personal selection may constitute a rather unabashed and express form of judge-shopping, which is 'conduct which abuses the judicial process'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))).

*2 (N.D. Cal. 2017) (relation under Local Rule 3-12 "seems a necessary precursor to consolidation").[4]

Judges in this District have repeatedly found that it is not appropriate to consolidate cases that are not related. *See Burrows v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 8400, at *2 (N.D. Cal. 2017) (reassignment of cases from one judge to another is not "appropriate" under Rule 42 "unless the cases are found to be related under Local Rule 3-12"); *Allan*, 2017 U.S. Dist. LEXIS 20906, at *2 (declining to transfer cases from another judge absent determination that cases were related under Local Rule 3-12 and declining to consolidate cases pending before it); *Basconcello v. Experian Info. Sols.*, 2017 U.S. Dist. LEXIS 8402 (N.D. Cal. 2017) (same). That is a sensible rule, as the factors that determine whether consolidation is appropriate under Federal Rule of Civil Procedure 42(a) are similar to, if not the same as, the factors governing whether cases are related under Local Rule 3-12(a). *Compare* Local R. 3-12(a) (actions are related when "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges"), *with Chacanaca v. Quaker Oats Co.*, 2011 WL 441324, at *1 (N.D. Cal. 2011) (in deciding a motion to consolidate under Rule 42, "the court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, or expense that it would cause").

The sole case on which the plaintiffs rely (Mot. at 1) did not hold otherwise. It simply stated that "denial of a motion to relate under Rule 3-12 does not *automatically* preclude consolidation under Fed. R. Civ. P. 42." *Jackson v. City & Cnty. of San Francisco*, 2010 WL 11582918, at * 1 (N.D. Cal. 2010) (emphasis added). As the court in *Jackson* went on to recognize, "[w]hile consolidation is … *permissible* under a much broader range of circumstances than those specified for relating cases under Rule 3-12, it does not follow that consolidation is *appropriate* every time there is some common question of law or fact, without regard to the issues such as those identified in Rule 3-12." *Id.* (second emphasis added). And that court ultimately concluded consolidation was not appropriate in that case. *See id.* at *2. Plaintiffs have not identified a single case in which a court granted a motion to consolidate after denying a motion to relate, and

---

[4] These cases do not, as plaintiffs claim (Mot. at 8 n.2), hold that Local Rule 3-12 "modif[ies] substantive elements of Fed. R. Civ. Proc. 42." Instead, they recognize that Local Rule 3-12 "supplement[s]" Fed. R. Civ. P. 42(a) by constraining discretion that would otherwise exist under that Federal Rule. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with—but not duplicate—federal statutes and rules"); Local Rule 1-2(b) ("These local rules supplement the applicable Federal Rules. They shall be construed so as to be consistent with the Federal Rules.").

1  undersigned counsel are not aware of any such case.

2  Granting the motion to consolidate would be particularly inappropriate because the plaintiffs already asked this Court to consider whether the cases should be consolidated. As noted, plaintiffs' prior motion invited the Court to consolidate the cases *sua sponte* under Fed. R. Civ. P. 42(a). ECF No. 118 at 5 ("Should [it] determine that relation is not appropriate, … the Court has discretion to consolidate the cases *sua sponte* under Fed. R. Civ. P. 42(a) on the ground that they involve multiple common issues."). This Court had discretion to grant consolidation at that point if it deemed consolidation to be appropriate. *See Solannex, Inc. v. Miasolé Inc.*, 2013 WL 430984, at * 2 (N.D. Cal. 2013) (district courts have discretion to consolidate cases under Rule 42 *sua sponte*) (collecting cases). But this Court declined to do so, and plaintiffs have not provided any reason for reconsidering that decision.

