1    JOHN P. COALE *(pro hac vice)*
     2901 Fessenden Street NW
2    Washington, DC 20008
     Telephone: (202) 255-2096
3    Email: johnpcoale@aol.com

4    JOHN Q. KELLY *(pro hac vice)*
     MICHAEL J. JONES *(pro hac vice)*
5    RYAN TOUGIAS *(pro hac vice)*
     IVEY, BARNUM & O'MARA, LLC
6    170 Mason Street
     Greenwich, CT 06830
7    Telephone: (203) 661-6000
     Email: jqkelly@ibolaw.com
8
     FRANK C. DUDENHEFER , JR. *(pro hac*
9    *vice)*
     THE DUDENHEFER LAW FIRM L.L.C.
10   2721 Saint Charles Avenue, Suite 2A
     New Orleans, LA 70130
11   Telephone: (504) 616-5226
     Email: fcdlaw@aol.com
12   Attorneys for Plaintiffs

     ANDREI POPOVICI (234820)
     MARIE FIALA (79676)
     LAW OFFICE OF ANDREI D. POPOVICI,
     P.C.
     2121 North California Blvd. #290
     Walnut Creek, CA 94596
     Telephone: (650) 530-9989
     Facsimile: (650) 530-9990
     Email: andrei@apatent.com
     Email: marie@apatent.com

     RICHARD POLK LAWSON *(pro hac vice)*
     GARDNER BREWER MARTINEZ
     MONFORT
     400 North Ashley Drive
     Suite 1100
     Tampa, FL 33602
     Telephone: (813) 221-9600
     Facsimile: (813) 221-9611
     Email: rlawson@gbmmlaw.com

13                    **UNITED STATES DISTRICT COURT**
14                  **NORTHERN DISTRICT OF CALIFORNIA**
                       **SAN FRANCISCO DIVISION**
15

16   DONALD J. TRUMP, the Forty-Fifth President
     of the United States, LINDA CUADROS,          Case No: 3:21-cv-08378-JD
17   AMERICAN CONSERVATIVE UNION,
     RAFAEL BARBOSA, DOMINICK                      **REQUEST FOR JUDICIAL NOTICE IN**
18   LATELLA, WAYNE ALAN ROOT, NAOMI              **SUPPORT OF PLAINTIFFS'**
     WOLF, INDIVIDUALLY, AND ON BEHALF            **OPPOSITION TO MOTION TO DISMISS**
19   OF THOSE SIMILARLY SITUATED
                     Plaintiffs,                   Hearing Date:    February 24, 2022
20         v.                                      Time:            10:00 a.m.
                                                   Place:           Courtroom 11, 19th Floor
21   TWITTER INC. and JACK DORSEY,                 Judge:           Hon. James Donato
                     Defendants.
22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Evidence 201, Plaintiffs ask the Court to take judicial notice

2    of the following documents in support of their Opposition to Motion to Dismiss:

3        1. Exhibit A, excerpts from Defendant Dorsey's responses to questions submitted for the

4    Senate Judiciary Committee Hearing conducted on November 17, 2020 ("Breaking the News:

5    Censorship, Suppression, and the 2020 Election"); full record of responses available at

6    https://www.judiciary.senate.gov/imo/media/doc/Dorsey%20Response%20QFRs.pdf.

7        2. Exhibit B, Opening Statement as Prepared for Delivery of Committee Chairman Frank

8    Pallone, Jr. for the House Committee on Energy and Commerce Hearing conducted on March 22,

9    2021 ("Disinformation Nation: Social Media's Role in Promoting Extremism and

10   Misinformation"), available at

11   https://energycommerce.house.gov/sites/democrats.energycommerce.house.gov/files/documents/

12   Opening%20Statement_Pallone_CAT-CPC_2021.3.25_0.pdf.

13       3. Exhibit C, Opening Statement as Prepared for Delivery of Subcommittee Chairman

14   Mike Doyle for the House Committee on Energy and Commerce Hearing conducted on March

15   22, 2021 ("Disinformation Nation: Social Media's Role in Promoting Extremism and

16   Misinformation"), available at

17   https://energycommerce.house.gov/sites/democrats.energycommerce.house.gov/files/documents/

18   Opening%20Statement_Doyle_CAT-CPC_2021.3.25.pdf.

19       4. Exhibit D, Opening Statement as Prepared for Delivery of Subcommittee Chairman

20   Janice D. Schakowsky for the House Committee on Energy and Commerce Hearing conducted on

21   March 22, 2021 ("Disinformation Nation: Social Media's Role in Promoting Extremism and

22   Misinformation"), available at

23   https://energycommerce.house.gov/sites/democrats.energycommerce.house.gov/files/documents/

24   Opening%20Statement_Schakowsky_CAT-CPC_2021.3.25_0.pdf.

25       5. Exhibit E, Memorandum from Chairman Pallone prepared by Committee on Energy

26   and Commerce Staff for the House Committee on Energy and Commerce Hearing

27   ("Disinformation Nation: Social Media's Role in Promoting Extremism and Misinformation")

28   conducted on March 22, 2021, available at

1    https://docs.house.gov/meetings/IF/IF16/20210325/111407/HHRG-117-IF16-20210325-

2    SD002.pdf.

3    6. Exhibit F, Twitter, Inc. Form 10-K dated 2/17/2021, filed for the year ended

4    12/31/2020, available at

5    https://www.sec.gov/Archives/edgar/data/0001418091/000141809121000031/twtr-

6    20201231.htm.

