JOHN P. COALE (pro hac vice)
2901 Fessenden Street, NW
Washington, D.C. 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY (pro hac vice)
MICHAEL J. JONES (pro hac vice)
RYAN TOUGIAS (pro hac vice)
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: jqkelly@ibolaw.com

FRANK C. DUDENHEFER , JR. (pro hac vice)
THE DUDENHEFER LAW FIRM L.L.C.
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

ANDREI POPOVICI (234820)
MARIE FIALA (79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd. #290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Facsimile: (650) 530-9990
Email: andrei@apatent.com
Email: marie@apatent.com

RICHARD POLK LAWSON (pro hac vice)
GARDNER BREWER HUDSON, P.A.
400 North Ashley Drive
Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Facsimile: (813) 221-9611
Email: rlawson@gbmmlaw.com

*Attorneys for Plaintiffs*

PATRICK J. CAROME (pro hac vice)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (pro hac vice)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000

THOMAS G. SPRANKLING
CA Bar No. 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6062

*Attorneys for Defendants Twitter, Inc. and Jack Dorsey*
[Additional Counsel Listed In Signature Block]

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

JOSHUA M. KOLSKY
INDRANEEL SUR
Department of Justice
Civil Division, Federal Programs Branch
P. O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-7664
Email: Joshua.kolsky@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD J. TRUMP, et al.,<br>        Plaintiffs,<br>  v.<br><br>TWITTER, INC., et al.,<br>        Defendants. | Case No: 3:21-cv-08378-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: February 24, 2022<br>Time: 10:00 AM<br>Place: Courtroom 11, 9th Floor<br>Hon. James Donato |

Pursuant to the Federal Rule of Civil Procedure 16, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California dated November 1, 2018, this Court's Standing Order for Civil Cases, and the Clerk's Notice Scheduling Initial Case Management Conference on Reassignment (Dkt. No. 143), the Parties to the above-titled action, Plaintiffs, Donald J. Trump, *et al.* ("Plaintiffs"), Defendants Twitter, Inc. ("Twitter") and Jack Dorsey (collectively "Defendants"), and Intervenor, the United States of America ("USA"), jointly submit this Case Management Statement.[1]

**1. Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Parties agree that Defendants have been properly served and that there are no issues regarding personal jurisdiction or venue now that this case has been transferred from the Southern District of Florida. Dkt. 87. Plaintiffs assert that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332 (Diversity), 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act, now Creation of Remedy), and 28 U.S.C. § 1332(d) (The Class Action Fairness Act), and that venue is proper under 28 U.S.C. § 1391(b)(2), (d), and (e)(1).

Defendants and the United States dispute that the Court has subject matter jurisdiction under Article III over count two of the First Amended Complaint ("FAC") challenging the constitutionality of Section 230(c) of the Communications Decency Act because Plaintiffs lack Article III standing. The United States takes no position as to whether the Court has jurisdiction over the other claims in the FAC. Defendants also dispute Article III standing as to Plaintiffs' claims under Florida law to the extent those claims are based on alleged injury to individuals other than Plaintiffs. Defendants otherwise take no position on the Court's subject matter jurisdiction.

All Parties have appeared through counsel.

---

[1] The United States has intervened in this suit solely for the purpose of defending the constitutionality of Section 230(c). Therefore, unless otherwise specified, the United States takes no position on the case management topics addressed herein. As used herein, the term "Parties" is not intended to include the United States unless expressly stated.

### 2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**By the Plaintiffs:**

Defendants have engaged in impermissible censorship of speech based on the political views expressed by Users in response to threats of coercive measures made by, and encouragement from, congressional legislators and the Executive Branch, reliance upon Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and willful participation in joint activity with federal actors. Defendants' action are therefore the result of state action and the censorship decisions Defendants make regarding speech by its Users are constrained by the First Amendment right to free speech in.

