JOHN W. HOWARD (SBN 80200)
MICHELLE D. VOLK (SBN 217151)
JW Howard/ Attorneys, Ltd.
701 B Street Suite 1725
San Diego, CA 92101
Tel (619) 234-2842; Fax (619) 234-1716
Email: johnh@jwhowardattorneys.com
　　　michellev@jwhowardattorneys.com

Scott J. Street (SBN 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

Attorneys for Plaintiff
NAOMI WOLF

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TRUMP, et al., <br> Plaintiffs, <br> vs. <br> TWITTER, INC., et al., <br> Defendants. | Case No. 3:21-cv-08378-JD <br><br> Hon. James Donato <br><br> **PLAINTIFF DR. NAOMI WOLF'S MOTION FOR INDICATIVE RULING UNDER FED. R. CIV. P. 60 BASED ON NEWLY DISCOVERED EVIDENCE** <br><br> Action Filed: July 7. 2021 |

///

///

///

//

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Dr. Naomi Wolf will, and hereby does, seek an indicative ruling from the Court setting aside the judgment of dismissal it entered against her on May 22, 2022. This motion is brought pursuant to Rule 60 of the Federal Rules of Civil Procedure on the grounds that Dr. Wolf has obtained evidence showing that employees of Defendant Twitter, Inc., blocked her tweets and eventually suspended her Twitter account based on instructions from government officials and thus can be held liable for violating her First Amendment rights under the joint state action doctrine. The Court found that these allegations were not adequately pleaded in the amended complaint, but the newly discovered evidence shows that they have factual support and that the government's instructions came not from random legislators but executive branch officials as official government policy.

Since this matter was appealed, and this Court divested of jurisdiction, Dr. Wolf brings this motion as a request for an indicative ruling about how the Court would rule on a Rule 60 motion. If the Court indicates that it would grant the Motion, Dr. Wolf will file a motion for a limited remand in the Ninth Circuit Court of Appeals.

The motion does not seek relief for any of the other plaintiffs.

This motion is based on the declaration of Dr. Wolf's counsel, Scott J. Street, the attached memorandum of points and authorities, and upon such further evidence and argument that the Court may entertain.

DATED: August 26, 2022                          JW HOWARD/ATTORNEYS, LTD.

By: _____/s/ Scott J. Street_____
Scott J. Street
Attorneys for Plaintiff
NAOMI WOLF

.

# MEMORANDUM OF POINTS AND AUTHORITIES

Dr. Wolf submits the following memorandum in support of her motion for an indicative ruling under Rule 60 of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Dr. Wolf joined this case and another action initiated by former President Donald Trump after Twitter and other companies blocked some of her social media posts and, eventually, banned her from their platforms. She sued Twitter for violating her First Amendment rights, but the Court dismissed that claim because it found that the complaint did not allege sufficient facts to hold Twitter liable as a state actor.

That decision is being appealed. But Dr. Wolf recently discovered groundbreaking emails found by a non-profit through a Freedom of Information Act request. These emails show that Twitter did not start censoring Dr. Wolf's tweets about the COVID-19 shots until officials from the Centers for Disease Control and Census Bureau asked it to. Indeed, a CDC official specifically listed one of Dr. Wolf's tweets in an email to a Twitter employee as the type of alleged "disinformation" that the government wanted Twitter to block.

Apparently, this was not an isolated event. The released emails show that executive branch officials met with social media companies, including Twitter, repeatedly during 2021 to identify and eliminate statements that the government wanted to censor. Similar emails were recently revealed by Alex Berenson as part of a lawsuit that he brought against Twitter.

These emails go to the heart of Dr. Wolf's case against Twitter. They did not exist when the Court decided Twitter's motion to dismiss and thus, under Rule 60, constitute newly discovered evidence that justifies setting aside the dismissal order as to Dr. Wolf so that she can pursue her First Amendment claim against Twitter. The Court should issue an order indicating that it would grant Dr. Wolf's Rule 60 motion, so that these important issues can be litigated fairly and based on an updated record.

