UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TRUMP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TWITTER INC., et al.,<br><br>    Defendants. | Case No.  3:21-cv-08378-JD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiffs Naomi Wolf, former President Donald J. Trump, four other individuals, and the American Conservative Union, sued Twitter on behalf of themselves and a putative class of Twitter users for being "de-platformed" and "censored." Dkt. No. 21 ¶¶ 8, 18. Plaintiffs alleged First Amendment claims in connection with a state action theory of liability. The Court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) with leave to amend. Dkt. No. 165. Plaintiffs elected not to amend, and judgment was entered against them. Dkt. No. 168.

Plaintiffs filed an appeal in the Ninth Circuit. Dkt. No. 169. Although the appeal is pending, Wolf has asked the Court for an "indicative ruling" under Federal Rule of Civil Procedure 62.1 on whether the Court would set aside the judgment under Rule 60(b)(2) in light of newly discovered evidence. Dkt. No. 176.

Wolf's request raises a question of mootness as a threshold matter. To start, the Rule 62.1 motion is procedurally sound. "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). But even when an appeal is pending, a party may seek relief from a final judgment or order by filing a Rule 60(b) motion in the district court with a request for an indicative ruling on the motion under Rule 62.1. The district court may: "(1) defer

considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

The salient question is whether Wolf's claims are moot in light of recent, well-publicized changes in Twitter's operations and policies. "[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). A matter is moot if at any time during the course of litigation, the plaintiff ceases to be threatened with or suffer "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).

Publicly available information suggests that circumstances may have changed with respect to Wolf's claims and Twitter's current practices. Consequently, Wolf is directed to show cause in writing why her claims present a live controversy, and whether her request for an injunction, which is the main remedy she seeks, is tenable. A response is due by January 23, 2023.

**IT IS SO ORDERED.**

Dated: January 4, 2023

JAMES DONATO
United States District Judge