JOHN W. HOWARD (SBN 80200)
MICHELLE D. VOLK (SBN 217151)
JW Howard/ Attorneys, Ltd.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel (619) 234-2842; Fax (619) 234-1716
Email: johnh@jwhowardattorneys.com
          michelle@jwhowardattorneys.com

Scott J. Street (SBN 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

Attorneys for Plaintiff,
DR. NAOMI WOLF

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TRUMP, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TWITTER, INC., et al., <br><br> Defendants. | Case No. 3:21-cv-08378-JD <br><br> Hon. James Donato <br><br> **RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFF NAOMI WOLF'S MOTION FOR AN INDICATIVE RULING UNDER RULE 60 OF THE FRCP** <br><br> Action Filed: July 7. 2021 |

///

///

///

///

1

RESPONSE TO OSC RE MOTION FOR INDICATIVE RULING                CASE NO. 20-CV-09300-AGT

Dr. Naomi Wolf submits the following response to the Order to Show Cause the Court issued regarding Dr. Wolf's motion for an indicative ruling under Rule 60 of the Federal Rules of Civil Procedure.

The OSC suggests that Dr. Wolf's claims may have become moot given the sale of Twitter to Elon Musk. Mr. Musk has made many changes to Twitter's policies, including restoring the accounts that belonged to people like Drs. Robert Malone and Peter McCullough who were previously banned, and he has opened Twitter's internal files to reporters to show how former Twitter employees worked with the federal government, including public health and intelligence officials, to silence people who disagreed with the government's position on certain issues, including Covid-19. Declaration of Dr. Naomi Wolf, dated Jan. 9, 2023 ("Wolf Decl."), ¶ 2.

"Mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir.1994) (cleaned up). But neither that principle nor the recent developments at Twitter justify dismissal of Dr. Wolf's First Amendment claim as moot.

*First*, the amended complaint did not only seek injunctive relief restoring Dr. Wolf's Twitter account. It also sought compensatory damages. ECF 21 (¶¶ 40.) The prayer for relief specifically requested "[a]n award of Compensatory and Punitive damages to the Plaintiff and the Class in an amount to be determined at trial …." *Id.* The complaint also included detailed allegations about the harm that Dr. Wolf suffered because of Twitter's unconstitutional actions. *Id.* (¶¶ 156-167). And it claimed that, "[a]s a result of Defendants' actions, Dr. Wolf has lost over half of her business model, investors in her business, and other sources of income." *Id.* (¶ 167). These allegations matter because a claim for damages precludes dismissal of a case on mootness grounds. *See Wilson v. State of Nev.*, 666 F.2d 378, 381 (9th Cir. 1982).

This principle reflects the general rule that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979).

That rule applies here. The amended complaint did not identify the amount of monetary damages Dr. Wolf suffered because of Twitter's actions but they exceed $1 million. Wolf Decl. ¶ 5. The amount does not matter, though, as "[a] live claim for [even] nominal damages will prevent dismissal for mootness." *Bernhardt v. City of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). "This is true even where related claims for injunctive relief and compensatory damages have been rendered moot." *Durst v. Oregon Educ. Ass'n*, 450 F. Supp. 3d 1085, 1089 (D. Or. 2020) (citing cases).

The exceptions to this rule do not apply here. The Supreme Court has held that a case is moot, despite the general rule discussed above, if the defendant voluntarily ceases its allegedly unlawful conduct and the Court determines that "(1) the alleged violation will not recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation …." *Id.* (citing *Davis*, 440 U.S. at 632). That has not happened. Twitter has not compensated Dr. Wolf for the monetary damages she suffered because of its action; it has not even offered to do that (although it did for others). Wolf Decl. ¶¶ 3-4. It has not even restored her account: Dr. Wolf continues to get locked out of her verified Twitter account and she is often re-directed to an account she did not create, and which has virtually no reach. *Id.* ¶ 3.

For that reason, Dr. Wolf's claims for prospective relief should also proceed, as the harm she suffered due to Twitter's action is capable of repetition yet evading review. *See Stott Outdoor Advert. v. Cnty. of Monterey*, 601 F. Supp. 2d 1143, 1151 (N.D. Cal. 2009) (discussing this doctrine). This case is not like those, including *Stott*, in which a governmental body changed the law to ensure that the harm the plaintiff suffered does not happen again. *See id.* (explaining that it would be impossible for plaintiff to suffer harm based on government's exercise of discretion because "new

billboards will be prohibited as a matter of local law rather than as a matter of discretion"). Despite Mr. Musk's purchase and effort to change Twitter's policies, Dr. Wolf continues to be censored, sometimes for short periods of time and, in her belief, at the direction of government officials who wish to silence her.

Therefore, Dr. Wolf's First Amendment claim is not moot, and she respectfully requests that the Court indicate that it would consider her motion for relief under Rule 60. In the alternative, if the Court concludes that her claim is moot, Dr. Wolf asks that the Court indicate that it would grant her relief under Rule 60 and modify the judgment—at least as to her—to base its dismissal order solely on the mootness doctrine.

DATED: January 11, 2023        JW HOWARD/ATTORNEYS, LTD.

By: _____
Scott J. Street
Attorneys for Plaintiff,
DR. NAOMI WOLF

# PROOF OF SERVICE

I, the undersigned, do declare that I am employed in the county aforesaid, that I am over the age of [18] years and not a party to the within entitled action; and that I am executing this proof at the direction of the member of the bar of the above entitled Court. The business address is:

JW Howard Attorneys LTD
600 West Broadway, Suite 1400
San Diego, California 92101

☐   MAIL. I am readily familiar with the business' practice for collection and processing of correspondence for mailing via the United States Postal Service and that the correspondence would be deposited with the United States Postal Service for collections that same day.

■   ELECTRONIC. I am readily familiar with the business' practice for collection and processing of documents via electronic system and said documents were successfully transmitted via Court's transmission that same day.

On the date indicated below, I served the within:

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFF NAOMI WOLF'S MOTION FOR AN INDICATIVE RULING UNDER RULE 60 OF THE FRCP**

TO:

| | |
|---|---|
| John P. Coale: johnpcoale@aol.com | Peter W. Homer: PHomer@homerbonner.com |
| Andrei Dan Popovici: andrei@apatent.com | Ari Holtzblatt: ari.holtzblatt@wilmerhale.com |
| Frank C. Dudenhefer, Jr.: fedlaw@aol.com | Felicia Ellsworth: felicia.ellsworth@wilmerhale.com |
| John Q. Kelly: jqkelly@ibolaw.com | Patrick J. Carome: Patrick.carome@wilmerhale.com |
| Marie L. Fiala: marie@apatent.com | Thomas G. Sprankling: Thomas.sprankling@wilmerhale.com |
| Michael J. Jones: mjones@ibolaw.com | Joshua Kolsky: Joshua.kolsky@usdoj.gov |
| Richard Polk Lawson: rlawson@gardnerbrewer.com | Indraneel Sur: indraneel.sur@usdoj.gov |
| Rowland A. Paul: rpaul@ibolaw.com | |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and was *EXECUTED* on January 11, 2023, at San Diego, CA.

_____/s/ Dayna Dang_____
Dayna Dang, Paralegal
dayna@jwhowardattorneys.com