ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 200037
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363

FELICIA H. ELLSWORTH (*pro hac vice*)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

THOMAS G. SPRANKLING
CA Bar No. 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6062
Facsimile: (650) 858-6100

*Attorneys for Defendants Twitter, Inc.
   and Jack Dorsey*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DONALD J. TRUMP, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TWITTER, INC., et al.,<br><br>                    Defendants. | Case No. 21-cv-08378-JD<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFF NAOMI WOLF'S MOTION FOR AN INDICATIVE RULING** |

**TABLE OF CONTENTS**

I. Wolf's Demands For Injunctive Relief Are Moot ............................................................................. 1

II. No Cause Of Action Permits Wolf To Pursue Damages Under For Purported First Amendment Violations .......................................................................................................... 5

CONCLUSION ................................................................................................................................. 6

This Court has ordered the parties to address whether Plaintiff Naomi Wolf's First Amendment claim—and her request for injunctive relief, in particular—is moot "in light of recent, well-publicized changes in Twitter's operations and policies." Dkts. 185, 187.  In November 2022, Twitter announced that it is "no longer enforcing the COVID-19 misleading information policy," Holtzblatt Decl. Ex. 3—the policy that Ms. Wolf claims Twitter had previously enforced against her, *see* Dkt. 176 at 3, 5.  Then, on November 24, 2022, Twitter announced a general amnesty to reinstate certain previously suspended accounts. Holtzblatt Decl. Ex. A.  Pursuant to that general amnesty, Twitter reinstated Ms. Wolf's Twitter account on December 16, 2022.   *See* Sebhatu Decl. ¶ 3. Since then, Wolf has used her Twitter account extensively.   Holtzblatt Decl. Ex. B.   By delivering the relief that she had sought, Twitter's policy announcements and reinstatement of Wolf's account has indeed mooted her demands for injunctive relief. And although this did not moot Wolf's demands for damages, intervening decisions from the U.S. Supreme Court and the Ninth Circuit make clear that she cannot rely on *Bivens* (as she must) to obtain such damages.  These recent developments thus provide additional reasons beyond those set forth in Twitter's prior briefing (*see* Dkt. 181) to deny Wolf's motion for an indicative ruling.

## I.   WOLF'S DEMANDS FOR INJUNCTIVE RELIEF ARE MOOT

A matter is moot if during the course of litigation, the plaintiff ceases to be threatened with or suffer "an actual injury [that is] traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Intervening events, such as changes in policies that gave rise to the alleged harm, may moot a claim for injunctive relief. *Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022), *petition for cert. docketed,* No. 22-250 (U.S. Sept. 16, 2022). The plaintiff must establish the existence of a "case or controversy for each form of relief sought."  *Moyle v. Cnty. of Contra Costa*, 2007 WL 4287315, at *12 (N.D. Cal. Dec. 5, 2007) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)).

Wolf's demands for injunctive relief are moot because she has already obtained the relief she sought.  In the Amended Complaint, Wolf sought an "injunction … ordering Twitter to immediately reinstate [her] Twitter account[]."  Am. Compl. at 56, Dkt. 21.  Twitter has now done so, and Wolf is Tweeting prolifically.  *See* Sebhatu Decl. ¶ 3; Holtzblatt Decl. C; *see also* Wolf Decl. ¶ 3, Dkt. 186-1 (acknowledging that she has been "told that my account had been reopened").  Wolf also sought "an

injunction ordering Twitter to remove its warning labels and misclassification of all [her] content and to desist from any further warnings or classifications." Am. Compl. at 56. Twitter has now announced that it is "no longer enforcing the COVID-19 misleading information policy," Holtzblatt Decl. Ex. C, that Wolf has claimed Twitter enforced against her, *see* Dkt. 176 at 3, 5. And since being reinstated, Twitter has affixed no labels to Wolf's Tweets and has not enforced any of its content moderation rules against her account. *See* Sebhatu Decl. ¶ 3. Wolf herself identifies no examples since her reinstatement of Twitter labeling or restricting her account for violations of any Twitter policy. *See* Wolf Decl. ¶¶ 1-5. Because Wolf sought no other forms of injunctive relief on her First Amendment claim, her demands for injunctive relief are now moot.[1]

