UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. TRUMP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER INC., et al., <br><br> Defendants. | Case No. 3:21-cv-08378-JD <br><br> **ORDER RE RULE 60(b) MOTION** |

In July 2021, plaintiff Naomi Wolf joined former President Donald J. Trump and others in a lawsuit alleging that Twitter had "de-platformed" and "censored" them. *See* Dkt. No. 21 ¶¶ 8, 18. Plaintiffs' main theory was that Twitter suspended their accounts in response to pressure from members of Congress, and so was liable for a First Amendment claim under the state-action doctrine. *See Trump v. Twitter Inc.*, 602 F. Supp. 3d 1213, 1218 (N.D. Cal. 2022); Dkt. No. 165 at 4-5. Wolf said that she had "over 146,000 followers" when Twitter suspended her account in June 2021 for "vaccine misinformation." Dkt. No. 21 ¶¶ 157, 159, 162; *see also* Dkt. No. 189-1 ¶ 2.

In response to Twitter's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court concluded that the complaint fell well short of plausibly alleging that the state-action doctrine applied to Twitter. *See* Dkt. No. 165. Plaintiffs' ancillary claims were also found to be factually inadequate. The complaint was dismissed with leave to amend. *Id.* at 17. Plaintiffs freely elected not to file an amended complaint, and judgment was entered against them. Dkt. No. 168.[1]

In June 2022, plaintiffs filed an appeal in the Ninth Circuit, which is pending. Dkt. No. 169. In August 2022, Wolf asked the Court under Federal Rule of Civil Procedure 62.1 to provide

---

[1] Wolf's statement that the "Court dismissed this case without leave to amend," Dkt. No. 176 at 4, is incorrect.

an "indicative ruling" with respect to a motion for relief from judgment under Rule 60(b)(2) on the basis of what is said to be newly discovered evidence about government pressure on Twitter. Dkt. No. 176. A few months later, Twitter was acquired by Elon Musk, who made a number of widely publicized changes that reversed prior limitations on users and content. The Court on its own motion directed Wolf to show cause why her First Amendment claim was not moot and was still a live controversy in light of this dramatic intervening event. Dkt. No. 185; *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 n.1 (9th Cir. 2016) (in evaluating how to resolve a motion under Rule 62.1, "the district court is free to consider new evidence at its discretion"). Wolf filed a response, Dkt. No. 186, and Twitter expressed its views, Dkt. No. 189.

The record establishes that Wolf has been restored as an active Twitter account holder without any of the challenged limitations on her tweets. Consequently, Wolf's First Amendment claim is moot, and the Court denies the Rule 60(b) motion on that ground. *See* Fed. R. Civ. P. 62.1(a)(2); *see also NewGen*, 840 F.3d at 612 n.1; *Out of the Box Enters., LLC v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017) (unpublished).

## BACKGROUND

The heart of this lawsuit was plaintiffs' demand that Twitter restore their accounts and not interfere with their content. Plaintiffs sued for an "injunction and declaratory judgment ordering Twitter" to (1) "immediately reinstate [their] Twitter accounts," (2) "remove its warning labels and misclassification of all [their] content," and (3) "desist from any further warnings or classifications." Dkt. No. 21 at ECF p. 56.[2]

In October 2022, approximately 15 months after plaintiffs filed the complaint, the situation at Twitter changed radically. Twitter was acquired by X Holdings I, Inc., a company owned and controlled by Elon Musk. Musk announced a "general amnesty" for suspended users, which resulted in the restoration of Wolf's account, among others, in December 2022. *See* Dkt. No. 189-1 ¶ 3. Twitter also announced in November 2022 that "it is no longer enforcing the COVID-19 misleading information policy," which Wolf said in the complaint was the reason her account had

---

[2] Plaintiffs requested additional injunctive relief under Florida law that is not germane here. *See* Dkt. No. 21 ¶¶ 220, 233.

1   been suspended.  Dkt. No. 189-5 at ECF p. 2; Dkt. No. 189 at 1.  Twitter represents that, since the
2   restoration of Wolf's account, Twitter "has affixed no labels to Wolf's Tweets," Dkt. No. 189 at 2,
3   and "has not enforced any of its content moderation policies against her account," Dkt. No. 189-1
4   ¶ 3.
5       Wolf acknowledges that "Mr. Musk has made many changes to Twitter's policies."  Dkt.
6   No. 186-1 ¶ 2 (Wolf declaration).  The record indicates that she has resumed active tweeting on
7   her account.  Twitter proffered recent screenshots of Wolf's account that showed a variety of posts
8   on topics ranging from vaccines and "Big Pharma" to political events in Spain.  *See* Dkt. No. 189-
9   4.

