JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
FERGUSON COHEN LLP
25 Field Point Road
Greenwich, CT 06830
Tel: (203) 661-1197
Email: jqkelly@fercolaw.com

MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: mjones@ibolaw.com
Email: rtougias@ibolaw.com

ANDREI D. POPOVICI (SBN 234820)
MARIE L. FIALA (SBN 79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd. Suite 290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Email: andrei@apatent.com
Email: marie@apatent.com

FRANK C. DUDENHEFER, JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM, LLC
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

RICHARD POLK LAWSON *(pro hac vice)*
GARDNER BREWER HUDSON
400 North Ashley Drive
Suite 1100
Tampa, FL 33602
Telephone: (813) 221-9600
Email: rlawson@gardnerbrewer.com

*Attorneys for Plaintiffs Donald J. Trump, American Conservative Union, Rafael Barbosa, Linda Cuadros, Dominick Latella, and Wayne Allyn Root*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD J. TRUMP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER, INC. et al., <br><br> Defendants. | Case No: 21-cv-08378-JD <br><br> **PLAINTIFFS' MOTION FOR INDICATIVE RULING** <br><br> Hon. James Donato <br> Courtroom: 11, 19th Floor <br> Hearing Date: June 22, 2023 <br> Time: 10:00 A.M. |

PLEASE TAKE NOTICE THAT on June 22, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable James Donato, Courtroom 11, 19th floor of the United States District Court, Northern District of California, San Francisco Division, this Motion for Indicative Ruling will be heard.

Pursuant to Fed. R. Civ. P. 62.1, Plaintiffs Donald J. Trump, American Conservative Union, Rafael Barbosa, Linda Cuadros, Dominick Latella, and Wayne Allyn Root ("Plaintiffs") request that the Court indicate that it would grant Plaintiffs' Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(2), attached hereto as Exhibit 1, if the Court of Appeals were to remand the case for this purpose.

## I. INTRODUCTION

In a truly unique turn of events, after prevailing on its motion to dismiss ("Motion to Dismiss"), Defendant Twitter was acquired by Elon Musk, who promptly opened up Twitter's records for review and publication by journalists ("Twitter Files"). In addition to the Twitter Files, and also post-dating the entry of the judgment entered by this Court on June 7, 2022 ("Judgment"), the FBI's liaison with the social media industry, Agent Elvis Chan, was deposed in an action brought by the Attorneys General of Louisiana and Missouri. Combined, the Twitter Files and Chan deposition confirm the core allegation in the First Amended Complaint ("FAC") that Twitter unlawfully took adverse action against the Plaintiffs in collaboration with, and as a result of coercion from, agents of the federal government, rather than (as it claimed) for violation of its Terms of Service ("TOS"). These events occurred after Plaintiffs had filed a Notice of Appeal, divesting this Court of jurisdiction; that appeal is still pending. Notice of Appeal, 1, ECF 169. Plaintiffs are therefore unable to file a motion pursuant to Rule 60(b)(2) within the one-year time allowed by Rule 60(c)(1). *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (time for filing 60(b) motion not tolled by pendency of an appeal). Accordingly, Plaintiffs, follow the process mandated by the Ninth Circuit in *Williams v. Woodford,* 384 F.3d 567, 586 (9th Cir. 2004) by filing a motion pursuant to Federal Rule of Civil Procedure 62.1(a)(3) ("Rule 62"), requesting that this Court make an indicative ruling stating that it is willing to consider a motion for relief from the Judgment pursuant to Rule 60(b)(1). Such a motion is attached to this motion.

PLAINTIFFS' MOTION FOR INDICATIVE RULING—1        Case No: 21-cv-08378-JD

1  Exhibit 1.

2  Federal Rule of Civil Procedure 60(b)(2) authorizes this Court to grant relief from a final
3  judgment based on "newly discovered evidence that, with reasonable diligence, could not have
4  been discovered in time to move for a new trial under Rule 59(b)." Neither the Twitter Files nor
5  the evidence disclosed in the Chan deposition could have been uncovered through reasonable
6  diligence prior to the entry of the Judgment.

7  If the Court were to issue an indicative ruling pursuant to Rule 62, and jurisdiction were
8  returned to this Court to rule substantively on the attached Rule 60 motion, the Plaintiffs would
9  seek to file a Second Amended Complaint incorporating these new facts.