## II. The Cases Do Not Meet The Standard For Consolidation Under Rule 42(a)

Even if it were otherwise appropriate to consolidate the cases under Rule 42(a) (it is not), the standard for consolidation is not met here. Courts weighing whether to consolidate cases under Rule 42(a) must first determine whether the cases "involve a common question of law or fact" and then "'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, 2019 WL 690290, at *2 (N.D. Cal. 2019) (citations omitted). District courts have broad discretion to grant or deny consolidation. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).[5]

### A. The Cases Do Not Have Sufficiently Common Issues Of Law And Fact

Courts regularly exercise their discretion to deny consolidation where the claims may be similar but the parties and events giving rise to those claims are different. For example, one court denied

---

[5] The two-sentence notice of similar actions that Twitter filed in Florida (*Twitter*, ECF No. 43) has no bearing on this analysis. Twitter filed that notice to ensure its compliance with the local rules of the Southern District of Florida, which, as YouTube previously explained, define related cases more broadly than the rules of this District. *See YouTube*, ECF No. 120 at 4. Under the Southern District of Florida rules, cases should be heard by same judge if the actions "involve[] subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge." Fla. Internal Operating Procedures § 2.15.00. That is, cases can be related where doing so would avoid even a very small amount of "unnecessary duplication of judicial labor." And, in any event, none of the three federal judges in Florida determined that any of the three cases were related even under that significantly more relaxed standard.

| TWITTER AND DORSEY'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE | 6 | Case No. 4:21-cv-08009-JSW |

1  consolidation where the cases all raised patent infringement claims because the cases related to "different patents, with mostly different inventors, … different standards, and different technologies." *Uniloc USA Inc.*, 2019 WL 690290, at *2. Another denied a motion to consolidate even though "there [wa]s minor overlap between the parties," because "the two actions lack[ed] commonality in terms of the defendant actors and the underlying transactions." *Adobe Sys. v. A & S Elecs., Inc.*, 2016 WL 9105173, at *3; *see id.* at *8 (N.D. Cal. 2016) (noting that each claim "involve[d] different [Adobe] software products which appear[ed] to have been sold at different times"). One court even denied consolidation where "[p]laintiff's counsel ha[d] employed largely identical, formulaic pleadings in each of the several cases," reasoning that "the specific factual allegations relevant to each individual plaintiff's claims [wa]s unique enough such that consolidation before one judge would not result in substantial benefit." *Lugo v. Experian Info. Sols., Inc.*, 2017 WL 11577918, at *1 (N.D. Cal. 2017); *see also Topower Computer Indus. Co. v. Xion, Inc.*, 2009 WL 4572771, at *1 (N.D. Cal. Dec. 4, 2009) ("There is substantial overlap with respect to the factual and legal issues presented in the First and Second Actions, which essentially are mirror images of each other. Nonetheless, the Court is not persuaded that consolidation of the actions under Rule 42(a)(2) is proper in this instance."). These courts all agreed that the "mere existence of similar legal theories is not sufficient to warrant consolidation if those theories rest upon disparate factual allegations giving rise to the claims in each action." *U.S. ex rel. Boise v. Cephalon, Inc.*, 2014 WL 6676629, *2 (E.D. Pa. 2014).

Here, as YouTube explained in its opposition to the plaintiffs' administrative motion, the factual allegations giving rise to the claims in these actions are not the same because the parties and events in the cases are all different. *See YouTube*, ECF No. 120 at 1-2. The defendants in the *Twitter* case are Twitter and Mr. Dorsey. The defendants in this case are YouTube and Mr. Pichai. The defendants in the *Facebook* case are Facebook and Mr. Zuckerberg. Most of the plaintiffs are different, too. For example, Kelly Victory, Austen Fletcher, Andrew Baggiani, Maryse Veronica Jean-Louis, and Frank Valentine are among the plaintiffs in the *YouTube* action, but none of them is involved in either the *Twitter* action or the *Facebook* action. Mr. Trump is a plaintiff in all three cases, but his claims in each case arise out of different events, namely, decisions by Twitter to enforce Twitter's Rules by taking action against his Twitter account because of Tweets he had posted on the Twitter platform, decisions by YouTube to enforce its policies by taking action against his YouTube channel because of videos he had posted on the YouTube platform,

1    and decisions by Facebook to enforce its Community Standards by taking action against his Facebook
2    account because of content he had posted on the Facebook platform.  Plaintiffs allege that all of these
3    decisions of the different defendants were made under the same compulsion from various federal office
4    holders (Mot. at 4-5), but even if those allegations were true (they are not), the editorial decisions that
5    Twitter, YouTube, and Facebook made with respect to each plaintiff's content and account were distinct
6    events.  Thus, the cases arise out of different events—involving different online services, different content
7    from different people, different social media accounts, and different user agreements and editorial policies.