7    Under Fed. R. Evid. 201, a court "may judicially notice a fact that is not subject to

8    reasonable dispute because it…can be accurately and readily determined from sources whose

9    accuracy cannot reasonably be questioned." *See Santa Monica Food Not Bombs v. City of Santa*

10   *Monica*, 450 F.3d 1022, 1026 n.2 (9th Cir. 2006).  Facts contained in public records are

11   considered appropriate subjects of judicial notice, including the records and reports of

12   administrative bodies. *Id.  See also* United States v. *Ritchie,* 342 F.3d 903, 909 (9th Cir. 2003).

13   In particular, judicial notice is appropriate under Fed. R. Evid. 201(b)(2) for information obtained

14   from official governmental websites. *Paralyzed Veterans of Am. V. McPherson,* 2008 WL

15   4183981, at *5 (N.D. Cal. Sept. 8, 2008) (court took judicial notice of information from official

16   government websites, citing multiple decisions from federal circuits and district courts).

17   A court may consider judicially noticeable materials without converting a motion to

18   dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th

19   Cir. 2003); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).   Furthermore,

20   under the "incorporation by reference" doctrine, a court may "take into account documents

21   'whose contents are alleged in a complaint and whose authenticity no party questions, but which

22   are not physically attached to the [plaintiff's] pleading.'"  *Knievel v. ESPN*, 393 F.3d 1068, 1076

23   (9th Cir. 2005).

24   The November 2020 and March 2021 Congressional Hearings are referenced in Plaintiffs'

25   First Amended Complaint at FAC ¶¶ 57-58 ("Breaking the News: Censorship, Suppression, and

26   the 2020 Election": Hearing before S. Comm. on the Judiciary, 116th Cong. (2020);

27   "Disinformation Nation: Social Media's Role in Promoting Extremism and Misinformation":

28   Hearing before H. Comm. on Energy and Com., 117th Cong. (2021)).  The Court may take

1    judicial notice of these governmental records on a motion to dismiss. *Judan v. Wells Fargo Bank,*

2    *National Association*, 2017 WL 3115172, at *1 (N.D. Cal. July 21, 2017), citing *Mack v. S. Bay*

3    *Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *abrograted on other grounds by Astoria*

4    *Fed. Sav. Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

5           Regarding Exhibit F, the Court may take judicial notice of the content of the Securities

6    and Exchange Commission Form 10-K, and the fact that it was filed with the agency. *Gerritsen*

7    *v. Warner Bros Entertainment Inc.*, 112 F. Supp.3d 1011, 1031-1032 (C.D. Cal. Jan. 30, 2015).

8    ("Defendants […] contend that "Ms. Gerritsen cannot amend her complaint by attaching

9    [corporate disclosure documents] to her brief in opposition to defendants' Motion to Dismiss."

10   Courts can consider securities offerings and corporate disclosure documents that are publicly

11   available. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n. 7 (9th

12   Cir.2008). *See also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir.1996)

13   ("When deciding a motion to dismiss ..., a court may consider the contents of relevant public

14   disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed

15   with the SEC. Such documents should be considered only for the purpose of determining what

16   statements the document contain, not to prove the truth of the documents' contents," citing

17   *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354–55 (7th Cir.1995)).

18          Plaintiffs respectfully ask that the Court take judicial notice of the existence and contents

19   of the documents submitted as Exhibits A-F.

20

21   Dated: January 10, 2022            Respectfully submitted,

22                                      ANDREI POPOVICI (234820)
                                        MARIE FIALA (79676)
23                                      LAW OFFICE OF ANDREI D. POPOVICI, P.C.

24

25                                      By:      */s/ Andrei D. Popovici*
                                                 Andrei D. Popovici

26
                                        JOHN P. COALE *(pro hac vice)*
27                                      2901 Fessenden Street NW
                                        Washington, DC 20008
28                                      Telephone: (202) 255-2096
                                        Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com
Email: mjones@ibolaw.com

FRANK C. DUDENHEFER, JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
 Email: fcdlaw@aol.com

RICHARD POLK LAWSON *(pro hac vice)*
GARDNER BREWER MARTINEZ
MONFORT
400 North Ashley Drive
Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
Email: rlawson@gbmmlaw.com

*Attorneys for Plaintiffs*