Section 230 is part of legislation passed twenty-five (25) years ago to protect minors from the transmission of obscene materials on the Internet and to promote the growth and development of Internet commerce. The immunity from liability afforded by Section 230 has enabled Defendant Twitter to grow into a commercial giant that now censors (flags, shadow bans, bans, etc.) and otherwise restricts with impunity the constitutionally protected free speech of the Plaintiffs and the Putative Class Members.

On January 7, 2021, Defendants permanently banned the sitting President of the United States from their platform for exercising his constitutional right of free speech. Plaintiff Donald J. Trump was de-platformed by the Defendants, as were the Putative Class Members, using non-existent, broad, vague, and ever-shifting standards.

Using the unconstitutional authority delegated to them by Congress, Defendants have mounted an aggressive campaign of prior restraint against a multitude of Putative Class Members through censorship resulting from threatened legislative action, legislative coercion and encouragement and joint action with federal actors. Defendants have effectively censored and imposed a prior restraint on the protected political speech of a sitting President of the United States. Defendants' continued censorship of Plaintiff Donald J. Trump and Putative Class Members poses an imminent, severe, and irreparable danger to the protected free speech rights of all citizens as protected by the First Amendment.

**By the Defendants:**

Defendant Twitter is a private, non-governmental entity that operates an online platform. Its hundreds of millions of account holders, subject to express limitations and conditions established by Twitter, may post and exchange short messages ("Tweets") on the platform that may be seen by other account holders and the general public. Defendant Dorsey is a private individual who until recently served as Twitter's chief executive officer.

As an express condition of accessing and posting on its platform, all Plaintiffs (like all Twitter account holders) entered into, and agreed to abide by, the Twitter User Agreement. That Agreement includes the Twitter Terms of Service and the Twitter Rules (including various incorporated policies). Those Rules and policies, among other things, prohibit account holders from posting on the Twitter platform certain types of content that Twitter, in its editorial discretion, deems potentially harmful to its accountholders, to the public, or to its goal of promoting healthy dialogue on its platform. The Terms of Service and Rules confirm that Twitter has broad editorial discretion regarding whether and how to enforce these content-moderation Rules and policies, and also to make clear that Twitter may label or remove content or accounts for any reason, including for violating these policies or for no reason at all. The Terms of Service also provide that "[t]he laws of the State of California … will govern these Terms and any dispute that arises between [users] and Twitter."

Plaintiffs' Amended Complaint seeks to hold Defendants liable for, and to countermand by judicial order, Twitter's decisions to block, remove, or label particular content that Plaintiffs posted on the Twitter platform or to temporarily or permanently prevent Plaintiffs' from posting content on the platform by suspending their accounts. Twitter made those First-Amendment protected editorial decisions independently and in accordance with the Rules and policies to which Plaintiffs agreed and based on its independent determinations that Plaintiffs had posted content that violated those Rules and policies. These were Twitter's own editorial decisions and not the decisions of any government actor. The decisions would be Twitter's even if one were to accept as true that, as alleged in the Amended Complaint and Plaintiffs' declarations, individual members of Congress or other government officials or employees made statements criticizing or

commenting on social media platforms' content-moderation practices or supporting changes to 47 U.S.C. § 230.

### 3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**By the Plaintiffs:**

Concurrently with the Case Management Conference to be held on February 24, 2022, the Court will hear arguments on Plaintiff Trump's Motion for Preliminary Injunction and the Defendants' Motion to Dismiss. Each motion has been extensively briefed and presents the Court with the underlying facts of this litigation, the applicable law and argument by the parties.

The following is a non-exclusive list of the major issues of law raised by the pleadings:

First, defendants' censorship of Plaintiffs is the result of threatened government action, government coercion and encouragement and joint action with federal actors. There can be no doubt that public officials "deliberately set about to achieve the suppression of [speech] deemed 'objectionable.'" *Bantam Books, Inc. v. Sullivan*, 372 U.S. 59, 68 (1963). Consequently, the Defendants' censorship of the Plaintiffs violated the First Amendment of the United States Constitution.