## II. FACTS

This case was filed on July 7, 2021, in Florida. (ECF No. 1) Dr. Wolf was not one of the initial plaintiffs. She joined a separate lawsuit filed by former President Trump against YouTube after YouTube blocked some of Trump's content, *Donald Trump et al. v. YouTube et al.*, No. 1:21-cv-22445 (S.D. Fl.). Declaration of Scott J. Street dated August 26, 2022 ("Street Decl."), ¶ 2.

Like this one, the YouTube case was eventually transferred to the Northern District of California, but Judge White denied a motion to consolidate the cases and was considering a motion to dismiss when the Court issued its dismissal order in this case. *Id.*, ¶ 3. The YouTube case has been stayed pending the outcome of the appeal in this matter. *Id.*

Dr. Wolf did not join this case as a plaintiff until December 2021, around the time that former President Trump moved to consolidate it and the YouTube case. *Id.*, ¶ 4. Her counsel did not participate in drafting the amended complaint. *Id.*

The Court dismissed this case without leave to amend on May 6, 2022. (ECF No. 165) Among other things, it concluded that the complaint could not state a First Amendment claim against Twitter for blocking some of its users' content, and ultimately blocking them from Twitter, because Twitter is a private company and because the amended complaint did not allege facts sufficient to hold Twitter liable under the joint state action doctrine, as "[t]he amended complaint merely offers a grab-bag of allegations to the effect that some Democratic members of Congress wanted Mr. Trump, and the views he espoused, to be banned from Twitter because such content and views were contrary to those legislators' preferred points of view." (ECF No. 165 at p. 6, cleaned up) The Court said these allegations fell far short of "a rule of decision for which the State is responsible." (*Id.*, cleaned up)

A few weeks ago, while that decision was being appealed, the non-profit legal group American First Legal Foundation ("AFLF") released emails it obtained from

the federal government pursuant to a FOIA request. Among them was an email from a CDC official named Carol Crawford to a Twitter employee named Todd O'Boyle. Street Decl., Exh. A. In the email, dated May 10, 2021, Ms. Crawford pointed out to Mr. O'Boyle "two issues that we are seeing a great deal of misinfo about—vaccine shedding and microchips. The below are just some example points." *Id.* Her chart listed a tweet from Dr. Wolf about potential adverse effects from the COVID vaccines in women that Twitter subsequently blocked. *Id.*, Exhs. A, B. Ms. Crawford copied an official from the Census Bureau and mentioned a "BOLO COVID misinformation meeting" that she said the executive branch was "inviting all tech platforms" to. *Id.*

Additional emails obtained by AFLF refer to these "misinformation" meetings taking place between executive branch officials and social media companies, including Twitter, throughout 2021. Street Decl, ¶ 5.

This evidence appears to be part of a pattern. Conservative commentator Alex Berenson also sued Twitter after it censored his posts and eventually blocked him from the platform. During that lawsuit, he obtained evidence that White House officials, including White House COVID-19 czar Andy Slavitt, explicitly sought to censor and remove him from the social media platforms. *Id.*, ¶ 6.

With this newly discovered evidence, Dr. Wolf intends to seek relief from the Court under Rule 60 of the Federal Rules of Civil Procedure. This Court lost jurisdiction after the case was appealed but the Ninth Circuit will consider a motion for a limited remand if the Court issues an indicative ruling that it would consider granting Dr. Wolf relief from the judgment. Fed. R. Civ. P. 62.1; *see also Mendia v. Garcia*, 874 F.3d 1118, 1121-22 (9th Cir. 2017) (describing this process).