No exception to mootness preserves this Court's jurisdiction over Wolf's demands for injunctive relief. Wolf contends (at 3) that her request for an injunction remains live under the voluntary cessation doctrine, which dictates that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Brach,* 38 F.4th at 12. The Ninth Circuit has made clear, however, that "for this exception to apply, the defendant's voluntary cessation must have arisen because of the litigation." *Pub. Utils. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996); *accord Nickler v. Cnty. of Clark*, 2021 WL 3057063, at *1 (9th Cir. 2021). When the defendant's cessation is "motivated by economic/business considerations, [and] not this litigation," the voluntary cessation exception is inapplicable. *Id.*

Here, Twitter's announcement regarding its COVID-19 misinformation policy and Twitter's reinstatement of Wolf's account was motivated by "economic/business considerations." *See FERC*, 100

---

[1] Wolf argues that her claim is not moot because Twitter has not issued a "public apology" for suspending her account. Wolf Decl. ¶ 4. But Wolf did not request an apology from Twitter in the Amended Complaint. *See* Am. Compl. at 56. The Amended Complaint also sought an "injunction imposing a monitor to ensure Defendants' compliance with this Court's Order consistently to apply Defendants' own standards, and only apply Defendants' published standards when evaluating content on its platform," Am. Compl. at 56, but that relief is relevant to only Plaintiffs' two Florida state law claims, *id.* ¶¶220-234. Wolf is not entitled to assert either of those claims because she is not a Florida resident. Am. Compl. ¶¶20, 23-24. Wolf has never disputed that she cannot assert any claim under either FDUTPA or SSMCA. *See* Dkt. 138, Twitter's Mot. to Dismiss at 15, 19; Dkt. 145, Plaintiffs' Opp. at 22-25. Presumably for that reason, Wolf does not address this Court's dismissal of the state law claims on appeal, *see* Opening Br., No. 22-15961 (9th Cir. Nov. 14, 2022), Dkt. 35, and is not now seeking an indicative ruling on those claims, *see* Dkts. 176, 182 (addressing only First Amendment claim).

1   F.3d at 1460.  On October 27, 2022, Twitter was acquired by X Holdings I, Inc., a corporation majority-
2   owned and controlled by Elon R. Musk.  *See* Twitter, Inc., Amendment No. 13 to Schedule 13D (Form
3   SC 13D/A) (Oct. 27, 2022) https://tinyurl.com/mr4aspek.  As Wolf concedes, "Mr. Musk has made
4   many changes to Twitter's policies."  Wolf Decl. ¶ 2.  One of those changes is Twitter's announcement
5   that it is "no longer enforcing the COVID-19 misleading information policy."  Holtzblatt Decl. Ex. C.
6   Instead, Community Notes allow users to collaboratively add context to potentially misleading Tweets.
7   Holtzblatt Decl. Ex. D.  Another new policy is the "general amnesty," Holtzblatt Decl. Ex. A, that led
8   Twitter to reinstate Wolf's account.  Sebhatu Decl. ¶ 3.  Twitter's announcement regarding its COVID-
9   19 misinformation policy and Wolf's reinstatement thus reflect a different business vision articulated by
10  the company's new ownership—a quintessential business change.  *See In re Hain Celestial Seasonings Prods.*
11  *Consumer Litig.*, 2017 WL 11633199, at *3 (C.D. Cal. June 20, 2017) (holding that voluntary cessation
12  exception did not apply to false advertising claim when company ceased using allegedly false "100%
13  Natural" labels on products for "marketing reasons"); *see also Certified Nutraceuticals, Inc. v. Clorox Co.*, No.
14  3:18-CV-744-W-KSC, 2022 WL 2803118, at *6 (S.D. Cal. July 18, 2022) (voluntary cessation exception
15  did not apply when company ceased challenged conduct to engage in "uniform messaging across their
16  product profile" and to take an approach that would "resonate better with consumers").