## DISCUSSION

As these developments indicate, there is no longer a live controversy for purposes of Article III jurisdiction with respect to Wolf's First Amendment claim.  Article III requires that "an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)); *see also Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.").  "A case becomes moot -- and therefore no longer a 'Case' or 'Controversy' for purposes of Article III -- 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).  Mootness is evaluated for "each form of relief sought."  *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013); *see also Martinez v. Newsom*, 46 F.4th 965, 972 (9th Cir. 2022).

On the record before the Court, there is no doubt that Wolf's First Amendment claim for an injunction restoring her Twitter account is moot.  "A request for injunctive relief remains live only so long as there is some present harm to enjoin."  *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (internal quotations and citation omitted).  Such harm is not in evidence here.  Twitter has restored Wolf's account and she is currently tweeting with vigor and frequency.  Twitter has renounced content moderation of her posts, specifically with respect to

3

vaccine information. In effect, Wolf has obtained all the injunctive relief she asked for in the complaint, even though the Court concluded that the First Amendment claim against Twitter was not plausible. There is no other meaningful relief the Court might have ordered.

Wolf's rather halfhearted arguments against mootness are not well taken. She makes a cursory reference to the voluntary cessation exception, which holds that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already*, 568 U.S. at 91. The exception addresses the concern that "a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) (en banc) (internal quotations and citation omitted).

The problem for Wolf is that this concern does not apply here. Nothing in the record indicates that Twitter restored her account and changed its moderation policies in response to this litigation. The changes happened only after a new owner acquired Twitter and publicly announced new policies for users and content. This is not a situation where a wrongdoer sought to evade judgment day with an expedient change of conduct. It also bears mention that Twitter obtained a dismissal of the complaint and was not staring down the barrel of an adverse outcome. In these circumstances, an application of the voluntary cessation exception is unwarranted. *See Pub. Utils. Comm'n v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996) ("[F]or this exception to apply, the defendant's voluntary cessation must have arisen *because of* the litigation.") (emphasis in original) (citation omitted); *see also Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998).

Twitter has also demonstrated that the changes are not transient. Twitter describes them as part and parcel of a fundamentally "different business vision articulated by the company's new ownership." Dkt. No. 189 at 3. Wolf has not shown otherwise, and her account has remained active and moderation-free since it was restored some months ago.

Wolf's passing mention of another mootness exception is unavailing for the same reasons. Wolf says her claim is capable of repetition, yet evading review, and so should be deemed to be live. This exception to mootness "is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Brach*, 38 F.4th at 15 (internal

4

quotations and citation omitted). The factors that foreclosed the voluntary cessation exception apply here to the same end.

Wolf's suggestion that mootness is barred because she has requested damages is also misdirected. Wolf says that she "lost over half of her business model, investors in her business, and other sources of income." Dkt. No. 21 ¶ 167. But the only claim for which Wolf seeks relief under Rule 60(b) is the First Amendment claim. *See* Dkt. No. 176 at 3. Even assuming just for present purposes that Wolf had shown that "Twitter was in effect operating as the [federal] government under the 'state-action doctrine,'" *Trump*, 602 F. Supp. 3d at 1218, there is no legal basis for damages against Twitter. The Supreme Court has foreclosed an implied cause of action for damages against a private corporation for First Amendment violations. *See Egbert v. Boule*, 142 S. Ct. 1793, 1807-09 (2022); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *see also Doe v. Google LLC*, No. 21-16934, 2022 WL 17077497, at *3 (9th Cir. Nov. 18, 2022) (unpublished) ("Combined, *Malesko* and *Egbert* foreclose Appellants' effort to assert a First Amendment claim against Google and YouTube. The claim is either barred by *Malesko* or would appear to expand *Bivens* contrary to the spirit of *Egbert*.").

## CONCLUSION

Wolf has nothing live in the way of a First Amendment claim against Twitter. The ostensible new evidence she proffers does not point to a different conclusion. The evidence involves events that happened before Twitter changed hands, reinstated her account, and ended the COVID-19 content moderation policy. *See* Dkt. Nos. 177, 180, 183. Like the allegations in the complaint, this evidence has been overtaken by developments. It does not change the mootness analysis in any way. The motion under Rule 60(b) is denied.

**IT IS SO ORDERED.**

Dated: February 14, 2023

JAMES DONATO
United States District Judge