10  The Rule 60 motion speaks to key points addressed by the Court in its order on the
11  Motion to Dismiss ("Order"). Specifically, a key concern raised by the Court was that Twitter, as
12  a private actor, would not typically be covered by the First Amendment. Order, Dkt. 165, P. 3.
13  The Court emphasized that the ultimate determination rests on whether the Plaintiffs alleged a
14  sufficient nexus showing that the actions of the Defendants can be deemed actions of the
15  government. *Id.* The newly discovered evidence shows that members of the executive and
16  legislative branches, working in cooperation with each other, pressured and urged the Defendants
17  to censor disfavored speakers such as the Plaintiffs, and that as a result Plaintiffs' First
18  Amendment rights were violated.

19  **II.  ORIGIN OF THE NEW EVIDENCE**

20  In October of 2022, after the entry of this Court's Judgment, Twitter was acquired by Elon
21  Musk. Shortly thereafter, Mr. Musk invited several journalists to review Twitter's internal
22  records. Allowing these journalists to search for evidence that Twitter censored content that was
23  otherwise compliant with Twitter's "TOS", the journalists disclosed their findings in a series of
24  posts on Twitter collectively known as the Twitter Files. As set out in the attached Rule 60
25  motion, the Twitter Files confirm Plaintiffs' allegations that Twitter engaged in a widespread
26  censorship campaign that not only violated the TOS but, as much of the censorship was the result
27  of unlawful government influence, violated the First Amendment.

28  The Twitter Files show that the FBI and other federal agencies, the White House, leading

members of Congress, and congressional staff collaborated with and pressured Twitter to remove politically disfavored content. The information contained in the Twitter Files is corroborated by evidence obtained by the Attorneys General of Missouri and Louisiana. The deposition of the lead FBI agent assigned to work with social media companies, Elvis Chan, was taken in November 2022 in Missouri, et al., v. Biden, et al., 22-CV-1213 (WD LA). Chan testified that law enforcement regularly met with social media companies and forwarded lists of Twitter accounts that law enforcement believed posted content in violation of the TOS. Chan also stated that the FBI and the congressional committee staff members coordinated their oversight of social media companies.

### III. THE NEWLY DISCOVERED EVIDENCE DOES NOT PREJUDICE THE DEFENDANT

In addition to the statements of the elected officials identified in the complaint, the Twitter Files and Chan deposition reveal massive government influence on Twitter, and all of this was known to Twitter at the time the action was filed and at the time of briefing for the Motion to Dismiss.

For at least a year prior to the 2020 presidential election FBI agents and congressional staffers had been pressuring Twitter to censor disfavored content. This fact was unknown, and unknowable, to the Plaintiffs at the time the FAC was filed and the Motion to Dismiss was briefed. However, as demonstrated by the Twitter Files, the Defendants were all too aware of this concerted pressure from members of both the executive and legislative branches.

While detailed more fully in the attached Rule 60 motion, some of the pressure Twitter faced included:

- The FBI and other agencies sent lists of User accounts that law enforcement believed were publishing content in violation of the Twitter TOS, (Exhibit 1, pg. 10-11);
- Twitter officials understood that these lists were assembled, in part, by dedicated FBI teams, "in the Baltimore field office and at [FBI] HQ . . . doing keyword searches for violations [of the TOS]," (Exhibit 1, pg. 12); and,
- In December 2022, Twitter's Head of U.S. Public Policy drafted a summary of the

company's meetings with the Biden White House describing how "the Biden Team was not satisfied with Twitter's enforcement approach, as they wanted Twitter to do more and to deplatform several accounts," further describing the team as "very angry in nature," (Exhibit 1, pg. 16).

Moreover, after publication of the Twitter Files, Defendant Dorsey issued a statement which stated in part that social media companies must on principle, "be resilient to . . . government control," and that, "Twitter when I led it . . . [did] not meet . . . [that] principle" (Exhibit 1, pg. 18). This is an admission from one of the Defendants that Twitter acted under "government control." Additionally, Twitter made the issue of compliance with the Terms of Service central to its Motion to Dismiss; in fact, the very first sentence in Twitter's argument is that the "Plaintiffs – like all Twitter account holders – agreed to abide by Twitter's Rules, and yet proceeded to repeatedly violate those Rules." Dkt. 138, page 1, lines 11-12. Nevertheless, the Twitter Files reveal that the Plaintiffs' content in fact *did comply* with the TOS, and that their content was censored as part of a larger scheme of government pressure.