8            Any overlap in the legal issues between the three cases is not sufficient to warrant consolidation.
9    *See* Mot. at 5-6 (listing legal issues purportedly common to all three cases).  "[S]ingle judges of this Court
10   do not become responsible for all cases arising in one area of law, even when some of the same parties
11   are involved."  *See Allen v. City of Oakland*, 2011 U.S. Dist. LEXIS 135556, at *6 (N.D. Cal. 2011).  Indeed,
12   multiple judges in this District have *already* addressed the same theories that the various plaintiffs are
13   asserting here—*i.e.*, that online social media networks' editorial judgments to retain or remove content
14   posted by account holders somehow violates the First Amendment, or that a federal statute, 47 U.S.C.
15   § 230, should be declared unconstitutional.  *See Doe v. Google LLC*, 2021 WL 4864418, at *1-6 (N.D. Cal.
16   2021) (Freeman, J.) (rejecting First Amendment claim against YouTube); *Daniels v. Alphabet Inc.*, 2021 WL
17   1222166, at *5-7 (N.D. Cal. 2021) (DeMarchi, J.) (same); *Children's Health Def. v. Facebook Inc.*, 2021 WL
18   2662064, at *6-15 (N.D. Cal. ) (Illston, J.) (rejecting same type of claim against Facebook), *appeal filed*, No.
19   21-16210 (9th Cir. 2021); *Newman v. Google LLC*, 2021 WL 2633423, at *8-12, *13-14 (N.D. Cal. 2021)
20   (Koh, J.) (rejecting First Amendment claim against YouTube and dismissing claim seeking declaration that
21   Section 230 is unconstitutional); *Divino Grp. LLC v. Google LLC*, 2021 WL 51715, at *4-7 (N.D. Cal. 2021)
22   (DeMarchi, J.) (rejecting First Amendment claim against YouTube); *Lewis v. Google LLC*, 461 F. Supp. 3d
23   938, 952-53 (N.D. Cal. 2020) (Kim, J.) (same), *aff'd*, 851 F. App'x 723 (9th Cir.), *cert. denied*, 142 S. Ct. 434
24   (2021).  None of those cases were consolidated, nor should any of the three cases here be consolidated.

25           **B.**    **Consolidation Would Not Be Efficient**

26           Consolidation would not save time or effort.  YouTube and Twitter have already filed motions to
27   dismiss and oppositions to Mr. Trump's motions for preliminary injunctions.  Facebook has filed neither.
28   Thus, it is too late for the Court to save time and effort by ordering consolidated briefing on those

---

TWITTER AND DORSEY'S OPPOSITION TO         8        Case No. 4:21-cv-08009-JSW
PLAINTIFFS' MOTION TO CONSOLIDATE

1  motions.