Second, the Defendants violated the Florida Deceptive and Unfair Trade Practices Act and the Florida Stop Social Media Censorship Act, and thus Plaintiffs are entitled to the relief provided therein. A choice-of-law provision will not be enforced when it is contrary to the fundamental policy of another state. *In re Facebook Biometric Information Privacy Litig.*, 185 F. Supp.3d 1155 (N.D. Cal. 2016).

Third, Plaintiff Donald J. Trump is entitled to injunctive relief. Mr. Trump's injuries are not only ongoing, but *worsening*, because they flow from the silencing of Mr. Trump's *political speech* as the presumptive head of the Republican party at a time when the nation is drawing ever-closer to the 2022 elections, including his endorsement of candidates in primary races that are currently commencing throughout the nation. The balance of equities and the public interest both favor injunctive relief.

Fourth, Plaintiffs sustained damages as a result of their censorship by the Defendants.

Any issue of law implicit in the facts of this case.

**By the Defendants:**

As explained in Defendants' Motion to Dismiss and reply brief in support of that motion (Dkt. Nos. 138, 147), the Amended Complaint must be dismissed for several reasons.

First, Plaintiffs fail to state a First Amendment claim because Twitter and Mr. Dorsey are private actors, not public officials. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1930 (2019); *Prager Univ. v. Google LLC*, 951 F.3d 991, 997 (9th Cir. 2020). Plaintiffs have not alleged that Twitter's editorial decisions constituted state action because they have not plausibly alleged that the government coerced Twitter to make the challenged editorial decisions, that Section 230 "encouraged" the decisions and thereby converted them into state action, or that the government and Twitter conspired or acted jointly to violate Plaintiffs' constitutional rights. *See Blum v. Yaretsky*, 457 U.S. 991, 1008 (1982); *O'Handley v. Padilla*, 2022 WL 93625, at *9 (N.D. Cal. Jan. 10, 2022); *Children's Health Defense v. Facebook Inc*., 2021 WL 2662064 (N.D. Cal. June 29, 2021).

Second, Plaintiffs' attack on the constitutionality of Section 230 is procedurally barred and substantively meritless. *See Divino Grp. LLC v. Google LLC*, 2021 WL 51715, at *6 (N.D. Cal. Jan. 6, 2021).

Third, Plaintiffs FDUTPA Section 501.211(1) claim is barred by the choice-of-law provision in Twitter's Terms of Service, under which California law must govern this dispute. In any event, the FDUTPA claim should be dismissed because Plaintiffs have neither plausibly alleged any deceptive act or practice nor explained how the supposedly deceptive act or practice injured them. *See Librizzi v. Ocwen Loan Serv., LLC*, 120 F. Supp. 3d 1368, 1381 (S.D. Fla. 2015). In addition, Plaintiffs Root, Wolf, and ACU cannot invoke FDUTPA because they are not Florida residents. *See Bank of Am., N.A. v. Zaskey*, 2016 WL 2897410, at *9 (S.D. Fla. May 18, 2016).

Fourth, Plaintiffs' claim under Florida SB 7072 fails because that law was not in effect when the challenged content moderation occurred, Plaintiffs lack standing to challenge any other content-moderation decisions, and the law is unconstitutional. *See Landgraf v. USI Film Prods*., 511 U.S. 244, 265, 270 (1994); *NetChoice LLC v. Moody*, 2021 U.S. Dist. LEXIS 121951 (N.D. Fla. June 30, 2021), *appeal filed sub. nom. NetChoice, LLC v. Att'y Gen.,* No. 21-12355 (11th Cir.

July 13, 2021).

Finally, all of Plaintiffs' claims fail because granting any of the relief Plaintiffs seek would impermissibly infringe on Twitter's First Amendment right to exercise editorial control and judgment over what speech it disseminates through its communications platform. *See Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241 257-58 (1974); *O'Handley*, 2022 WL 93625, at *14.[2]

Beyond this, Plaintiff Donald Trump is not entitled to temporary or permanent injunctive relief for many reasons, including because all his claims are meritless, an injunction would irreparably harm Twitter by forcing it to disseminate speech against its will, and Plaintiff Trump's delay in bringing and prosecuting this case belies any assertion of that he is suffering ongoing irreparable harm.