### III.  ARGUMENT

A motion for relief from judgment may be made on the ground of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). This rule

justifies relief where, among other things, the newly discovered evidence is material and would probably produce a different result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

The emails released by AFLF satisfy this standard. They show "a sufficiently close nexus between the State and the challenged action" taken by Twitter against Dr. Wolf, such that "the action of the latter may be fairly treated as that of the State itself." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 836 (9th Cir. 1999). Moreover, unlike the allegations in former President Trump's amended complaint, this evidence does not merely show a grab-bag of comments made by legislators who had no power to directly influence Twitter's actions. They reflect the actions of executive branch officials who *did* have such power and who apparently developed a joint policy with Twitter and other social media companies to identify and censor information that the executive branch officials deemed "misinformation." This evidence shows the "rule of decision" that links Twitter's actions to the government and which therefore could violate the First Amendment. *See Mathis v. Pac. Gas & Elec. Co.*, 891 F.2d 1429, 1432 (9th Cir. 1989) (discussing this rule). It shows the "concrete and specific government action" that the Court said can constitute state action. (ECF No. 165 at p. 11) It is far different than a legislator's statement that "we may legislate" if Twitter did not follow the legislator's wishes, as the amended complaint alleged. (*Id.*)

At the very least, the emails released by AFLF—plus the emails Mr. Berenson obtained in his own lawsuit—show that Dr. Wolf's allegations against Twitter have factual support. They are plausible and should not be decided at the pleading stage, without giving Dr. Wolf an opportunity to gather more evidence and litigate her claim on the merits, as the law requires.

### IV. CONCLUSION

For the foregoing reasons, Dr. Wolf respectfully requests that the Court issue an

order stating that it would consider granting relief to Dr. Wolf under Rule 60 based on this newly discovered evidence.

DATED:  August 26, 2022         JW HOWARD/ATTORNEYS, LTD.

By:      /s/ Scott J. Street
       Scott J. Street
       Attorneys for Plaintiff
       NAOMI WOLF

# CERTIFICATE OF SERVICE

I, the undersigned, do declare that I am employed in the county aforesaid, that I am over the age of [18] years and not a party to the within entitled action; and that I am executing this proof at the direction of the member of the bar of the above entitled Court. The business address is:

JW Howard Attorneys LTD
701 B Street, Ste. 1725
San Diego, California 92101

☐   MAIL. I am readily familiar with the business' practice for collection and processing of correspondence for mailing via the United States Postal Service and that the correspondence would be deposited with the United States Postal Service for collections that same day.

■   ELECTRONIC. I am readily familiar with the business' practice for collection and processing of documents via electronic system and said documents were successfully transmitted via Court transmission that same day.

☐   PERSONAL. The below described documents were personally served on date below via Knox Services.

On the date indicated below, I served the within:

**PLAINTIFF NAOMI WOLF'S MOTION FOR INDICATIVE RULING UNDER FED. R. CIV. P. 60 BASED ON NEWLY DISCOVERED EVIDENCE**

TO:

| | |
|---|---|
| John P. Coale: johnpcoale@aol.com | Peter W. Homer: PHomer@homerbonner.com |
| Andrei Dan Popovici: andrei@apatent.com | Ari Holtzblatt: ari.holtzblatt@wilmerhale.com |
| Frank C. Dudenhefer, Jr.: fedlaw@aol.com | Felicia Ellsworth: felicia.ellsworth@wilmerhale.com |
| John Q. Kelly: jqkelly@ibolaw.com | Patrick J. Carome: Patrick.carome@wilmerhale.com |
| Marie L. Fiala: marie@apatent.com | Thomas G. Sprankling: Thomas.sprankling@wilmerhale.com |

| | |
|---|---|
| Michael J. Jones: mjones@ibolaw.com | Joshua Kolsky: Joshua.kolsky@usdoj.gov |
| Richard Polk Lawson: rlawson@gardnerbrewer.com | Indraneel Sur: indraneel.sur@usdoj.gov |
| Rowland A. Paul: rpaul@ibolaw.com | |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and was *EXECUTED* on August 26, 2022, at San Diego, CA.

_____*/s/ Dayna Dang*_____
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com