17          Twitter's litigation conduct only underscores the point:  Twitter vigorously defended against
18  Wolf's suit and refused to reinstate Wolf for nearly eighteen months, Dkt. 138, 139, 181, announcing a
19  new approach to its COVID-19 misinformation policy and a "general amnesty" and reinstating Wolf's
20  account only after the change in ownership.  This timing makes clear that new ownership was the
21  "motivating force" behind these changes, and not a strategic attempt to evade judicial review.  *See Hamidi*
22  *v. Serv. Emps. Int'l Union Loc. 1000*, 386 F. Supp. 3d 1289, 1295–96 (E.D. Cal. 2019) (holding that the
23  "timing" of the government's cessation of allegedly unconstitutional conduct indicated that it was
24  motivated by an intervening Supreme Court decision and not the plaintiff's suit, when the government
25  "vigorously defended against th[e] lawsuit" until the Supreme Court's decision), *aff'd*, No. 19-17442, 2021
26  WL 4958855 (9th Cir. Oct. 26, 2021), *appeal filed*, No. 22-55752 (9th Cir. Aug. 10, 2022).

27          Despite acknowledging the "many changes" to Twitter's policies, Wolf suggests that her demand
28  for an injunction remains live because she is "[o]ccasionally" unable to post or access her account and her

1  Tweets purportedly do not always receive the engagement she expects. Wolf Decl. ¶¶ 2, 3. It is not at all
2  clear what Wolf believes Twitter is doing to her account. As noted, she identifies no examples of Twitter
3  labeling or restricting her account for violations of any Twitter policy. Beyond that, Wolf did not—and
4  could not—seek to prevent Twitter from ever taking any action with respect to her account. She sought
5  to reverse a specific decision under a specific content moderation policy that she claimed had been
6  prompted by government interference and to prevent Twitter from succumbing to such government
7  interference in moderating her account in the future. Thus, to avoid mootness, Wolf must show that
8  whatever Twitter is supposedly doing to her account is traceable to the *government*. *See Carlin Commc'ns, Inc.*
9  *v. Mountain States Tel. & Tel. Co.*, 827 F.2d 1291, 1293, 1295-97 (9th Cir. 1987) (noting that once the
10 prosecutor's threats had been removed a private party may "thereafter decide independently" to make its
11 own decisions, even if similar to those taken previously). On that critical score, Wolf's declaration is
12 completely silent. And her brief (at 3) offers only a speculative assertion that "in her belief" Twitter is
13 restricting her account "at the direction of government officials." That bare and conclusory assertion by
14 litigation counsel, unsupported by any evidence, is too "remote and speculative to serve as a firm
15 foundation for jurisdiction." *See Brach*, 38 F.4th at 14.

16  Equally meritless is Wolf's argument (at 4) that her demand for an injunction is not moot because
17 the challenged action is "capable of repetition[,] yet evading review." That exception applies only where
18 "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration,
19 and (2) there is a reasonable expectation that the same complaining party will be subject to the same action
20 again." *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018). "[T]he burden for showing a likelihood of
21 recurrence is firmly on the plaintiff." *Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985). Wolf satisfies
22 neither requirement. First, Wolf's suspension is not the kind of action that is "too short to be fully litigated
23 prior to cessation or expiration." *See Ige*, 881 F.3d at 722. For a controversy to be "too short to be fully
24 litigated prior to cessation," it must be of "inherently limited duration," *ProtectMarriage.com-Yes on 8 v. Bowen*,
25 752 F.3d 827, 836 (9th Cir. 2014) (citation omitted), such as a permit with a short expiration date, or a
26 term-limited appointment, 13C Fed. Prac. & Proc. Juris. § 3533.8 (3d ed.). The limited duration of the
27 controversy must be "clear at the action's inception." *Bowen*, 752 F.3d at 836. Nothing about Wolf's
28 suspension indicated it was temporary at this lawsuit's inception, and Wolf does not attempt to argue

otherwise, Wolf. Br. 2-4.  Second, Wolf has not shown any reasonable expectation that actions by the government will lead Twitter to suspend her in the future.  "The mere power to reenact a challenged policy is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists.  Rather, there must be evidence indicating that the challenged policy likely will be reenacted." *Brach*, 38 F.4th at 14 (9th Cir.) (internal citation and alterations omitted).  As explained, the amnesty that led to Wolf's reinstatement plainly reflected a new policy by new management, and Wolf has offered only vague speculation to support her "belief" that Twitter is restricting her account "at the direction of government officials." *See* Wolf Br. at 4.