## IV.   THE MATTER IS NOT MOOT AND RELIEF FROM JUDGMENT IS APPROPRIATE

This Court's Order on the related motion filed by co-plaintiff Naomi Wolf holds that that case is moot because Twitter had reinstated Wolf's account. Order Re: Rule 60(b) Mot., 5, Dkt. 190. That is not the case as to Plaintiffs Latella[1] and Barbosa,[2] whose accounts were not reinstated, so as to them the motion for an indicative ruling and 60(b) motion unquestionably present a live controversy.

Nor is the case moot as to the remaining Plaintiffs. A party asserting mootness bears the "formidable burden" of establishing this element. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). *See also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *Brach v. Newsom*, 6 F.4th 904, 919 (9th Cir. 2021); *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). Mere voluntary cessation of the offending conduct is

---

[1] https://twitter.com/dljrmia
[2] https://twitter.com/RB18

PLAINTIFFS' MOTION FOR INDICATIVE RULING—4                               Case No: 21-cv-08378-JD

not enough. *Friends of the Earth,* 528 F.2d at 189 ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.") (internal quotation marks omitted).  The Supreme Court has held that a defendant satisfies this heavy burden when, for example, it enters into an "unconditional and irrevocable" agreement that prohibits it from returning to the challenged conduct. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 93 (2013); *see also Am. Diabetes Ass'n v. United States Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019) ("defendant may satisfy this heavy burden by persuading court that "the change in its behavior is '**entrenched**' or '**permanent**.'") (citing *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018)) (emphasis added).  Defendants have not alleged any agreement not to repeat their wrongful conduct, much less an irrevocable one.  Indeed, nothing precludes them from permanently suspending Plaintiffs' accounts anytime Mr. Musk, or whoever owns Twitter in the future, chooses to do so.

## V. CONCLUSION

The Twitter Files and Chan deposition support the claims alleged in the FAC and address the issues raised in the Court's Order.  The facts were not discoverable prior to entry of the Judgment and, had they been presented to the Court, the volume of unlawful activity would have led this Court to deny the Motion to Dismiss.  Accordingly, Plaintiffs respectfully submit that these dramatic developments entitle them to relief from Judgment, and that the Court allow the Plaintiffs to file an amended complaint incorporating these new allegations.

Dated: May 3, 2023           Respectfully submitted,

RICHARD POLK LAWSON *(pro hac vice)*
GARDNER BREWER HUDSON

By:     */s/ Richard Polk Lawson*
            Richard Polk Lawson

ANDREI D. POPOVICI (SBN 234820)
MARIE L. FIALA (SBN 79676)
LAW OFFICE OF ANDREI D. POPOVICI, P.C.
2121 North California Blvd. Suite 290
Walnut Creek, CA 94596
Telephone: (650) 530-9989
Email: andrei@apatent.com
Email: marie@apatent.com

JOHN P. COALE *(pro hac vice)*
2901 Fessenden Street NW
Washington, DC 20008
Telephone: (202) 255-2096
Email: johnpcoale@aol.com

JOHN Q. KELLY *(pro hac vice)*
FERGUSON COHEN LLP
25 Field Point Road
Greenwich, CT 06830
Tel: (203) 661-1197
Email: jqkelly@fercolaw.com

MICHAEL J. JONES *(pro hac vice)*
RYAN TOUGIAS *(pro hac vice)*
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: mjones@ibolaw.com
Email: rtougias@ibolaw.com

FRANK C. DUDENHEFER, JR. *(pro hac vice)*
THE DUDENHEFER LAW FIRM, LLC
2721 Saint Charles Avenue, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226
Email: fcdlaw@aol.com

*Attorneys for Plaintiffs Donald J. Trump, American Conservative Union, Rafael Barbosa, Linda Cuadros, Dominick Latella, and Wayne Allyn Root*

**ATTORNEY ATTESTATION**

I, Andrei D. Popovici, am the ECF user whose user ID and password are being used to file these documents, including Plaintiffs' Motion for Indicative Ruling. Pursuant to N.D. Cal. Civil L.R. 5-1(h)(3), I attest that concurrence in the filing of these documents has been obtained from each of the other signatories.

Dated: May 3, 2023    /s/ *Andrei D. Popovici*
                      Andrei D. Popovici