2  And there would be no efficiency gains at the discovery or trial stage (in the event that any of the
3  cases survives the motions to dismiss that have been or will be filed). As one of the plaintiffs' own cases
4  explains, when "the related actions are based on the same facts and involve the same subject matter, the
5  same discovery will be relevant to both lawsuits." *Backe v. Novatel Wireless, Inc.*, 2008 WL 5214262, at *2
6  (S.D. Cal. 2008). Here, because the actions are *not* based on the same facts, the same discovery would not
7  be relevant to all three lawsuits. Each plaintiff's claim, if any case goes forward, would involve discovery
8  into each respective platform's decisions to take one or more distinct actions against that particular
9  plaintiff's content or account. For example, there would be no overlap between any discovery relevant to
10 Rafael Barboza's claims arising out of Twitter's alleged decision to indefinitely suspend his account
11 because, in its view, his responses to Tweets by "lawyers and political figures fighting for election integrity"
12 were "hurtful content, abuse, and harassment," *Twitter*, ECF No. 21 ¶¶ 134-135, and any discovery
13 regarding Marvse Veronica Jean-Louis' claims arising out of YouTube's alleged "censorship" of her
14 channel "Higher Realm Holistics," on which she shared videos discussing "the medical benefits of
15 alternative healing methods" "[d]uring the height of the COVID-19 Pandemic," *YouTube*, ECF No. 21
16 ¶¶ 182, 183, 185. And that is true even for overlapping plaintiffs because Twitter, YouTube, and
17 Facebook each made its own content-moderation decisions and it is those independent decisions that
18 would be the subject of any discovery. The only conceivable factual overlap between the claims in the
19 three cases concerns the alleged pressure from various lawmakers and non-government actors for
20 defendants to reduce misinformation on their platforms. But any discovery relevant to such alleged
21 pressure would also have to be tailored to each defendant. For example, whether any government official
22 intended to pressure the defendant and whether any official's statements or actions actually had any impact
23 on the defendant's decisions would be unique to each case. Because the nature and scope of any discovery
24 in these cases would be different, there is nothing to be gained from consolidating them.

25  **C.  Consolidation Would Cause Delay And Prejudice All Defendants**

26  Finally, consolidation would cause delay and thereby prejudice all six defendants. Contrary to
27  plaintiffs' argument (Mot. at 12-14), they certainly did not file the present motion "at the earliest stage for
28  all three cases in which there is still an opportunity to establish closely tracked briefing schedules." The

earliest stage for possible consolidation would have been when Mr. Trump and his co-plaintiffs chose to file three separate lawsuits. Perhaps the cases even would have "'appear[ed] to entail the unnecessary duplication of judicial labor if heard by a different Judge'" on August 31, 2021, when YouTube filed its notice of related actions—and when plaintiffs argued that the cases should remain with three separate judges—because at that point no briefing schedules had been set. Mot. at 6. But that is no longer the case. And if plaintiffs truly believed consolidation for purposes of judicial economy were warranted, they presumably would not have continued to resist transfer of the *Twitter* case to this District after the *YouTube* case arrived here and transfer of the *Facebook* case to this District after *both* of the other cases were here.

Nor are the three cases in "parallel" procedural postures. Mot. at 12. Plaintiffs are wrong in suggesting that the defendants have "'proceeded in virtual lockstep in their litigation of the[se] case[s].'" Mot. at 8 (quoting *Kowalski v. Mommy Gina Tuna Res.*, 2008 WL 4753282, at *3 (D. Haw. 2008)). In fact, the three sets of defendants are represented by different counsel operating under different briefing schedules who have filed, or will file, different motions to dismiss and oppositions to Mr. Trump's motions for preliminary injunctions. *See Kowalski*, 2008 WL 4753282, at *3 (defendants were in "lockstep" because they had "retained common counsel" and "filed common motions"). YouTube and Twitter already have filed motions to dismiss and oppositions to Mr. Trump's motions for preliminary injunctions. The motions to dismiss and for preliminary injunction are set for a hearing date in the *Twitter* case but not in this case. And Facebook has not yet filed its motion to dismiss or opposition to the motion for preliminary injunction because the case against it was transferred to this District (over the opposition of the plaintiffs in that case) later than the *Twitter* and *YouTube* cases. These schedules should not be disrupted mid-stream—especially because the prospect of any of the cases proceeding beyond the motion-to-dismiss stage is in doubt. *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("[C]ourts have concluded that consolidation is premature when motions to dismiss are pending."). "The different procedural posture of each case ... weighs against consolidation, even though the ... cases are at the pleading stage." *Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, 2021 WL 577394, at *5 (N.D. Cal. 2021).

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to consolidate.

Dated: December 15, 2021

Respectfully Submitted,

/s/ Patrick J. Carome

PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

FELICIA H. ELLSWORTH (*pro hac vice*)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

THOMAS G. SPRANKLING
CA Bar No. 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6062
Facsimile: (650) 858-6100

*Attorneys for Interested Parties*
  *Twitter, Inc., and Jack Dorsey*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

Dated: December 15, 2021 By: /s/ *Patrick J. Carome*

Patrick J. Carome