**4. Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

**A. Prior Motions:**

1. On August 19, 2021, the United States filed a Motion to Stay Intervention Deadline (Dkt. 33). That motion was granted on August 27, 2021 (Dkt. 36).

2. On September 1, 2021, Defendant Twitter filed a Motion to Transfer this case from the Southern District of Florida to the Northern District of California (Dkt. 41). Judge Scola granted that motion on October 26, 2021 (Dkt. 87).

3. On October 29, 2021, the United States filed an Administrative Motion to Set the Time for the United States to Determine Whether to Intervene (Dkt. 93). That motion was granted on November 4, 2021 (Dkt. 120).

4. On November 9, 2021, Plaintiffs in *Trump, et al. v. YouTube, LLC et al.,* Civ. No: 4:21-cv-8009-JSW, filed Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related, (Dkt. 121), i.e., the captioned matter and *Trump, et al, v. YouTube*, *supra*. That Motion was denied on November 30, 2021 (Dkt. 132).

---

[2] Because of the numerous grounds for dismissing Plaintiffs' claims, the pending Motion to Dismiss does not invoke all of the defenses available to Defendants. If the Court's ruling on this motion does not terminate all of the claims, Defendants may invoke additional defenses. For example, Defendants may invoke the immunities afforded by 47 U.S.C. § 230 ("Section 230"), both as a defense to be asserted in their answer or in any subsequent Rule 12 motion, and as a basis for staying discovery at least until after the immunity issues are resolved.

5. On November 18, 2021, the United States filed an Administrative Motion to Set Deadline for the United States' Memorandum (Dkt. 130). That motion was granted on November 24, 2021 (Dkt. 131).

6. On December 1, 2021, Plaintiffs, in *Trump, et al. v. YouTube, LLC et al.,* Civ. No: 4:21-cv-8009-JSW, filed Plaintiffs' Motion to Consolidate (Dkt. 134) the above-captioned matter, *Trump, et al. v. YouTube*, *et al., supra,* and *Trump, et al. v. Facebook, et al,* Civ. No. 4:2109044-JSW. That motion was denied on January 12, 2022 (*YouTube,* Dkt. 139).

7. On February 11, 2022, Plaintiffs filed an Administrative Motion for Leave to Reply to USA Brief (Dkt. 151). That motion was granted, and Defendants were granted leave to file a response, on February 16, 2022 (Dkt. 154).

**B.  Pending Motions**:

1. Plaintiff Donald Trump filed a Motion for a Preliminary Injunction on October 1, 2021 (Dkt. 62). Twitter filed an opposition to that motion (Dkt. 139) on December 12, 2021. Briefing on the motion is complete and a hearing is set for February 24, 2022 at 10:00 am.

2. On December 19, 2021, the United States filed a brief as Intervenor in support of the constitutionality of Section 230 (Dkt. 137).

3. Defendants filed a Motion to Dismiss the Amended Complaint (Dkt. 138) on December 12, 2021. Briefing on that motion is complete and a hearing is set for February 24, 2022 at 10:00 am.

**5. Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings*

**By the Plaintiffs:**   In the event the Court grants Defendants' pending Motion to Dismiss, Plaintiffs will seek leave to amend principally on the basis of evidence publicly disclosed after the filing of the First Amended Complaint. Plaintiffs deny that they have improperly submitted exhibits with their opposition to Defendants' motion to Dismiss. A court may consider judicially noticeable materials without converting a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). Furthermore, under the "incorporation by reference"

doctrine, a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**By the Defendants:** Defendants believe that dismissal of the Amended Complaint should be with prejudice, without leave to amend, because any amendment would be futile for the reasons stated in Twitter's Motion to Dismiss. Dkt. 138. Plaintiffs already amended their complaint once and improperly submitted supplemental exhibits with their opposition to Defendants' Motion to Dismiss, none of which make Plaintiffs' claims any more plausible, underscoring that amendment could not cure the deficiencies in their Amended Complaint.