## II. NO CAUSE OF ACTION PERMITS WOLF TO PURSUE DAMAGES FOR PURPORTED FIRST AMENDMENT VIOLATIONS

Wolf's primary contention is that her First Amendment claim is not moot because she also sought to recover damages for the alleged violation of her constitutional rights as a result of influence by federal officials over Twitter's decisions. *See* Wolf Br. 2-3; *see also* Am. Compl. at 56.  Although Wolf's demand for damages is not moot, that cannot preserve a live controversy here.  No statute authorizes Wolf to pursue damages for such alleged violations of her constitutional rights.  Any claim for damages must instead rely on an implied caused of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  But intervening decisions from the U.S. Supreme Court and the Ninth Circuit make clear that Wolf cannot rely on *Bivens* to recover damages against Twitter. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (affirming dismissal when a plaintiff's claim for injunctive relief was moot and he was not entitled to damages).

*Bivens* impliedly created a "cause of action under the Fourth Amendment" for damages against certain federal officers.  403 U.S. at 397.  At the time Twitter filed its motion to dismiss the claims in this case, the Ninth Circuit had extended *Bivens* to similarly fashion a damages remedy under the First Amendment. *See Boule v. Egbert*, 998 F.3d 370 (9th Cir. 2021), *rev'd*, 142 S. Ct. 1793 (2022).  In *Egbert v. Boule*, however, the Supreme Court reversed the Ninth Circuit and held for the first time that there is no *Bivens* cause of action for First Amendment claims. *See* 142 S. Ct. at 1797. *Egbert* thus bars Wolf from relying on *Bivens* to pursue damages on her First Amendment claim.  Further, the Supreme Court's decision in *Correctional Servs. Corp. v. Malesko* establishes that no *Bivens* claim can be asserted against a private

"corporate defendant" like Twitter. *See* 534 U.S. 61, 71 (2001). Applying these two cases, the Ninth Circuit recently held that *Egbert* and *Malesko* "foreclose" a plaintiff from seeking damages against Google and YouTube for alleged First Amendment violations similar to the theory advanced by Wolf here. *Doe v. Google LLC*, No. 21-16934, 2022 WL 17077497, at *3 (9th Cir. Nov. 18, 2022). Wolf's demand for damages is likewise foreclosed.

Twitter did not challenge Wolf's reliance on *Bivens* in its original motion to dismiss or in response to Wolf's motion for indicative ruling because when Twitter filed those submissions Wolf's demand for injunctive relief was not moot, and ordinarily a motion to dismiss can be granted only where a plaintiff is entitled to no forms of relief on that claim. *See Hernandez v. Cnty. of Monterey*, 70 F. Supp. 3d 963, 969 (N.D. Cal. 2014) ("A court may dismiss a claim only if it is clear that no relief could be granted.") (internal quotation marks and citation omitted). Now, with damages being the only non-moot remedy that Wolf seeks, the unavailability of any *Bivens* remedy serves as an independently sufficient basis for dismissal. Moreover, it would make little sense for this Court or the Ninth Circuit to continue adjudicating the merits of Wolf's First Amendment claim when the claim is clearly doomed to fail under *Egbert*, *Malesko*, and *Doe*. Because Wolf lacks any cause of action to pursue her only remaining form of relief—damages—this Court should deny her motion for an indicative ruling. S*ee Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) (Rule 60(b) motion based on newly discovered evidence should only be granted when the evidence would have been "likely to change the disposition of the case").

## CONCLUSION

Wolf's claims for injunctive relief are moot, and she lacks a cause of action to pursue damages against Twitter. This Court should thus deny Wolf's motion for an indicative ruling.

| | |
|---|---|
| Dated: January 27, 2023 | Respectfully submitted, |

/s/ *Ari Holtzblatt*
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

FELICIA H. ELLSWORTH (*pro hac vice*)
felicia.ellsworth@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-6000

THOMAS G. SPRANKLING
CA Bar No. 294831
thomas.sprankling@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6062
Facsimile: (650) 858-6100

*Attorneys for Defendants Twitter, Inc.
  and Jack Dorsey*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023 I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of these filings to all registered counsel.

Dated:   January 27, 2023                    By:   /s/  *Ari Holtzblatt*
                                                                ARI HOLTZBLATT