### 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The Parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and the Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. The Parties have each indicated that they have taken reasonable and proportionate steps to preserve electronic and hardcopy evidence relevant to the issues reasonably evident in this action. The Parties propose to meet and confer regarding a schedule for negotiating an ESI protocol within thirty (30) days after Defendants file their answer (if any such answer becomes due).

### 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The Parties stipulate, pursuant to Fed. R. Civ. Proc. 26(a)(1)(C), that the time for initial disclosures shall be postponed until 30 days after Defendants file their answer (if any such answer becomes due), subject to any further stipulation by the parties and to the right of either

1 party to move for a further postponement.

### 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date, and, at this time, the Parties have not identified any discovery disputes. The Parties respectfully request that the Court stay discovery and postpone the time for submission of a proposed discovery plan until after the Court has determined whether and to what extent the Plaintiffs' claims survive Defendants' pending or any subsequent Motion to Dismiss and the Defendants have filed their answer (if any such answer becomes due). The Parties believe such a postponement will promote judicial economy and avoid potential waste of the Court's and Parties' resources. The Parties propose to meet and confer regarding a proposed discovery plan within thirty (30) days after Defendants file their answer (if any such answer becomes due).

### 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

**By the Plaintiffs:**

Plaintiffs bring this lawsuit pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of the following proposed class (the "Class"):

> All Twitter platform Members who reside in the United States, and between June 1, 2018, and today, had their access to their social media accounts wrongly restricted or curtailed by these Defendants and who were damaged thereby.

Plaintiffs suggest that the Court defer class certification until a merits determination is made. Should the Court not defer class certification, the Plaintiffs propose to meet and confer and submit a proposed plan for briefing class certification within sixty (60) days after Defendants file their answer (if any such answer becomes due).

**By the Defendants:**

Defendants do not believe Plaintiffs' purported class is suitable for certification under Rule 23. Defendants also oppose Plaintiffs' suggestion that proceedings on class certification be delayed "until a merits determination is made." Such delay would contravene Federal Rule of Civil Procedure 23(c)(1)(A)'s mandate that certification issues be decided "[a]t an early practicable time after a person sues … as a class representative." Defendants propose that the Court order Plaintiffs to file a motion for class certification within one-hundred-twenty (120) days after Defendants file their answer (if any such answer becomes due).

**10.  Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Plaintiffs filed an administrative motion to relate this case to another matter pending before in the Northern District of California: *Trump v. YouTube,* No. 4:21-cv-8009-JSW. The Hon. Jeffrey White denied that motion on November 15, 2021. *See* Dkt. 132. Plaintiffs then filed a motion to consolidate this case with *Trump v. YouTube, LLC,* No. 4:21-cv-8009-JSW, and *Trump v. Meta Platforms, Inc.*, No. 4:21-cv-09044-JSW. On January 12, 2022, The Hon. Jeffrey White denied that motion without prejudice to renewal after disposition of motions to dismiss in these cases. *See* No. 4:21-cv-8009 Dkt. 139. *See* 4(A), *supra*.

**11.  Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

**By the Plaintiffs:**

Plaintiff respectfully asks this Court to declare that the Defendants' actions directed at the Plaintiff and Putative Class Members are a prior restraint on their First Amendment right to free speech and that Sections 230(c)(1) and (c)(2) of the Communications Decency Act of 1996 are an unconstitutional delegation of authority as applied in the instant matter. Plaintiff Donald J. Trump also respectfully requests that the Court order the Defendants to restore the access of the

Plaintiff and the Putative Class Members to their Twitter accounts, as well as those de-platformed Putative Class Members, and to prohibit Defendants from exercising any censorship or prior restraint in its many forms over the posts of the Plaintiff or the Putative Class Members, together with an award of Compensatory and Punitive damages to the Plaintiff and the Class in an amount to be determined at trial.

**By the Defendants:**

Defendants' position is that Plaintiffs are entitled to no relief from Defendants. As discussed above, none of Plaintiffs has stated a claim upon which relief may be granted and any court order granting any of the relief Plaintiffs seek would violate Twitter's First Amendment rights. At this stage of the litigation, Defendants are not in a position to describe the bases on which any alleged damages should be calculated in the event liability were established notwithstanding the fatal defects in Plaintiffs' claims and Twitter's First Amendment rights.

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties have reviewed the available options for alternative dispute resolution and have conferred on the same. *See* Dkt. 149, 150.

**By the Plaintiffs:**

The Plaintiffs are prepared to pursue ADR efforts mutually agreeable to the Parties and the Court.

**By the Defendants**:

The Defendants do not believe that ADR or settlement discussions will be fruitful at this time.

**13. Consent to Magistrate Judge for All Purposes**

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

The Parties have not consented to assignment of this case to a Magistrate Judge. *See* Dkt. 96, 98.

### 14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

### 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time, other than those presented in Defendants' pending Motion to Dismiss. The Parties will continue to meet and confer about any issues that might be narrowed as the case proceeds.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The Parties agree that this action need not proceed on an expedited basis.

### 17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

By orders entered on November 4, 2021 (Dkt. 109), and November 8, 2021 (Dkt. 126), this Court set the schedule for the Parties' briefs on the pending motions. The Initial Case Management Conference and the hearing on Defendants' Motion to Dismiss and Plaintiff Donald J. Trump's Motion for a Preliminary Injunction are set for February 24, 2022 at 10:00am. Dkt. 143.

The Parties have agreed that all activity in this suit, other than that necessary to resolve Defendants' Motion to Dismiss and Plaintiff Trump's Motion for a Preliminary Injunction, should be stayed pending disposition of those motions.

**By the Plaintiffs:**

Plaintiffs do not believe it serves the interest of justice, the Court or the Parties to set some but not all pre-trial dates as proposed by the Defendants, *infra.* Plaintiffs are aware of this Court's standing order providing for trial within 18 months of the Case Management Report but believe that the pending motion practice, post-motion practice, and the time permitted for such motion practice, reasonably can be expected to consume ninety (90) days from February 24, 2022 and the potential for further Rule 12 motion practice as noted in fn. 2, *supra,* and warrant a trial setting not earlier than October 24,, 2023 (18 months from the close of motion practice contemplated herein).

Should the case proceed beyond the phase of motions permitted under Rule 12(b)(6), the Plaintiffs propose that the Parties be directed to propose the remaining case schedule deadlines within thirty (30) days of the answer (if any such answer becomes due).

**By the Defendants:**

Defendants agree that it would be most efficient to establish a schedule for further proceedings in this case only after it is known whether any of Plaintiffs' claims will survive Defendants' pending Motion to Dismiss (and any subsequent Rule 12(b)(6) motions) and Defendants have filed their answer (if any such answer becomes due). If the Court is inclined to set key milestones before that time, Defendants propose that the Court (a) establish the time-frames set forth immediately below for certain milestones and (b) direct the Parties to propose, within twenty-one (21) days of the Defendants filing an answer (if any such answer becomes due), time frames for other milestones in the case.

| | |
|---|---|
| DISPOSITIVE AND *DAUBERT* MOTIONS | March 3, 2023 |
| OPPOSITIONS TO DISPOSITIVE AND *DAUBERT* MOTIONS | March 31, 2023 |
| REPLY DEADLINE FOR DISPOSITIVE AND *DAUBERT* MOTIONS | April 21, 2023 |

| | |
|---|---|
| DISPOSITIVE AND *DAUBERT* MOTION HEARING | May 5, 2023 |
| FINAL PRETRIAL CONFERENCE | August 1, 2023 |
| TRIAL TO COMMENCE | August 24, 2023 |

**18. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

**By the Plaintiffs:** This is a case to be tried to a jury.

**By the Defendants:** To the extent that Plaintiffs' claims are triable to a jury, the time under Rule 38 for Defendants to demand a jury trial has not yet elapsed. Defendants believe it is premature for it to formulate a view at this time regarding the expected length of any trial in the event that this suit proceeds past the motion-to-dismiss stage.

**19. Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The Parties have complied with Civil Local Rule 3-15 by filing a Certificate of Interested Parties.

**20. Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the respective Parties and the United States have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: February 17, 2022

Respectfully submitted,

| By: /s/ *Frank C. Dudenhefer, Jr.* | By: /s/ *Patrick J. Carome* |
|---|---|
| FRANK C. DUDENHEFER, JR. *(pro hac vice)*<br>THE DUDENHEFER LAW FIRM L.L.C.<br><br>JOHN P. COALE *(pro hac vice)*<br>2901 Fessenden Street NW<br>Washington, DC 20008<br>Telephone: (202) 255-2096<br>Email: johnpcoale@aol.com<br><br>JOHN Q. KELLY *(pro hac vice)*<br>MICHAEL J. JONES *(pro hac vice)*<br>RYAN TOUGIAS *(pro hac vice)*<br>IVEY, BARNUM & O'MARA, LLC<br>170 Mason Street<br>Greenwich, CT 06830<br>Telephone: (203) 661-6000<br>Email: jqkelly@ibolaw.com<br>Email: mjones@ibolaw.com<br><br>ANDREI POPOVICI (234820)<br>MARIE FIALA (79676)<br>LAW OFFICE OF ANDREI D. POPOVICI, P.C.<br>2121 North California Blvd. #290<br>Walnut Creek, CA 94596<br>Telephone: (650) 530-9989<br>Facsimile: (650) 530-9990<br>Email: andrei@apatent.com<br>Email: marie@apatent.com<br><br>RICHARD POLK LAWSON *(pro hac vice)*<br>GARDNER BREWER HUDSON, P.A.<br>400 North Ashley Drive<br>Suite 1100<br>Tampa, FL 33602<br>Telephone: (813) 221-9600<br>Facsimile: (813) 221-9611<br>Email: rlawson@gbmmlaw.com<br><br>*Attorneys for Plaintiffs* | PATRICK J. CAROME *(pro hac vice)*<br>patrick.carome@wilmerhale.com<br>ARI HOLTZBLATT *(pro hac vice)*<br>ari.holtzblatt@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Telephone:  (202) 663-6000<br>Facsimile:  (202) 663-6363<br><br>FELICIA H. ELLSWORTH *(pro hac vice)*<br>felicia.ellsworth@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-6000<br><br>THOMAS G. SPRANKLING<br>CA Bar No. 294831<br>thomas.sprankling@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: (650) 858-6062<br>Facsimile:  (650) 858-6100<br><br>*Attorneys for Defendants Twitter, Inc. and Jack Dorsey*<br><br>MICHAEL D. GRANSTON<br>Deputy Assistant Attorney General<br><br>ERIC WOMACK<br>Assistant Branch Director<br><br>By: /s/ *Joshua M. Kolsky*<br><br>JOSHUA M. KOLSKY<br>INDRANEEL SUR<br>Trial Attorneys<br>Department of Justice<br>Civil Division, Federal Programs Branch |

JOINT CASE MANAGEMENT STATEMENT          15          Case No: 3:21-cv-08378-JD

P. O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-7664
Email:  Joshua.kolsky@usdoj.gov

*Attorneys for the United States*

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order.  Pursuant to Civil Local Rule 5-1(h), I hereby attest that the other signatories have concurred in this filing.

Dated:  February 17, 2022                                         By:  *s/ Patrick J. Carome*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By:  *s/ Patrick J. Carome*